# **EXHIBIT 1**

```
          OAGBTROC
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   JOCELYN TROELL, et al,
 4                Plaintiffs,
 5           v.                              24 Civ. 7136 (JSR)
 6   BINANCE HOLDINGS LIMITED, et
     al,
 7
                 Defendants.
 8                                           Conference
     ------------------------------x
 9                                           New York, N.Y.
                                             October 16, 2024
10                                           11:00 a.m.
11   Before:
12                      HON. JED S. RAKOFF,
13                                           District Judge
14                           APPEARANCES
15   SPARACINO PLLC
          Attorneys for Plaintiffs
16   BY:  RYAN R. SPARACINO
          GEOFFREY P. EATON
17        ADAM GOLDSTEIN
     CAHILL GORDON & REINDEL, LLP
18        Attorneys for Defendants
     BY:  ANIRUDH BANSAL
19        SESI V. GARIMELLA
20
21
22
23
24
25
```

OAGBTROC

1   THE COURT:  This is Judge Rakoff.  Will counsel please
2  identify themselves.
3   MR. EATON:  This is Geoffrey Eaton for the plaintiff.
4  With me are my colleagues Ryan Sparacino and Adam Goldstein.
5   MR. BANSAL:  Good morning, your Honor.  This is
6  Anirudh Bansal at Cahill Gordon & Reindel for the defendant
7  Binance Holdings Limited.  And, Judge, my partner Sesi Garimella
8  was in my office.  But when we were instructed that we should
9  use the handset instead of speaker phone, she just ran back to
10 her office and is going to dial in momentarily, but we should
11 proceed because I'm the only one who expects to speak for our
12 side.
13  THE COURT:  Very good.  So, first, Judge Koeltl and I
14 independently examined yesterday the telephonic request that
15 was made to have this case deemed a related case to a case
16 before Judge Koeltl.  We both independently agreed that it is
17 not a related case under the local rules, and that therefore
18 this case will proceed before me.  So, second, thank you for
19 your replies, proposed case management plan.
20  And there's a lot of it that I think is acceptable,
21 but I guess my first question is, as I understand the cover
22 letter for Mr. Goldstein, it was unclear whether the defendants
23 were agreeing to proceed through a Bellwether trial or not.  So
24 what's the story there?
25  MR. BANSAL:  Judge, this is Anirudh Bansal for BHL.

OAGBTROC

The issue of a Bellwether trial was first raised with us last night. I believe it was after 11 p.m. I tried to this morning consider what the ramification of that might be. Naturally, I have not been able to speak to my client about that. I would just request a little additional time to consider the ramifications of that before I'm asked to take a position if the Court's amendable to that.

        THE COURT:  Well, I'm amendable to that, but then we need to proceed for today's purposes on the assumption that it may or may not be a Bellwether trial. Because I want to get this case, as I've made clear from day one, through no fault of any counsel when this case was transferred to me was already several years old. And that is unacceptable and we need to get this case fully decided. You've convinced me that the initial proposed case management date is too short given the international complexities of discovery in this case. But while that has convinced me that sometime more than I had originally proposed is acceptable to the Court, nothing like the date that you proposed in your next most recent letter is acceptable. This case is not going to be subject to that kind of delay, not a case this old.

        So let's go through the case management plan. And if it turns out that you both agree to a Bellwether trial, that's fine, and we can make modifications in the order of discovery accordingly or whatever. But for now, I'll assume no

OAGBTROC

1  Bellwether trial.  So the new proposed date for the trial ready
2  or for ready for trial date instead of March 17th is June 20th,
3  that is acceptable to the Court.  Then we have defendant's
4  filing its motion to dismiss on November 8th, et cetera. why do
5  you need till November 8th?
6          MR. BANSAL:  Your Honor, we just came into --
7  obviously we just appeared.  It's a very lengthy complaint.  We
8  felt like in light of the amount of, number of allegations that
9  would be a reasonable timeframe.  Naturally we will conform to
10 any schedule the Court sets.
11         THE COURT:  Well, I appreciate that you've just come
12 into the case.  On the other hand, we're talking about a firm
13 very expert and large that has a long history of proceeding
14 with expedition, and I wouldn't want to have that reputation
15 damaged in any way.  So why don't we say that the motion to
16 dismiss will be filed on or before November 1st.
17         And then going to plaintiff's counsel.  Is there some
18 reason you need more than two weeks to respond?
19         MR. EATON:  Your Honor, Geoffrey Eaton for the
20 plaintiffs.  It was our view similar to the defendants' view,
21 your Honor, that it's because of the complexity of the
22 complaint and the case generally that we thought it was
23 appropriate to give them an additional week and to take similar
24 time for ourselves.  If they aren't going to get one, then
25 we're not in a position to ask for extra time either I don't

OAGBTROC

1  think.

2        THE COURT:  That seems reasonable.  So then opposition
3  November 15th, reply November 22nd, and we'll have oral
4  argument.  Now we do run into Thanksgiving.  What day is
5  Thanksgiving, Linda?

6        THE DEPUTY CLERK:  Thursday the 28th.  The courthouse
7  is also closed on the 29th.

8        THE COURT:  Okay.  So why don't we have oral
9  argument -- do we have anything on the morning of the 27th?

10       THE DEPUTY CLERK:  The morning on the 27th you're
11  sitting on the Second Circuit.

12       THE COURT:  Oh, yes.  That's right.  How about the
13  afternoon?

14       THE DEPUTY CLERK:  Of the 27th?

15       THE COURT:  Right.

16       THE DEPUTY CLERK:  Nothing else on that day just the
17  Second Circuit.

18       THE COURT:  Why don't we say 2 p.m. on the 27th.

19       MR. GOLDSTEIN:  Your Honor, this is Adam Goldstein for
20  the plaintiffs.  I wanted to ask if we have the leave to amend
21  the complaint as of right, sometime after Binance files its
22  motion to dismiss. And if we do that, how does your Honor
23  envision that would affect the motion to dismiss schedule or
24  any hearing on a motion to dismiss?

25       THE COURT:  Well, that's true, but are you planning to

OAGBTROC

1  amend?

2          MR. GOLDSTEIN:  We are planning to amend.  And while
3  we were doing that, we would likely attempt to address
4  arguments that by motion to dismiss to the extent that they are
5  addressable by supplementing allegation.  And so if we were to
6  do that, that might have affect on that motion.

7          THE COURT:  Well, I think the point is this:  If you
8  amend after the motion has been filed, then my practice at that
9  point usually is to convene a telephone call.  And if the
10 moving party, the defendant, wants to file a supplemental brief
11 addressing the changes, I'll allow that and then a response as
12 well.  So I think the only thing that I mean that may affect
13 the dates -- it may not.

14         It depends when you amend, and if you amend, so I
15 recognize that these dates may get slightly changed.  But I
16 think we should leave them for now since we don't know; number
17 one, if you're going to amend; and number two, when you're
18 going to amend.  Now if you amend after oral argument, you're
19 only going to be able to do that with permission of the Court
20 which may not be granted.

21         MR. GOLDSTEIN:  Understood, your Honor.  It sounds
22 perfectly reasonable to us.

23         THE COURT:  All right.  Very good.  So let's put oral
24 argument for the moment down for November 27th, at 2 p.m. Since
25 I will be sitting that morning on the Second Circuit this will

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

OAGBTROC

1 be a welcome relief.

2 Let's see, joinder of additional parties. Does anyone
3 expect additional parties?

4 MR. GOLDSTEIN: Your Honor, Adam Goldstein on behalf
5 of plaintiffs. We may amend to include additional plaintiffs
6 and possibly one or two additional defendants.

7 THE COURT: All right. I'm going to decide even if
8 there is an amendment -- well, joinder of additional parties I
9 think must be accomplished, you have it at November 29th. I'll
10 leave that as is, but that's a firm date. Now amended
11 pleadings may be filed without leave from Court. I'll leave
12 that at November 29th as well. But I expect if it's going to
13 effect, it's going to be a response to motion to dismiss,
14 you'll do it sooner than November 29.

15 Then there's a provision, parties must agree on a set
16 of Bellwether plaintiffs or et cetera, so that's moot at the
17 moment, but I'm anxious to get that resolved when you guys are
18 ready to resolve it.

19 MR. SPARACINO: Your Honor, this is Ryan Sparacino. I
20 apologize. I just want to make sure that we have clarity as to
21 one calendar point. In the highly likely, but of course not
22 guaranteed, scenario that we amend the complaint after they
23 file the motion to dismiss, is it your Honor's order that we
24 must still also file our opposition to their motion to dismiss
25 at the same time or --

OAGBTROC

1           THE COURT:  No.  What I thought I made clear -- and
2    really this is going to depend on you.  If after they file
3    their motion to dismiss, you amend before your opposition
4    papers are due, and at that point you'll jointly call in; and
5    we'll readjust those dates.  If you only amend after your
6    opposition is due, then you're going to have to file your
7    opposition because there'll be no reason not to file it.  So
8    it's all in your hands.
9           And my strong suggestion is -- and if you plan to
10   amend -- you do it sometime between November 2nd and November
11   14th and then call and we'll readjust those dates.  Okay.
12          MR. SPARACINO:  Thank you, your Honor.  I appreciate
13   that.  Thank you.
14          THE COURT:  All right.  Discovery.  I'm not quite
15   sure.  You've really rewritten what's in my normal plan.
16   You're limiting it to plaintiff's first request for documents
17   to a party, but then you say BHL's first request for documents
18   to a Bellwether plaintiff must be served three weeks later, two
19   and a half weeks later.  I don't understand that as well.  My
20   guess, correct me if I'm wrong, is right this second both of
21   you know some documents you want from the other side.  And you
22   could probably file your first request, which doesn't preclude
23   any other request, tomorrow; but obviously I'm planning to give
24   you until after the motion to dismiss is argued.  So I was
25   gonna say that both sides must file their first request for

OAGBTROC

documents on December 2nd.  And since you won't have to respond for 30 days, you will have for sure my ruling on the motion to dismiss well before your time to respond.  So if that affects the scope of any request, you'll already have that. And dido with respect to the limited interrogatories under Rule 33.3(a), again December 2nd.  Now I like something you had which is no Rule 33 interrogatories must be served with respect to disclosures automatically required by the federal rules.  But if you look carefully at Rule 33, they're not exactly identical, so bear that in mind.

Experts.  Your proposed dates of March 24th and April 21st are acceptable.  All depositions to be completed by May 9th is acceptable.  Request to admit March 21st, your proposed date is acceptable.  All discovery to be completed by May 9th is acceptable.  Summary judgment May 20th, June 9th, and June 19th, that's all acceptable.  And we'll have a final pretrial conference as well as oral argument on any summary judgment motion on -- Linda, let's take a look at June 26

THE DEPUTY CLERK:  June 26, a Thursday any time you like.

THE COURT:  Okay.  4 p.m. on June 26.  So I think that covers everything we need to cover today.  The big open item is Bellwether.  And when defendants have made a decision on that, please give me another call.  We'll make any adjustments we need to make at that time.  If there is no agreement to that,

OAGBTROC

1  we'll just proceed on a current case management plan.  And then
2  if the amended motion -- excuse me, the amended complaint is
3  filed after the motion to dismiss is filed, again jointly call
4  and we'll adjust those dates accordingly. All right.  Anything
5  else we need to take up today?
6         MR. GOLDSTEIN:  Your Honor, this is Adam Goldstein
7  from Sparacino on behalf of plaintiffs.  I just want to let the
8  Court know that I sent shortly after this conference started an
9  email that contains the same revised draft case management
10 order, but it omitted the Bellwether references, which the
11 parties will still continue to discuss.  So if your Honor you
12 want to work from that version, that will be fine.
13        THE COURT:  Okay.  Fine.  I may do that, or I just may
14 do a clean version.  It might be easier to do a clean version
15 adding, for example, the oral argument date and things like
16 that.  But thank you for doing that.  Much appreciated.
17        Anything else?
18        MR. SPARACINO:  Your Honor, this is Ryan Sparacino
19 from Sparacino for the plaintiffs.  One other housekeeping item
20 which is down the road if the case proceeds that far where our
21 clients are in the courtroom and the like, there will likely be
22 some significant acceptability related accommodations that
23 we'll seek to work out with BHL and with the Court concerning
24 wheelchair access, overflow rooms with dimmer lights because of
25 traumatic brain injury and the like.  I couldn't find any

OAGBTROC

1    guidance on the court's website about the process for handling
2    that. My assumption is that we should just meet and confer
3    analogous to any other issue, but if there's any specific item
4    the Court would direct us to, we would appreciate it.
5         THE COURT: Well, in a moment of wisdom, I've long ago
6    concluded that all of that should be worked out between you and
7    my courtroom deputy Ms. Kotowski who is Solomonic in all
8    respects, so just call her when you have those problems. Okay.
9         THE DEPUTY CLERK: May I please add -- it's Linda --
10   that if I might have three business days heads up for that.
11        MR. SPARACINO: Of course. We'll do a lot better than
12   that.
13        THE DEPUTY CLERK: Excellent. Thank you very much.
14        THE COURT: All right. Very good.
15        MR. BANSAL: Your Honor, I apologize. This is Anirudh
16   Bansal. I don't mean to interrupt you. I just wanted to put
17   two things into the record for the Court. We are filing and
18   tried to filing this morning. We're having ECF problems with
19   our Local Civil Rule 7.1 Corporate Disclosure statement, but I
20   expect that will be ironed out very quickly.
21        Secondly, I think the Court meant when the Court said
22   that the matter had been pending for I think it was years. The
23   case is obviously filed on September 20. I'm not suggesting
24   that that's not relevant. I'm assume the Court meant weeks
25   rather years. I just wanted the record to be clear and make

```
     OAGBTROC
1    sure there's no misunderstanding.
2             THE COURT:  Actually, thank you for that correction.
3    It just seems like years to me.  Thanks a lot.  Bye-bye.
4             (Adjourned)
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```