UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOCELYN TROELL, individually, and for the estate of STEPHEN TROELL, et al.,<br><br>Plaintiffs,<br><br>-v-<br><br>BINANCE HOLDINGS LIMITED, et. al.,<br><br>Defendants. | Case No.: 1:24-cv-07136 (JAV) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR
LEAVE TO SERVE DEFENDANT CHANGPENG ZHAO BY ALTERNATE MEANS**

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii
INTRODUCTION ............................................................................................................................... 1
BACKGROUND ................................................................................................................................. 2
      A.    Plaintiffs File Original Complaint and Attempt to Serve Zhao in U.S. ....................... 2
      B.    Plaintiffs Continue to Attempt to Serve Zhao ............................................................ 3
ARGUMENT ....................................................................................................................................... 4
I.      The Court Should Allow Service Under Rule 4(f) ................................................................. 4
      A.    Attempting Service in the UAE Would Be Futile ..................................................... 5
      B.    Alternate Service Is Not Prohibited and Comports with Due Process ....................... 7
II.     Alternatively, The Court Should Allow Service Under Rule 4(e) .................................. 10
CONCLUSION ................................................................................................................................. 11

**TABLE OF AUTHORITIES**

**Cases**

*AMTO, LLC v. Bedford Asset Management, LLC*,
  2015 WL 3457452 (S.D.N.Y. June 1, 2015) .................................................................. 4

*Basatne Int'l, LLC v. INQ Star Corp.*,
  2022 WL 3904690 (N.D. Tex. May 12, 2022) .............................................................. 5

*CipherBlade, LLC v. CipherBlade, LLC*,
  2024 WL 69164 (D. Alaska Jan. 5, 2024) ................................................................. 6, 7

*CKR L. LLP v. Anderson Invs. Int'l, LLC*,
  525 F. Supp. 3d 518 (S.D.N.Y. 2021) ....................................................................... 5, 6

*Ehrenfeld v. Salim a Bin Mahfouz*,
  2005 WL 696769 (S.D.N.Y. Mar. 23, 2005) ............................................................ 8, 10

*FMAC Loan Receivables v. Dagra*,
  228 F.R.D. 531 (E.D. Va. 2005) .................................................................................. 9

*Glob. Air Charters Inc. v. Mayfair Jets DWC-LLC*,
  2024 WL 5039907 (D. Minn. Dec. 9, 2024) ............................................................ 5, 6

*Grp. One Ltd. v. GTE GmbH*,
  523 F. Supp. 3d 323 (E.D.N.Y. 2021) .......................................................................... 7

*Hashem v. Shabi*,
  2018 WL 3382913 (D.D.C. Apr. 26, 2018) .................................................................. 7

*Hunt v. Aslam*,
  2023 WL 3510961 (D. Utah May 17, 2023) ................................................................ 6

*In re GLG Life Tech Corp. Sec. Litig.*,
  287 F.R.D. 262 (S.D.N.Y. 2012) ............................................................................... 4, 8

*Invar Int'l, Inc. v. Zorlu Enerji Elektrik Uretim Anonim Sirketi*,
  86 A.D.3d 404 (1st Dept. 2011) .................................................................................. 10

*Jian Zhang v. Baidu.com Inc.*,
  293 F.R.D. 508 (S.D.N.Y. 2013) ................................................................................... 7

*Karroum v. Special Equip. Supplies, LLC*,
  2022 WL 18278621 (C.D. Cal. Oct. 19, 2022) ............................................................. 5

*Kelly Toys Holdings, LLC. v. Top Dep't Store*,
  2022 WL 3701216 (S.D.N.Y. Aug. 26, 2022) .................................................................. 8

*Khan Funds Management America, Inc. v. Nations Technologies Inc*,
  2024 WL 3013759 (S.D.N.Y. June 13, 2024) .................................................................. 9

*Mullane v. Central Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950) ...................................................................................................... 10

*NYKCool A.B. v. Pac. Int'l Servs., Inc.*,
  2015 WL 998455 (S.D.N.Y. Mar. 5, 2015) ..................................................................... 4

*Peifa Xu v. Gridsum Holding Inc.*,
  2020 WL 1508748 (S.D.N.Y. Mar. 30, 2020) ................................................................. 4

*Rampersad v. Deutsche Bank Sec., Inc.*,
  2003 WL 21073951 (S.D.N.Y. May 9, 2003) ............................................................... 11

*Richmond Techs., Inc. v. Aumtech Bus. Sols.*,
  2011 WL 2607158 (N.D. Cal. July 1, 2011) ................................................................... 9

*Trader Joe's Co. v. Desertcart Trading FZE*,
  2023 WL 3959376 (N.D. Cal. June 12, 2023) ................................................................. 6

*U.S. Sec. & Exch. Comm'n v. Vuuzle Media Corp*,
  2021 WL 1731947 (D.N.J. May 3, 2021) ................................................................... 6, 7

*United States v. Mrvic*,
  652 F. Supp. 3d 409 (S.D.N.Y. 2023) .......................................................................... 4, 9

*Vega v. Hastens Beds, Inc.*,
  342 F.R.D. 61 (S.D.N.Y. 2022) ...................................................................................... 7

*Washington State Inv. Bd. v. Odebrecht S.A.*,
  2018 WL 6253877 (S.D.N.Y. Sept. 21, 2018) ...................................................... 6, 9, 10

*XYZ Corp. v. Individuals, Partnerships & Unincorporated Associations Identified in Schedule A*,
  2024 WL 1579910 (S.D.N.Y. Apr. 11, 2024) ................................................................. 6

**Rules**

Fed. R. Civ. P. 4(e) ............................................................................................................ 10

Fed. R. Civ. P. 4(f) ......................................................................................................... 2, 4

**Statutes**

N.Y. C.P.L.R. § 308 .......................................................................................................... 10

N.Y. C.P.L.R. § 311 ............................................................................................................. 10

**Other Authorities**

Convention Done at the Hague Nov. 15, 1965; T.I.A.S. No. 6638, Art. 1 (Feb. 10, 1969) ............ 7

**INTRODUCTION**

Plaintiffs seek permission to serve defendant Changpeng Zhao by email to Cahill Gordon & Reindel LLP ("Cahill Gordon"), which acts as U.S. counsel for him in other cases, given that he appears to presently be located in the UAE (which is not party to the Hague Convention).

Although he no longer resides in the United States, Zhao has maintained a substantial presence in the U.S. for over a decade. He has extensive business interests in the U.S., as majority owner of Defendant Binance Holdings Limited ("Binance") and Defendant BAM Trading Services Inc. (d/b/a Binance.US), which operate a cryptocurrency exchange in the U.S. Zhao's extensive business interests and activities in the U.S. led him and Binance to engage in conduct violating U.S. criminal laws. ECF 36-7, 36-8.[1] In 2023, Zhao pleaded guilty to criminal violations of the Bank Secrecy Act and was then incarcerated by U.S. authorities until September 2024. ECF 19, 36-8. Binance likewise pleaded guilty to coextensive violations. ECF 36-7.

Zhao and Binance have also been defendants in multiple civil cases brought in U.S. federal court. In many of these cases, Zhao is represented by attorneys from prominent U.S. law firms, often by the same counsel as Binance.[2] In fact, in at least two cases, Cahill Gordon, which is counsel to Binance *in this action*, represents both Binance and Zhao,[3] and at the outset of this litigation, Cahill Gordon attorneys stated they *did* represent him. Decl. of Matthew J. Fisher in Support of Plaintiffs' Motion for Alternative Service ("Fisher Decl."), ¶¶ 3–4; Exhibit A.

Plaintiffs served the Complaint in this action on Binance without issue. Plaintiffs sought to serve the Complaint on Zhao while he was in federal custody, but could not serve him before

---

[1] *See also United States v. Zhao*, No. 23-cr-00179 (W.D. Wash.); *United States v. Binance Holdings Ltd.*, No. 2:23 Cr. 00178 (W.D. Wash.).
[2] *E.g.*, *CFTC v. Zhao*, No. 23-cv-01887 (N.D. Ill); *Gess v. BAM Trading Servs.*, No. 24-cv-00134 (N.D. Ala.); *Lee v. Binance*, No. 20-cv-02803 (S.D.N.Y.); *Raanan v. Binance*, No. 24-cv-00697 (S.D.N.Y.); *Zhao v. Bloomberg L.P.*, No. 22-mc-00195 (S.D.N.Y.).
[3] *See Gess v. BAM Trading Servs.*, No. 24-cv-00134 (N.D. Ala.); *Raanan v. Binance*, No. 24-cv-00697 (S.D.N.Y.).

1

he was released and left the U.S. on September 27, 2024—just one week after the Complaint was filed. *See* ECF 8, 9, 19. Plaintiffs have not been able to determine Zhao's whereabouts with certainty, and have not been able to serve him, although as noted, Plaintiffs believe he is located in the United Arab Emirates. Nor has Binance's counsel at Cahill Gordon agreed to accept service (despite the fact, as noted, that they continue to represent Zhao in other actions and previously stated they represented him in this one). Fisher Decl. ¶ 4.

Given these circumstances, Plaintiffs request that the Court authorize Plaintiffs to serve the Amended Complaint on Zhao through his counsel in other cases and Binance's counsel in this case, Cahill Gordon & Reindel LLP, pursuant to Fed. R. Civ. P. ("Rule") 4(f) or 4(e).

## BACKGROUND

### A. Plaintiffs File Original Complaint and Attempt to Serve Zhao in U.S.

On September 20, 2024, Plaintiffs filed their Complaint. ECF 1. Plaintiffs requested summonses for Zhao and Binance the same day, and they were issued three days later. ECF 3, 4, 5, 6. Plaintiffs served Binance on October 15, 2024, via a process server.

Plaintiffs also attempted to serve Zhao. At the time, Zhao was reported to be in federal custody at the Residential Reentry Management Long Beach Correctional Facility, located at 1299 Seaside Avenue in San Pedro, CA 90731; he was scheduled to be released on September 29, 2024. However, when process servers attempted to locate Zhao at the Long Beach Correctional Facility, Bureau of Corrections personnel told them that he was no longer at the facility and that no information about his current whereabouts could be provided. ECF 8.

After making inquiries with Department of Justice (DOJ) personnel in both the Central District of California and in Washington, DC, the process servers were advised to provide the summons to the Los Angeles County Sheriff's Department, who could then contact the DOJ to obtain Zhao's location and effect service. *Id.* However, this process failed too: after Plaintiffs

provided the summons to the Sheriff's Department, they were advised that timely service was not possible and that Plaintiffs should use the Marshal's Service to effect service. *Id.*

Concurrent with those inquiries, multiple press reports indicated that Zhao would be released from federal custody two days earlier than expected: on September 27, 2024. On that date, Plaintiffs sought an emergency motion with this Court to appoint the U.S. Marshal Service to locate Zhao and serve the summons upon him prior to his departure from custody or from the United States. *Id.* The Court granted this motion the same day. ECF 9. The U.S. Marshal attempted to serve Zhao at two different locations: the Long Beach Correctional Facility, and at 15127 Greenleaf Street in Sherman Oaks, California. ECF 19. Yet, neither the U.S. Marshal nor other process servers, who Plaintiffs sent to multiple California airstrips, were able to serve Zhao, who left the United States on September 27, 2024. *Id.*

### B. Plaintiffs Continue to Attempt to Serve Zhao

After Zhao departed, Plaintiffs tried to identify his address abroad, including by working with investigators. Plaintiffs were unable to determine Zhao's foreign residence or country of residence with certainty, though the best available information indicates that he may reside in the UAE. Fisher Decl. ¶ 5. As detailed below, attempting service in the UAE would be futile.

Plaintiffs have also asked counsel for Binance if they would accept service on Zhao's behalf. Counsel for Binance represents Zhao in two other matters: *Gess v. BAM Trading Servs.*, No. 24-cv-00134 (N.D. Ala.) and *Raanan v. Binance*, No. 24-cv-00697 (S.D.N.Y.), both of which concern Anti-Terrorism Act (ATA) claims against Binance and Zhao. While counsel for Binance previously stated that they represent both Zhao and Binance here, counsel later disclaimed any representation of Zhao, and did not agree to accept service on his behalf.[4] Fisher Decl. ¶¶ 3–4.

---
[4] Ex. A.

3

**ARGUMENT**

**I.      The Court Should Allow Service Under Rule 4(f)**

Federal Rule of Civil Procedure 4(f) permits service of individuals abroad by (1) "any internationally agreed means of service," such as under the Hague Convention on the Service Abroad of Extrajudicial Documents (the "Hague Convention"), (2) any "method that is reasonably calculated to give notice" that is prescribed, or at least not proscribed, by foreign law, *or* (3) "by other means not prohibited by international agreement, as the court orders." Rule 4(f).

"Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *AMTO, LLC v. Bedford Asset Management, LLC*, 2015 WL 3457452, at *4 (S.D.N.Y. June 1, 2015). That is, "it is not necessary to exhaust or demonstrate the impossibility of service under Rule 4(f)(1)-(2) before resorting to service under Rule 4(f)(3)." *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, 2015 WL 998455, at *3 (S.D.N.Y. Mar. 5, 2015); *see also In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012) ("Courts have repeatedly recognized that there is no hierarchy among the subsections in Rule 4(f).") (cleaned up).

The decision whether to allow alternate service under Rule 4(f)(3) is "committed to the sound discretion of the district court." *Peifa Xu v. Gridsum Holding Inc.*, 2020 WL 1508748, at *14 (S.D.N.Y. Mar. 30, 2020). When determining whether to permit service under Rule 4(f)(3), courts consider (1) whether plaintiffs "reasonably attempted to effectuate service" and (2) if the "court's intervention is necessary." *Id. See also United States v. Mrvic*, 652 F. Supp. 3d 409, 412 (S.D.N.Y. 2023) (internal citations omitted).

Here, Plaintiffs reasonably attempted to effectuate service on Zhao. As described above, Plaintiffs sought to serve Zhao three different ways in the week between the filing of the

4

Complaint and Zhao's departure from the United States: through process servers, the Los Angeles County Sheriff's Department, and the U.S. Marshal.  Plaintiffs have since been unable to locate Zhao with certainty, and service in the UAE would be futile and impractical, as detailed below.  In the circumstances, the Court should authorize service under Rule 4(f) because: (a) service of Zhao in the UAE would be futile and impractical; and (b) the available reasonable alternative method of service on Zhao's U.S.-based counsel satisfies due process.

### A. Attempting Service in the UAE Would Be Futile

To the extent Zhao resides in the UAE, attempting service on Zhao there would be futile.  The UAE is not a signatory to the Hague Convention or any other international treaty on service, so Plaintiffs could not rely on a treaty's procedures to serve Zhao in the UAE.  *CKR L. LLP v. Anderson Invs. Int'l, LLC*, 525 F. Supp. 3d 518, 524 (S.D.N.Y. 2021); *Basatne Int'l, LLC v. INQ Star Corp.*, 2022 WL 3904690, at *2 (N.D. Tex. May 12, 2022) ("[I]t is undisputed that the UAE is not a party to the Hague Convention or any other international treaty related to service of process.").  Attempting to comply with UAE law on service is extraordinarily difficult: when plaintiffs have sought to serve defendants in the UAE through a private process server, courts have found the process inadequate for failure to comply with UAE law.  *See Karroum v. Special Equip. Supplies, LLC*, 2022 WL 18278621, at *2 (C.D. Cal. Oct. 19, 2022) (collecting cases).  In addition, courts have repeatedly found that serving individuals in accordance with UAE law is impractical because it requires "active litigation in the UAE court which itself would require letters of rogatory, thousands of dollars, and months of waiting."  *Glob. Air Charters Inc. v. Mayfair Jets DWC-LLC*, 2024 WL 5039907, at *2 (D. Minn. Dec. 9, 2024); *see also Karroum*, 2022 WL 18278621 at *1–*2 (describing service of process in UAE).

Therefore, courts frequently authorize plaintiffs to use alternate means of service under Rule 4(f)(3) to serve defendants located in the UAE because it is futile, overly time consuming,

and costly.  Judge Rakoff reached precisely this conclusion in *CKR*, where he found that the circumstances justified the court's intervention to allow service under Rule 4(f)(3) because service in accordance with UAE law would "likely have to be by letters rogatory, would cost at least $13,625, and would require approximately 14–24 months, all while still carrying the risk of being ignored by the foreign authorities."  *CKR*, 525 F. Supp. 3d at 524 (cleaned up).[5]

Numerous courts are in accord.  *See Glob. Air Charters*, 2024 WL 5039907 at *2 (allowing alternate service because service in UAE would cost over $7,000 and take 8–12 months); *Trader Joe's Co. v. Desertcart Trading FZE*, 2023 WL 3959376, at *2 (N.D. Cal. June 12, 2023) (allowing alternate service on UAE defendant); *CipherBlade, LLC v. CipherBlade, LLC*, 2024 WL 69164, at *3 (D. Alaska Jan. 5, 2024) (same); *Hunt v. Aslam*, 2023 WL 3510961, at *2 (D. Utah May 17, 2023) (same); *XYZ Corp. v. Individuals, Partnerships & Unincorporated Associations Identified in Schedule A*, 2024 WL 1579910, at *2 (S.D.N.Y. Apr. 11, 2024) (same).

The burden of attempting to serve Zhao in the UAE is particularly high compared to the low likelihood of success of such service because Plaintiffs cannot determine whether Zhao permanently resides in the UAE, much less his exact address, and efforts to locate Zhao's address would be impractical.[6]  Fisher Decl. ¶ 5.  In *U.S. Sec. & Exch. Comm'n v. Vuuzle Media Corp.*, the court allowed alternate service where the evidence indicated that the defendant had a UAE residence but was also connected to other countries.  2021 WL 1731947, at *2 (D.N.J. May 3, 2021).  The court noted that alternate service was proper because the court should not "require

---

[5] Notably, "[a] number of courts have cited much shorter periods of delay as justification for alternative service under Rule 4(f)(3)."  *Washington State Inv. Bd. v. Odebrecht* S.A., 2018 WL 6253877, at *8 (S.D.N.Y. Sept. 21, 2018) (citing cases approving alternate service when there were only likely three-to-six-month delays).  Here, delays of over a year are very likely, if service in the UAE is possible at all.

[6] *See* Fisher Decl. ¶ 5 ("Plaintiffs were informed by these investigators that the UAE does not have a centralized database of home addresses, and that property records are not publicly available across the country.  Attempting to locate Mr. Zhao would thus require on-the-ground interviews, which are time-consuming, costly, and by no means even guaranteed to reveal Mr. Zhao's location.").

[plaintiff] to expend further resources trying to effectuate service at distant locales where … [defendant] may or may not be." *Id.* at *4. Here too, particularly as Zhao is represented by Cahill Gordon in other similar suits, the Court should allow alternate service so that Plaintiffs do not need to embark on "time and energy-rich service efforts at locations at which it is uncertain [Zhao] resides in the first instance." *Id.*

### B. Alternate Service Is Not Prohibited and Comports with Due Process

"A district court is afforded wide discretion in ordering service of process under Rule 4(f)(3)," *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 515 (S.D.N.Y. 2013), provided that the proposed method "(1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process," *Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 342 (E.D.N.Y. 2021). Although Plaintiffs are open to any method as the Court may prefer, Plaintiffs propose a simple and frequently used method of alternate service: service through U.S.-based counsel at Cahill Gordon already representing Zhao in other active cases in the U.S. *See, e.g.*, *Vega v. Hastens Beds, Inc.*, 342 F.R.D. 61, 65 (S.D.N.Y. 2022) (allowing service on foreign defendant via U.S. counsel under Rule 4(f)(3) because "service will be completed outside the United States"); *Mrvic*, 652 F. Supp. 3d at 413 (explaining that the majority of courts routinely approve service through U.S. counsel under Rule 4(f)(3), and collecting cases).

*First*, service of Zhao through U.S.-based counsel does not violate any UAE law or international agreement. Indeed, courts have frequently authorized service on U.S.-based counsel for defendants located in the UAE. *See, e.g.*, *Hashem v. Shabi*, 2018 WL 3382913, at *6 (D.D.C. Apr. 26, 2018) ("there is nothing to suggest that service through defendant's retained United States counsel would be offensive to UAE law"); *CipherBlade*, 2024 WL 69164 at *3 (allowing service on U.S. counsel of UAE defendant). Moreover, the Hague Convention does not apply here because the UAE is not a party to it.

7

If Zhao resides outside the UAE, Plaintiffs still cannot pursue service through the Hague Convention because Zhao's address is unknown. By its own terms, the Hague Convention does "not apply where the address of the person to be served with the document is not known." Convention Done at the Hague Nov. 15, 1965; T.I.A.S. No. 6638, Art. 1 (Feb. 10, 1969); *see also Kelly Toys Holdings, LLC. v. Top Dep't Store*, 2022 WL 3701216, at *6 (S.D.N.Y. Aug. 26, 2022) ("[T]he Hague Convention does not apply where the address of the person to be served with the document is not known" (cleaned up)) (collecting cases). Plaintiffs have nonetheless attempted to determine whether Zhao has any address outside the UAE, but have been unsuccessful. Fisher Decl. ¶ 5.

*Second*, serving Zhao through his U.S.-based counsel also comports with due process. Due process requires that the method of service provides notice reasonably calculated, under all the circumstances, to apprise Zhao of the pendency of the action and provide an opportunity to be heard. *Schlunk*, 486 U.S at 705. Authorizing service of the Amended Complaint on Zhao through U.S.-based counsel at Cahill Gordon satisfies due process because Zhao is necessarily in close contact with U.S. counsel, who can be relied upon to inform him of the suit, given that they currently represent him in *Ranaan v. Binance Holdings Ltd.*, No. 24-cv-00697 (S.D.N.Y)[7] and in *Gess v. BAM Trading Servs.*, No. 24-cv-00134 (M.D. Ala.).[8] *See GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. at 267; *see also Ehrenfeld v. Salim a Bin Mahfouz*, 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005) (authorizing alternative service through U.S. counsel where counsel was "in communication with Defendant in relation to the pending legal proceedings … and will know how to locate Defendant."); *Washington State Inv. Bd. v. Odebrecht S.A.*, 2018 WL

---

[7] Counsel in this action most recently made a filing on behalf of Zhao on November 18, 2024. *Ranaan v. Binance Holdings Ltd.*, No. 24-cv-00697 (S.D.N.Y Nov. 18, 2024), ECF 41.
[8] Counsel in this action most recently made a filing on behalf of Zhao on December 2, 2024. *Gess v. BAM Trading Servs.*, No. 24-cv-00134 (M.D. Ala. Dec. 2, 2024), ECF 53.

6253877, at *5 (S.D.N.Y. Sept. 21, 2018) (service on defendant via counsel was proper where the law firm previously "represented [defendant] in a related criminal case" and also "represented [defendant] in a recent securities fraud class action in this District"); *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 535 (E.D. Va. 2005) (approving alternative service through U.S. counsel because counsel had "means of communicating with his client"); *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011) (holding that service on defendant's U.S. counsel was "reasonably calculated to [provide notice]").

And to the extent that Zhao has strategically directed his counsel at Cahill Gordon to reject service on his behalf in this case, that cannot defeat service. *See Khan Funds Management America, Inc. v. Nations Technologies Inc,* 2024 WL 3013759, at *6 (S.D.N.Y. June 13, 2024) ("[C]ounsel's representation that they are not authorized to accept service on Defendant's behalf 'is not determinative as to whether the Court may permit alternate service on that counsel through Rule 4(f)(3).'" (citing *Mrvic*, 652 F. Supp. 3d at 414)) (collecting cases).

(For the avoidance of doubt, Plaintiffs are willing to also serve Zhao through other counsel who actively represent him in other matters, including attorneys from Quinn Emanuel Urquhart & Sullivan LLP, who are representing Zhao in *Lee v. Binance*, No. 20-cv-03802 (S.D.N.Y.)[9] and attorneys from Hogan Lovells US LLP, Alston & Bird LLP, and Sidley Austin LLP, who are representing him in *Zhao v. Bloomberg L.P.*, No. 22-mc-00195 (S.D.N.Y.).[10])

In short, the litany of U.S.-based attorneys actively representing Zhao in various matters in U.S. courts ensures a reliable method of providing him notice of the claims against him. Zhao's attorneys necessarily communicate with and have the ability to forward him documents,

---

[9] Counsel in this action most recently made a filing on behalf of Zhao on December 20, 2024. *See Lee v. Binance*, No. 20-cv-02803 (S.D.N.Y. Dec. 20, 2024), ECF 128.
[10] Counsel in this action most recently made a filing on behalf of Zhao on October 23, 2023. *Zhao v. Bloomberg L.P.*, No. 22-mc-00195 (S.D.N.Y.), ECF 48.

9

and in the case of Cahill Gordon, actively advise him regarding ATA litigation. That is more than enough. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Ehrenfeld*, 2005 WL 696769 at *3 (service through U.S. counsel satisfies due process because counsel was "in communication with Defendant in relation to the pending legal proceedings … and will know how to locate Defendant."); *Washington State Inv. Bd.*, 2018 WL 6253877 at *5 (service via counsel provides sufficient notice where they previously "represented [defendant] in a related criminal case" and also "represented [defendant] in a recent securities fraud class action").

## II. Alternatively, The Court Should Allow Service Under Rule 4(e)

In the alternative, the Court should allow service under Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e)(1) permits service of process on an individual according to the law of the state where service is made or where the district court where the action is brought is located. New York law permits service on an individual through counsel upon a showing that alternate service is impracticable—without any requirement of due diligence or prior attempts to serve a party—and service through counsel satisfies New York law and due process. *See* N.Y. C.P.L.R. § 308(5) (permitting service on an individual "in such a manner as the court…directs, if service is impracticable" under other methods); *Nochimson v. Oasis Luxe Mgmt. & Co. Inc.*, 2023 WL 1996706, at *2 (S.D.N.Y. Jan. 27, 2023) (allowing service through counsel under N.Y. C.P.L.R. § 308(5)); *see also Invar Int'l, Inc. v. Zorlu Enerji Elektrik Uretim Anonim Sirketi*, 86 A.D.3d 404, 405 (1st Dept. 2011) (allowing service through counsel under N.Y. C.P.L.R. § 311(b), a parallel provision for service on corporations).[11] Accordingly, federal courts in New York permit service on defendants' U.S. counsel under Rule 4(e) in circumstances similar to those present here. *See,*

---

[11] New York law "does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Nochimson*, 2023 WL 1996706 at *1.

10

*e.g.*, *Rampersad v. Deutsche Bank Sec., Inc.*, 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003) (permitting service under Rule 4(e) and N.Y. C.P.L.R. § 308(5) on defendant's U.S. counsel when plaintiff was unable to determine defendant's residence or place of business); *Nochimson*, 2023 WL 1996706 at *2 (allowing service under Rule 4(e) and N.Y. C.P.L.R. § 308(5) on defendant's U.S. counsel because service would be impracticable).  This Court should do the same.

## CONCLUSION

Plaintiffs request that the Court exercise its discretion and authorize Plaintiffs to serve the Amended Complaint in this case on Zhao through U.S.-based counsel representing him in other cases, and/or any other method the Court deems proper.

Dated: January 30, 2025

Respectfully submitted,

*s/ Adam J. Goldstein*
Adam J. Goldstein
Ryan R. Sparacino (*pro hac vice*)
Geoffrey P. Eaton (*pro hac vice*)
Tejinder Singh
Matthew J. Fisher (*pro hac vice*)
SPARACINO PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
Tel: (202) 629-3530
adam.goldstein@sparacinopllc.com
ryan.sparacino@sparacinopllc.com
geoff.eaton@sparacinopllc.com
tejinder.singh@sparacinopllc.com
matt.fisher@sparacinopllc.com

*Counsel for Plaintiffs*