IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JOCELYN TROELL*, et al.*,

          Plaintiffs,

          v.

BINANCE HOLDINGS LIMITED d/b/a BINANCE
and BINANCE.COM, CHANGPENG ZHAO, and
BAM TRADING SERVICES INC. d/b/a Binance.US,

          Defendants.

Case No. 24-cv-7136

**DECLARATION OF MATTHEW J. FISHER**

I, Matthew J. Fisher, declare:

    1.      I am an attorney at the law firm Sparacino PLLC, located at 1920 L Street, NW, Suite 835, Washington, D.C., which is counsel for Plaintiffs in the above-captioned matter. I am over the age of 18, have personal knowledge of the facts stated herein, and if called to testify could and would competently testify to these facts.

    2.      I make this declaration in support of Plaintiffs' Motion for Leave to Serve Defendant Changpeng Zhao By Alternative Means.

    3.      On October 2, 2024, I and other attorneys representing Plaintiffs in the above-captioned matter were contacted by Samuel Enzer, an attorney with the law firm Cahill Gordon & Reindel LLP ("Cahill"). Mr. Enzer represented that he and his law firm had "been retained to represent Binance Holdings Limited and Changpeng Zhao in this matter." Attached as **Exhibit A** is a true and correct copy of Mr. Enzer's October 2, 2024 email.

    4.      On October 8, 2024, attorneys for Plaintiffs met and conferred with one of Mr. Enzer's colleagues, Mr. Anirudh Bansal. During that meeting, Mr. Bansal told counsel for

1

Plaintiffs that while Cahill had been retained by Mr. Zhao, Cahill had not been authorized to

accept service for Mr. Zhao. Plaintiffs' attorneys were later told that Cahill does not represent

Mr. Zhao in the above-captioned matter and were thus unauthorized to accept service of process

on his behalf.

5.      Plaintiffs have not been able to determine Mr. Zhao's foreign residence or country

of residence with certainty. Plaintiffs' investigative efforts to date suggest that Mr. Zhao may

currently reside in the United Arab Emirates ("UAE"). Nonetheless, despite Plaintiffs' diligent

efforts to locate Mr. Zhao—including by working with investigators who spoke with contacts in

the UAE—Plaintiffs have been unable to determine Mr. Zhao's address in the UAE (or

elsewhere). Plaintiffs were informed by these investigators that the UAE does not have a

centralized database of home addresses, and that property records are not publicly available

across the country. Attempting to locate Mr. Zhao would thus require on-the-ground interviews,

which are time-consuming, costly, and by no means even guaranteed to reveal Mr. Zhao's

location. Based on Plaintiffs' investigation and their understanding of service limitations in the

UAE, Plaintiffs believe that attempting service on Mr. Zhao in the UAE would be futile and

impractical.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 29, 2025

/s/ Matthew J. Fisher

Matthew J. Fisher
SPARACINO PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
Tel:  (202) 629-3530
matt.fisher@sparacinopllc.com