

1920 L Street, NW, Suite 835, Washington, DC 20036

**(202) 629-3530** | sparacinopllc.com

**VIA ECF**

Honorable Jeannette A. Vargas
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 703
New York, NY, 10007-1312

> RE:   Motion for Leave to Serve by Alternative Means, *Troell, et al. v. Binance Holdings Ltd., et al.*, No.1:24-cv-07136 (JAV)

Dear Judge Vargas:

We write on Plaintiffs' behalf in response to Your Honor's February 4, 2025 Order regarding whether the Motion to Serve Defendant Changpeng Zhao by Alternative Means ("Motion") is moot.  *See* ECF 48.

Unfortunately, Plaintiffs' motion is not moot. After attorneys from Baker & Hostetler LLP ("BakerHostetler") noticed appearances as counsel for Zhao (*see* ECF 46, 47), Plaintiffs asked those attorneys whether they would accept or waive service on Zhao's behalf.  In response, Zhao's counsel told Plaintiffs that Zhao has not authorized them to accept service in this action "and plans to oppose any motion" to serve him through U.S. counsel.

Beyond that, Zhao's attorney asserted he believes that Plaintiffs' Motion "is moot because [Plaintiffs] seek[] to serve Mr. Zhao through Cahill [Gordon & Reindel LLP]"—the law firm representing Defendant Binance Holdings Ltd. ("Binance") in this matter, and both Binance and Zhao in several other matters, including in this District—"rather than BakerHostetler."  Zhao's attorney also conveyed his view that Plaintiffs "will need to file another motion that seeks to serve Mr. Zhao through BakerHostetler."

Respectfully, Zhao's counsel is wrong that the absence of a specific reference to BakerHostetler in the Motion makes it moot. Zhao must still be served, and the leave Plaintiffs requested to accomplish service via alternative means is still needed.  Moreover, Plaintiffs' Motion requests leave to serve Zhao "through U.S.-based counsel representing [Zhao] in other cases, ***and/or any other method the Court deems proper***." ECF 45 at 11 (emphasis added).  That request necessarily encompasses service through Zhao's current counsel in this case, as it would be a "proper" method to serve Zhao. *See Atlantica Holdings, Inc. v. BTA Bank JSC*, 2014 WL 12778844, at *3 (S.D.N.Y. Mar. 31, 2014) (holding that service on U.S. counsel that entered a notice of appearance but refused to accept service was not only "sensible" and maximized "judicial efficiency" but also "plainly satisfies" both Rule 4(f)(3) and due process requirements).  In any event, service through Cahill Gordon & Reindel LLP remains proper, as that law firm continues to actively represent Zhao in ongoing matters—including in last week's argument before Judge Koeltl in *Ranaan v. Binance Holdings Ltd., et al.*, No. 24-cv-00697 (S.D.N.Y.).



We also note that, despite Plaintiffs' request, Zhao's counsel declined to confirm the country where Zhao presently resides, and so we continue to have no reason to believe serving Zhao personally is feasible or practicable. Simply put, the reasons to grant relief, as detailed in the Motion, remain valid. Nor is there any good reason for Plaintiffs to withdraw and re-file the Motion just to name Zhao's new attorneys as vehicles to serve Zhao—especially when Zhao could simply "moot" the re-filed Motion by changing law firms before his opposition is due.

Nonetheless, if the Court were to require Plaintiffs to withdraw their Motion and re-file it—updating it to name-check Zhao's lawyers at BakerHostetler—Plaintiffs stand ready to do so.

February 6, 2025

Respectfully submitted,

/s/ *Adam J. Goldstein*

Adam J. Goldstein
Geoffrey P. Eaton
Ryan R. Sparacino
Matthew J. Fisher
SPARACINO PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
Tel: (202) 629-3530
adam.goldstein@sparacinopllc.com
geoff.eaton@sparacinopllc.com
ryan.sparacino@sparacinopllc.com
matt.fisher@sparacinopllc.com

*Counsel for Plaintiffs*