**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOCELYN TROELL, individually and for the estate of STEPHEN TROLL, et al., | CASE NO.:1:24-cv-07136 (JAV) |
| *Plaintiffs,* | |
| v. | |
| BINANCE HOLDINGS LIMITED, et al., | |
| *Defendants.* | |

**DEFENDANT CHANGPENG ZHAO'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SERVE BY ALTERNATE MEANS**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................. iii

I.      INTRODUCTION ...................................................................................................... 1

II.     ARGUMENT .............................................................................................................. 2

        A.      Plaintiffs Failed to Make Reasonable Efforts to Serve Mr. Zhao Abroad
                Before Seeking Recourse with This Court Pursuant to Rule 4(f)(3) ...................... 4

        B.      Plaintiffs Do Not Show that Court Intervention Is Necessary under Rule 4(f) ....... 8

        C.      Plaintiffs Fail to Demonstrate that Their Proposed Alternative Mean of
                Service Minimizes Offense to UAE Law and Comports with Due Process .......... 14

        D.      Rule 4(e) Does Not Apply to a Foreign Defendant ............................................... 16

III.    CONCLUSION ......................................................................................................... 17

**TABLE OF AUTHORITIES**

**Cases**                                                                                           **Page(s)**

*Altos Hornos de Mexico v. Rock Resource Ltd.*,
    15-cv-1671 (JSR), 2015 WL 6437384 (S.D.N.Y. Oct. 19, 2015) ...........................................9

*Asia Maritime Pac. Chartering Ltd. v. Comercializadora Columbia*,
    No. 22-CV-10789 (RA), 2023 WL 372880 (S.D.N.Y. Jan. 23, 2023) .....................................5

*Ass'ns Inc. v. Associa Menasa Inc.*,
    No. 3:16-CV-3480-N, 2017 WL 11617417 (N.D. Tex. July 21, 2017)...................................11

*Baliga v. Link Mot. Inc.*,
    385 F. Supp. 3d 212 (S.D.N.Y. 2019)........................................................................................4

*Berdeaux v. Onecoin Ltd.*,
    No. 19-CV-4074 (VEC), 2019 WL 8685006 (S.D.N.Y. Nov. 1, 2019) ............................6, 12

*BioQ Pharma Inc. v. Star Cap. Invs.*,
    No. 23-cv-00399-AMO, 2024 WL 116306 (N.D. Cal. Jan. 10, 2024) ...................................12

*Butterfield v. Abou-Shaaban*,
    No. CV 05-639-BR, 2005 WL 8176859 (D. Or. Sept. 8, 2005).......................................12, 14

*C.F.T.C. v. Mikkelsen*,
    No. 20 Civ. 3833 (JPC), 2021 WL 4207050 (S.D.N.Y. Aug. 27, 2021) ..................................5

*CKR L. LLP v. Anderson Invs. Int'l, LLC*,
    525 F. Supp. 3d 518 (S.D.N.Y. 2021).....................................................................................13

*Codigo Music, LLC v. Televisa S.A. de C.V.*,
    No. 15-CIV-21737, 2017 WL 4346968 (S.D. Fla. Sept. 29, 2017)........................................16

*Conn. Bar Ass'n v. United States*,
    620 F.3d 81 (2d Cir. 2010).........................................................................................................6

*Convergen Energy LLC v. Brooks*,
    No. 20-cv-3746 (LJL), 2020 WL 4038353 (S.D.N.Y. July 17, 2020).............................15, 16

*Del Raine v. Carlson*,
    826 F.2d 698 (7th Cir. 1987) .....................................................................................................2

*Devi v. Rajapaska*,
    No. 11 Civ. 6634(NRB), 2012 WL 309605 (S.D.N.Y. Jan. 31, 2012)..................................3, 4

*Drew Techs., Inc. v. Robert Bosch, L.L.C.*,
　　No. 12-15622, 2013 WL 6797175 (E.D. Mich. 2013)............................................16

*Estate of Manook v. Research Triangle Institute, Int'l & Unity Resources Grp., LLC*,
　　693 F. Supp. 2d 4 (D.D.C. Feb. 5, 2010) ...............................................................11

*Freedom Watch, Inc. v. Org. of Petroleum Exporting Countries (OPEC)*,
　　107 F. Supp. 3d. 134 (D.D.C. 2015) ......................................................................16

*Freeplay Music, LLC v. Rigol Techs. USA, Inc.*,
　　No. 18 Civ. 10980 (ER), 2020 WL 564232 (S.D.N.Y. Feb. 4, 2020) ......................5

*Gang Chen v. China Green Agri., Inc.*,
　　No. 20-cv-09232 (MKV), 2021 WL 103306 (S.D.N.Y. Jan. 6, 2021) ........................ *passim*

*Gateway Overseas, Inc. v. Nishat (Chunian) Ltd.*,
　　No. 05 Civ. 4260 (GBD), 2006 WL 2015188 (S.D.N.Y. July 13, 2006) ...........9, 10

*Halvorssen v. Simpson*,
　　328 F.R.D. 30 (E.D.N.Y. 2018) ...............................................................................4

*Henning v. Arya*,
　　No. 2:14-cv-00979-RFB-GWF, 2016 WL 4055641 (D. Nev. July 26, 2016).........11

*Heredia v. MTK Global Sports Mgm't, LLC*,
　　No. 5:20-cv-02618-JWH-SSC, 2024 WL 3740104 (C.D. Cal. July 12, 2024) ......11

*In re Auto. Parts Antitrust Litig.*,
　　No. 16-cv-04003, 2017 WL 10808851 (E.D. Mich. Nov. 2, 2017) ........................16

*In Re Coudert Brothers LLP*,
　　No. 16-CV-8237 (KMK), 2017 WL 1944162 (S.D.N.Y. May 10, 2017) ..................3

*In re GLG Life Tech. Corp. Sec. Litig.*,
　　287 F.R.D. 262 (S.D.N.Y. 2012) ...........................................................................15

*In re Grana Y Montero S.A.A. Sec. Litig.*,
　　No. CV 17-1105 (JMA) (ARL), 2019 WL 259778 (S.D.N.Y. Jan. 9, 2019) ...........5

*In re Mercedes-Benz Emissions Litig.*,
　　No. 16-881 (SDW) (JAD), 2019 WL 2913309 (D.N.J. July 2, 2019)....................10

*In re Sinohub, Inc. Sec. Litig.*,
　　No. 12 Civ. 8478(WHP), 2013 WL 4734902 (S.D.N.Y. Aug. 14, 2013)..........6, 8, 9

*Karroum v. Special Equip. Supplies, LLC*,
   No. 2:22-cv-00504-ODW, 2022 WL 18278621 (C.D. Cal. Oct. 19, 2022) ..........................12

*Kogan v. Facebook*,
   334 F.3d 393 (S.D.N.Y. 2020).............................................................................................2

*Kohler Co. v. Bold Int'l FZCO*,
   422 F. Supp. 3d 681 (E.D.N.Y. 2018) ................................................................................11

*Kwality Foods LLC v. Babco Foods Int'l LLC*
   No. 24-cv-3260, 2024 WL 4124241 (S.D.N.Y. Sept. 9, 2024) ............................................10

*Live Brands Holdings, LLC v. Gastronomico Gracias a Dios*
   No. 1:20-cv-01213-GHW, 2020 WL 13855620 (S.D.N.Y. May 13, 2020) ........................5, 6

*Madu Edozie & Madu v. Socketworks Ltd. Nigeria*,
   265 F.R.D. 106 (S.D.N.Y. 2010) ..........................................................................................3

*Montano v. Herrera*,
   No. 22-CV-7272 (VSB), 2023 WL 2644340 (S.D.N.Y. Mar. 27, 2023)................................17

*Mother Doe I v. Maktoum*,
   No. 07-293-KSF, 2008 WL 11346423 (E.D. Ky. Mar. 11, 2008)......................................7, 11

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950).............................................................................................................15

*Nabulsi v. H.H. Sheikh Issa Bin Zayed Al Nahyan*,
   H-06-2683, 2007 WL 2964817 (S.D. Tex. Oct. 9, 2007)...................................................9, 12

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
   No. 17-CV-06130 (LTS) (SN), 2018 WL 11222556 (S.D.N.Y. Apr. 6, 2018)...................6, 7

*Orsi v. Falah*,
   No. 11-10451-DPW, 2012 WL 4469120 (D. Mass. Sept. 25, 2012)...........................8, 12, 14

*Peifa Xu v. Gridsum Holding*,
   No. 18-cv-3655 (ER), 2020 WL 1508748 (S.D.N.Y. Mar. 30, 2020) .................................3, 9

*Pesic v. Mauritius Int'l Arb. Ctr. Ltd.*,
   No. 23-CV-1100 (JMF), 2024 WL 1055041 (S.D.N.Y. Feb. 6, 2024)....................................5

*Pliteq, Inc. v. Mostafa*,
   No. 23-CV-24868, 2024 WL 3070171 (S.D. Fla. June 20, 2024)..........................................11

*Propetrol Limited v. QMF Energy DMCC,*
No. 1:24-cv-330-MKV, 2024 WL 691059 (S.D.N.Y. Feb. 20, 2024)...................................13

*Safran Elecs. & Defense SAS v. Exail SAS,*
No. 24-CV-2325 (JPO), 2025 WL 327921 (S.D.N.Y. Jan. 29, 2025)..................................5, 7

*S.E.C. v. China Ne. Petroleum Holdings Ltd.,*
27 F. Supp. 3d 379 (S.D.N.Y. 2014).........................................................................................7

*S.E.C. v. Cluff,*
No. 17-CV-2460 (RMB) (KNF), 2018 WL 896027 (S.D.N.Y. Jan. 10, 2018)...............5, 7, 8

*S.E.C. v. Nevatia,*
No. 14-cv-05273-JCS, 2015 WL 6912006 (N.D. Cal. Oct. 19, 2015) ....................................11

*Shanghai Zhenglang Tech. Co., Ltd. v. Mengku Tech. Co., Ltd.,*
No. 20-CV-5209 (JS) (ARL), 2020 WL 13280555 (E.D.N.Y. Nov. 18, 2020) ..................4, 7

*Smallwood v. Allied Pickfords, LLC,*
No. 08cv2196 BTM (RBB), 2009 WL 3247180 (S.D. Cal. Sept. 29, 2009)..........................11

*Spencer v. Caracal Int'l, LLC (Caracal I),*
No. 2:21-cv-00005, 2021 WL 1341237 (M.D. Tenn. Apr. 9, 2021) ................................12, 14

*Spencer v. Caracal Int'l, LLC (Caracal II),*
No. 2:21-cv-00005, 2021 WL 2073745 (M.D. Tenn. May 24, 2021) ....................................11

*Stream SICAV v. Wang,*
989 F. Supp. 2d 264 (S.D.N.Y. 2013)....................................................................................10

*Topping v. Deloitte Touche Tohmatsu CPA,*
14 Civ. 2814 (ER), 2014 WL 13118091 (S.D.N.Y. Oct. 3, 2014) ................................ *passim*

*Tushbaby, Inc. v. Jinjang Kangbersi Trade,*
No. 24-CV-6150 (JMF), 2025 WL 358409 (S.D.N.Y. Jan. 31, 2025) ...............................4, 10

*U.S. Aviation Underwriters, Inc. v. Nabtesco Corp.,*
No. C07-1221RSL, 2007 WL 3012612 (W.D. Wash. Oct. 11, 2007)....................................10

## **Rules**

Fed. R. Civ. P. 4(e) .........................................................................................................2, 16, 17

Fed. R. Civ. P. 4(f)(1) .............................................................................................. *passim*

Fed. R. Civ. P. 4(f)(2) .............................................................................................. *passim*

Fed. R. Civ. P. 4(f)(3) ........................................................................................... *passim*

**<u>Other Authorities</u>**

Mem. Order, *CKR L. LLP v. Anderson Invs. Int'l*,
    No. 1:20-cv-07939-JSR (S.D.N.Y. Nov. 10, 2020), ECF No. 31............................................13

Mot. for Withdrawal and Substitution of Counsel, *Gess v. BAM Trading Servs., Inc.*,
    No. 2:24-CV-00134 (M.D. Ala. Feb. 19, 2025), ECF No. 55 .................................................15

Stip. and Order of Substitution of Counsel, *Raanan v. Binance Holdings, Ltd.*,
    No. 1:24-cv-00697-JGK (S.D.N.Y. Feb. 19, 2025), ECF No. 51............................................15

## I.    INTRODUCTION

Due process cannot begin without proper service of process. The longstanding rule in this Circuit is that proper service of process over a foreign-based defendant can only occur where the plaintiff has undertaken reasonable efforts to serve that defendant through the means provided by Federal Rules of Civil Procedure ("Rules") 4(f)(1) or 4(f)(2). If after those efforts intervention by the court is necessary to serve the defendant, the plaintiff may seek relief under Rule 4(f)(3) for a court order allowing service by alternate means.

Plaintiffs' Motion for Leave to Serve Mr. Zhao by Alternate Means ("Motion") flouts this procedural rule. In the Motion, Plaintiffs ask to serve Mr. Zhao—a defendant residing in a foreign country—by alternate means under Rule 4(f)(3) despite not having undertaken any efforts, much less reasonable efforts, to serve him under the formal international means set out under Rule 4(f). Plaintiffs admit they have not tried to serve Mr. Zhao through those means and instead argue that court intervention under Rule 4(f)(3) is warranted at this early stage because international service "may" be futile, without offering any evidence to support this assertion, and despite the fact that this Court and others have reached the opposite conclusion when assessing international service options in the United Arab Emirates ("UAE"), the jurisdiction where Mr. Zhao lives. Moreover, creating a bright line rule that deems service in the UAE futile, thereby exempting Plaintiffs from complying with longstanding international service requirements, would result in a stark departure from this Court's rules and establish perverse precedent where a plaintiff's convenience trumps a defendant's right to due process. For each of these reasons, the Court should deny the Motion in its entirety.

The Court should also deny the Motion because Plaintiffs have not satisfied their burden under Rule 4(f)(3) to demonstrate that their proposed alternate mean of service comports with the constitutional notions of due process. Plaintiffs seek to serve Mr. Zhao through Cahill, Gordon &

Reindel LLP ("Cahill"), notwithstanding that Cahill has never filed a notice of appearance as Mr. Zhao's counsel in this action and no longer represents him in any other proceeding in the United States, thereby undermining Plaintiffs' claim that Cahill has access to Mr. Zhao. Furthermore, Plaintiffs have not met their burden under Rule 4(f)(3) of demonstrating that this type of alternate service is not prohibited by, or minimizes offense to, the laws of the jurisdiction where Mr. Zhao resides (UAE). Also, Plaintiffs' proposed alternate mean of service does not comply with Rule 4(f)'s requirement that international service must occur outside of the United States. Each of these defects is fatal to the Motion.

Plaintiffs' alternative request to serve Mr. Zhao under Rule 4(e) also fails. That Rule only applies to defendants who live inside the United States. That is not the case here.

For these reasons and those set out below, Plaintiffs have not met their burden to establish that any of the requested means of service would result in proper service of process. The Motion should, therefore, be denied in its entirety.

## II.    ARGUMENT

The requirement of proper service of process "is not some mindless technicality." *See Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987); *see also Kogan v. Facebook*, 334 F.3d 393, 401 (S.D.N.Y. 2020). Rather, this requirement goes to the heart of a court's ability to exercise personal jurisdiction over a defendant and ensure due process. If the defendant lives in a foreign country, complying with this requirement involves strict adherence to foreign laws and principles of international comity.

Rule 4(f) provides how to properly serve a defendant who lives in a foreign country. Rule 4(f)(1) states that a plaintiff can follow the notice procedure required by international agreements adopted by the foreign country, *e.g.*, the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Fed. R. Civ. P. 4(f)(1). If no such international agreement applies, Rule

4(f)(2) provides that a plaintiff can serve the foreign defendant through diplomatic channels (*e.g.*, letters rogatory) or via other means that the foreign country's laws permit. Fed. R. Civ. P. 4(f)(2). Last, Rule 4(f)(3) "offers a catchall provision" that allows a plaintiff to serve a foreign defendant via alternate service, *i.e.*, "by other means not prohibited by international agreement, as the court orders," and so long as the proposed mean of service comports with constitutional notions of due process. *See In Re Coudert Brothers LLP*, No. 16-CV-8237 (KMK), 2017 WL 1944162, at *13 (S.D.N.Y. May 10, 2017); Fed. R. Civ. P. 4(f)(3).

As Plaintiffs acknowledge, courts in this Circuit have long held that motions for alternate service under Rule 4(f)(3) will be granted only where the movant has demonstrated that: (i) it has "reasonably attempted to effectuate service" on the foreign-based defendant under Rule 4(f)(1) or (f)(2); and (ii) the "court's intervention is necessary." Mot. at 4 (quoting *Peifa Xu v. Gridsum Holding*, No. 18-cv-3655 (ER), 2020 WL 1508748, at *14 (S.D.N.Y. Mar. 30, 2020)). This "rule requires the [movant] first to follow—or attempt to follow—international agreements and law in recognition of principles of comity and not to whimsically seek an alternate means of service and thereby increasing the workload of the courts." *Gang Chen v. China Green Agri., Inc.*, No. 20-cv-09232 (MKV), 2021 WL 103306, at *1–3 (S.D.N.Y. Jan. 6, 2021); *see also Madu Edozie & Madu v. Socketworks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010). Moreover, these "threshold requirements" prioritize more formal avenues of international service to increase the likelihood that "defendants [will have] actual notice of the suit." *Devi v. Rajapaska*, No. 11 Civ. 6634(NRB), 2012 WL 309605, at *1–2 (S.D.N.Y. Jan. 31, 2012).

Plaintiffs have not satisfied their burden under either of the threshold requirements in the Circuit for Rule 4(f)(3) service. Nor have they satisfied their burden under Rule 4(f)(3) to show

their proposed mean of service—serving Mr. Zhao through Cahill—comports with constitutional notions of due process.

**A.**     **Plaintiffs Failed to Make Reasonable Efforts to Serve Mr. Zhao Abroad Before Seeking Recourse with This Court Pursuant to Rule 4(f)(3)**

Plaintiffs have not undertaken *any* efforts, much less reasonable efforts, to effect service of process on Mr. Zhao in the UAE.[1] In their Motion, Plaintiffs readily admit that they have not attempted to serve Mr. Zhao since he left the United States in or around September 2024. Mot. at 3. Plaintiffs argue that this inaction can be excused and Rule 4(f)(3) relief is proper because they have not been able to confirm Mr. Zhao's UAE address and because they think that international service in the UAE would be "overly time consuming and costly." Mot. at 4-6. These arguments are unavailing.

As an initial matter, a movant's failure to try to serve a foreign-based defendant through a formal mean of international service (*i.e.*, those means Rules 4(f)(1) and (f)(2) provide) is "***fatal***" to a motion for alternate service. *Shanghai Zhenglang Tech. Co., Ltd. v. Mengku Tech. Co., Ltd.*, No. 20-CV-5209 (JS) (ARL), 2020 WL 13280555, at *1 (E.D.N.Y. Nov. 18, 2020) (emphasis added). Courts in this Circuit repeatedly deny motions for alternate service where the plaintiff has not established that it made a reasonable effort to serve the foreign-based defendant pursuant to Rule 4(f)(1) or (f)(2). *See id.; Tushbaby, Inc. v. Jinjang Kangbersi Trade*, No. 24-CV-6150 (JMF), 2025 WL 358409, at *1–2 (S.D.N.Y. Jan. 31, 2025); *Devi*, 2012 WL 309605, at *1–2; *Madu, Edozie & Madu*, 265 F.R.D. at 115–17; *Baliga v. Link Mot. Inc.*, 385 F. Supp. 3d 212, 219–20 (S.D.N.Y. 2019); *Halvorssen v. Simpson*, 328 F.R.D. 30, 34–35 (E.D.N.Y. 2018); *Gang Chen*,

---

[1] In their Motion, Plaintiffs contend that they "were unable to determine [Mr.] Zhao's . . . country of residence with certainty." Mot. at 3. Immediately upon appearing in this action, however, Mr. Zhao's counsel confirmed to counsel for Plaintiffs that Mr. Zhao currently resides in the UAE. *See* Declaration of Marco Molina (Feb. 20, 2025) ("Molina Decl."), Exhibit 1.

2021 WL 103306, at *1–3; *Safran Elecs. & Defense SAS v. Exail SAS*, No. 24-CV-2325 (JPO), 2025 WL 327921, at *4–7 (S.D.N.Y. Jan. 29, 2025); *Topping v. Deloitte Touche Tohmatsu CPA*, 14 Civ. 2814 (ER), 2014 WL 13118091, at *2–5 (S.D.N.Y. Oct. 3, 2014); *Pesic v. Mauritius Int'l Arb. Ctr. Ltd.*, No. 23-CV-1100 (JMF), 2024 WL 1055041, at *1–2 (S.D.N.Y. Feb. 6, 2024); *In re Grana Y Montero S.A.A. Sec. Litig.*, No. CV 17-1105 (JMA) (ARL), 2019 WL 259778, at *6 (S.D.N.Y. Jan. 9, 2019); *Live Brands Holdings, LLC v. Gastronomico Gracias a Dios, Soc. Responsabilidad Limitada de Cap. Variable*, No. 1:20-cv-01213-GHW, 2020 WL 13855620, at *3 (S.D.N.Y. May 13, 2020); *S.E.C. v. Cluff*, No. 17-CV-2460 (RMB) (KNF), 2018 WL 896027, at *2–5 (S.D.N.Y. Jan. 10, 2018); *Asia Maritime Pac. Chartering Ltd. v. Comercializadora Columbia*, No. 22-CV-10789 (RA), 2023 WL 372880, at *1–2 (S.D.N.Y. Jan. 23, 2023); *Freeplay Music, LLC v. Rigol Techs. USA, Inc.*, No. 18 Civ. 10980 (ER), 2020 WL 564232, *4 (S.D.N.Y. Feb. 4, 2020); *C.F.T.C. v. Mikkelsen*, No. 20 Civ. 3833 (JPC), 2021 WL 4207050, at *4 (S.D.N.Y. Aug. 27, 2021).

Plaintiffs largely ignore these holdings and instead contend they satisfied the reasonable efforts test because they tried, but admittedly failed, to serve Mr. Zhao when he was serving a prison sentence in the United States last year. Mot. at 4–5. But that argument misses the point. This Court's rule is that Rule 4(f)(3) relief will not be granted unless and until a plaintiff shows it undertook reasonable efforts to serve the defendant in the foreign country where that defendant lives. Plaintiffs' efforts to serve Mr. Zhao when he was located in the U.S. are, therefore, of no moment. Now that Mr. Zhao is residing in the UAE, Plaintiffs have to attempt to serve him in the UAE under Rule 4(f)(2)[2] before they can request Rule 4(f)(3) relief. *See e.g.*, *Live Brands*, 2020

---

[2] UAE is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents or to any other international agreement that entails how international

WL 13855620, at *2–3 (denying Rule 4(f)(3) motion where attempted service on foreign-based defendant occurred only in the United States and plaintiff had not undertaken any efforts to serve the defendant in the foreign country where the defendant lived).

Plaintiffs next argue that they are excused from the "reasonable efforts" test because their private investigator has not been able to identify Mr. Zhao's UAE address after searching public sources. *See* Mot. at 5–6 and n.6. But this is not a viable excuse. For starters, Plaintiffs' remarks about their inability to locate Mr. Zhao's address are vague. Plaintiffs do not include an affidavit from the private investigator or any information that allows the Court to assess the methodology and scope of the investigator's search to determine if it was reasonably diligent.[3] This "*ipse dixit*" approach does not satisfy the "reasonable efforts" test. *See, e.g.*, *Berdeaux v. Onecoin Ltd.*, No. 19-CV-4074 (VEC), 2019 WL 8685006, at *1 (S.D.N.Y. Nov. 1, 2019) (denying Rule 4(f)(3) motion because plaintiff failed to support its self-serving statements that its due diligence into locating a UAE address had been fruitless).

In any event, failure to locate a foreign address by searching public records, without more, cannot satisfy this Circuit's "reasonable efforts" test. *See In re Sinohub, Inc. Sec. Litig.*, No. 12 Civ. 8478(WHP), 2013 WL 4734902, at *2–3 (S.D.N.Y. Aug. 14, 2013) (a plaintiff cannot avoid international service just because it was unable to find the defendant's address in public records); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2018 WL 11222556, at *2 (S.D.N.Y. Apr. 6, 2018) (plaintiff did not satisfy "reasonable efforts" test when it included an affidavit from his private investigator indicating that the defendant's foreign address was not

---

service can be effected, so international service under Rule 4(f)(1) would not be possible. Thus, Plaintiffs have to attempt service on Mr. Zhao through the formal channels set out in Rule 4(f)(2).

[3] Because Plaintiffs did not include this information in their initial moving brief, they cannot include it in their reply brief. *See Conn. Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010) ("Issues raised for the first time in a reply brief are generally deemed waived.").

confirmed after public records and internet searches); *S.E.C. v. China Ne. Petroleum Holdings Ltd.*, 27 F. Supp. 3d 379, 398 (S.D.N.Y. 2014) (plaintiff cannot obtain Rule 4(f)(3) relief simply because it could not find a correct address for the foreign defendant). This conclusion is particularly true where, as here, Plaintiffs have only been searching for Mr. Zhao's address for only a few months. *See, e.g.*, *Shanghai Zhenglang*, 2020 WL 13280555, at *2 (denying Rule 4(f)(3) motion, in part, due to "the short time between the filing of this complaint and the present motion").

Moreover, Plaintiffs never explain why their inability to locate Mr. Zhao's UAE address prevents them from effecting international service under Rule 4(f)(2); they just assume this is an impediment. By contrast, in another case, a plaintiff who did not know the address of the UAE defendant succeeded in moving the court to issue letters rogatory to the appropriate UAE judicial authorities under Rule 4(f)(2)(B) to have them locate and serve the UAE defendant with process. *See Mother Doe I v. Maktoum*, No. 07-293-KSF, 2008 WL 11346423, at *1–2 (E.D. Ky. Mar. 11, 2008).

Last, Plaintiffs' claim that they can be excused from the "reasonable efforts" requirement because undertaking such efforts may be "overly time consuming and costly," Mot. at 5–6, is unfounded. Indeed, Plaintiffs fail to present any evidence to support that claim. That omission is fatal to their Motion. *See Safran Elecs.*, 2025 WL 327921, at *6 (denying Rule 4(f)(3) motion where plaintiff failed to show why international service would be "unduly burdensome"); *Cluff*, 2018 WL 896027, at *5 (denying Rule 4(f)(3) motion where plaintiff offered vague allegations about complications with international service). Moreover, if Plaintiffs had legitimate concerns about how long it could take to serve Mr. Zhao in the UAE under Rule 4(f)(2), they should have started that process the moment that they suspected Mr. Zhao traveled to the UAE after serving his U.S. prison sentence (five months ago). *See, e.g.*, *Cluff*, 2018 WL 896027, at *4 (rejecting

arguments about length of international service process where plaintiff waited several months without initiating that process).

In any event, courts have consistently held a plaintiff is not excused from the "reasonable efforts" requirement merely because undertaking international service "may" be time-consuming or expensive. *See Orsi v. Falah*, No. 11-10451-DPW, 2012 WL 4469120, at *2–4 (D. Mass. Sept. 25, 2012) (rejecting allegation that it was too difficult to serve someone in the UAE as "pure conjecture"); *Halvorssen*, 328 F.R.D. at 34–35 (denying alternate service motion though formal international service "may be costly and time consuming"); *Topping*, 2014 WL 13118091, at *2–5 (rejecting conclusory statements about delays and costs in undertaking international service); *Gang Chen*, 2021 WL 103306, at *1–3 (concerns about delays in formal international service are insufficient to allow plaintiff to undertake those efforts). The courts' reasoning is straightforward: when it comes to international service, faster is not always better, and a plaintiff's convenience cannot trump a foreign defendant's due process right to be given formal notice via international channels. *See, e.g.*, *Baliga*, 385 F. Supp. 3d at 219–20 ("The Court is mindful of [plaintiff's] allegations and desire to move quickly. However, those reasons are no excuse to flout procedural rules . . . ."); *Sinohub*, 2013 WL 4734902, at *2 (finding that a plaintiff's "convenience" will not outweigh the Circuit's requirement that plaintiffs attempt international service).

Accordingly, because Plaintiffs have not undertaken reasonable efforts to serve Mr. Zhao under Rule 4(f)(2), this Court should deny the Motion in its entirety.

### B.    Plaintiffs Do Not Show that Court Intervention Is Necessary under Rule 4(f)

This Court can also deny the Motion because Plaintiffs have not met their burden to show that judicial intervention is necessary, as required by the district courts in this Circuit. Even when a plaintiff has undertaken reasonable efforts to serve a foreign-based defendant pursuant to Rules 4(f)(1) or (f)(2), courts may deny a motion for alternate service under Rule 4(f)(3) if intervention

by the trial court is unnecessary because the plaintiff could finalize international service through a traditional mean. *See, e.g.*, *Altos Hornos de Mexico v. Rock Resource Ltd.*, 15-cv-1671 (JSR), 2015 WL 6437384, at *3 (S.D.N.Y. Oct. 19, 2015) (finding that plaintiff's service efforts to date were reasonable but judicial intervention was not necessary because another international mean of service was available) (Rakoff, J.). Courts in this Circuit look to whether a party has exercised the service options available to it such that the Court's help is "***necessary***," not just convenient. *See Sinohub*, 2013 WL 4734902, at *2 (emphasis added). Also, courts have held that judicial intervention may not be necessary if there is no evidence the relevant foreign authorities are being obstructive or the foreign-based defendant is attempting to evade service. *See Peifa Xu*, 2020 WL 1508748, at *14; *Nabulsi v. H.H. Sheikh Issa Bin Zayed Al Nahyan,* H-06-2683, 2007 WL 2964817, at *7 (S.D. Tex. Oct. 9, 2007).

Here, Plaintiffs do not argue that court intervention is necessary because UAE authorities are being obstructive or Mr. Zhao is evading service. As stated above, Plaintiffs readily admit that they have not even attempted to serve Mr. Zhao in the UAE. Instead, Plaintiffs argue that judicial intervention is necessary because, according to them, it would be "futile" to attempt to serve Mr. Zhao in the UAE. Mot. at 5. This argument fails for the following reasons.

***First***, courts have repeatedly rejected the argument that it would be "futile" to attempt to serve foreign-based defendants through international means in a foreign country. *See, e.g.*, *Madu, Edozie & Madu*, 265 F.R.D. at 115–17 (rejecting argument that judicial intervention is necessary because it would be futile to try to serve defendants in Ghana and Uganda); *Topping*, 2014 WL 13118091, at *2–5 (rejecting argument that judicial intervention is necessary because it would be futile to try to serve a defendant in China); *Gateway Overseas, Inc. v. Nishat (Chunian) Ltd.,* No. 05 Civ. 4260 (GBD), 2006 WL 2015188, at *4 (S.D.N.Y. July 13, 2006) ("Plaintiff's mere

assertion that attempting to serve defendant [in Pakistan] . . . would be futile is an insufficient defense . . . ."). These courts rejected this argument because there can be "no bright line rule for when service under Rule 4(f)(3) is appropriate." *U.S. Aviation Underwriters, Inc. v. Nabtesco Corp.*, No. C07-1221RSL, 2007 WL 3012612, at *1 (W.D. Wash. Oct. 11, 2007). Rather, a party requesting the court for alternate service must show that court intervention is warranted under the facts and circumstances of ***that*** case. *See, e.g.*, *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013) ("[E]ach case must be judged on its facts . . . .") (collecting cases); *see also In re Mercedes-Benz Emissions Litig.*, No. 16-881 (SDW) (JAD), 2019 WL 2913309, at *3 (D.N.J. July 2, 2019) (courts use a "case by case factual review" to ensure proper service). Hence, Plaintiffs' request for a bright line rule that UAE service would be futile should be rejected.

Moreover, the probability that international service "may" be burdensome could never be enough to merit judicial intervention. Otherwise, international letters of request pursuant to Rules 4(f)(1) and (f)(2) would effectively be "dead letter[s]" because international service can be (and often is) expensive and time-consuming. *TushBaby*, 2025 WL 358409 at *2 n.3. If that argument was sufficient to obtain Rule 4(f)(3) relief, then ***every*** plaintiff in ***every*** litigation with a foreign-based defendant would seek alternate service under the pretext that international service "could" be burdensome. That outcome would result in ***precisely*** the result courts in this Circuit attempted to avoid when imposing the threshold requirements to Rule 4(f)(3) relief. *See Topping*, 2014 WL 13118091, at *2–5.

***Second***, courts in and outside the Circuit have repeatedly held that UAE service pursuant to Rule 4(f)(2) is possible. ***There are numerous instances where courts have determined that a UAE defendant was properly served under Rule 4(f)(2)***. *See, e.g.*, *Kwality Foods LLC v. Babco Foods Int'l LLC*, No. 24-cv-3260, 2024 WL 4124241 at *1 (S.D.N.Y. Sept. 9, 2024) (holding that

a UAE defendant had been properly served under Rule 4(f)(2)(C)); *Pliteq, Inc. v. Mostafa*, No. 23-CV-24868-Lenard/Elfenbein, 2024 WL 3070171, at *14 (S.D. Fla. June 20, 2024) (holding that a UAE defendant had been properly served under Rule 4(f)(2)(A)); *Spencer v. Caracal Int'l, LLC*, No. 2:21-cv-00005, 2021 WL 2073745 (M.D. Tenn. May 24, 2021) (*Caracal II*) (holding that a UAE defendant had been properly served under Rule 4(f)(2)(C)); *Henning v. Arya*, No. 2:14-cv-00979-RFB-GWF, 2016 WL 4055641, at *3–4 (D. Nev. July 26, 2016) (holding that a UAE defendant had been properly served under Rule 4(f)(2)(A)); *Heredia v. MTK Global Sports Mgmt., LLC*, No. 5:20-cv-02618-JWH-SSC, 2024 WL 3740104, at *7–9 (C.D. Cal. July 12, 2024) (holding that a UAE defendant had been properly served under Rule 4(f)(2)(A)); *S.E.C. v. Nevatia*, No. 14-cv-05273-JCS, 2015 WL 6912006, at *4 (N.D. Cal. Oct. 19, 2015) (holding that a UAE defendant had been properly served under Rule 4(f)(2)(A)); *Estate of Manook v. Research Triangle Institute, Int'l & Unity Resources Grp., LLC*, 693 F. Supp. 2d 4, 10–11 (D.D.C. Feb. 5, 2010) (holding that a UAE defendant had been properly served under Rule 4(f)(2)(C)); *Kohler Co. v. Bold Int'l FZCO*, 422 F. Supp. 3d 681, 715 n.8 (E.D.N.Y. 2018) (holding that a UAE defendant had been properly served under Rule 4(f)(2)(A)).

Further, there are several instances where courts have concluded that a plaintiff should be able to serve a UAE defendant under Rule 4(f)(2). *See, e.g.*, *Maktoum*, 2008 WL 11346423, at *2–3 (granting letters rogatory under Rule 4(f)(2)(B) to allow plaintiff to effect service over UAE defendant); *Smallwood v. Allied Pickfords, LLC*, No. 08cv2196 BTM (RBB), 2009 WL 3247180, at *13 (S.D. Cal. Sept. 29, 2009) (finding that plaintiff should be able to effect international service on UAE defendant under Rule 4(f)(2)(A)); *Ass'ns Inc. v. Associa Menasa Inc.*, No. 3:16-CV-3480-N, 2017 WL 11617417, at *2 (N.D. Tex. July 21, 2017) (same).

And there are several instances where courts denied Rule 4(f)(3) motions because they recognized that international service over UAE defendants is ***not*** futile. *See Berdeaux*, 2019 WL 8685006, at *1–2; *Nabulsi,* 2007 WL 2964817, at *7; *Orsi*, 2012 WL 4469120, at *2–4; *Spencer v. Caracal Int'l, LLC*, No. 2:21-cv-00005, 2021 WL 1341237, at *1–4 (M.D. Tenn. Apr. 9, 2021) (*Caracal I*); *Butterfield v. Abou-Shaaban*, No. CV 05-639-BR, 2005 WL 8176859, at *2–3 (D. Or. Sept. 8, 2005); *BioQ Pharma Inc. v. Star Cap. Invs.*, No. 23-cv-00399-AMO, 2024 WL 116306, at *4–5 (N.D. Cal. Jan. 10, 2024). Accordingly, Plaintiffs' claim that it would be "futile" to try to serve Mr. Zhao in the UAE is unfounded.

***Third***, the legal authorities Plaintiffs cite in their Motion do not stand for the proposition that international service over a UAE defendant would be "futile." For example, Plaintiffs cite to *Karroum v. Special Equip. Supplies, LLC*, No. 2:22-cv-00504-ODW, 2022 WL 18278621 (C.D. Cal. Oct. 19, 2022) for the premise that service in the UAE is "extraordinarily difficult" and "when plaintiffs have sought to serve defendants in the UAE through a private process server, courts have found the process inadequate for failure to comply with UAE law." Mot. at 5. But in *Karroum*, the court did not conclude that service in the UAE is extraordinarily difficult. To the contrary, that court identified the following process for proper service of a foreign proceeding under UAE law that a plaintiff could follow when attempting to serve a UAE-based defendant (a process Plaintiffs admittedly never even attempted to pursue with respect to Mr. Zhao):

> Service of process in the UAE can be effected by either (1) [t]he court bailiff or process server (at the request of the party, or order of the court); (2) [t]he claimant or their attorney (as authorised by the court); or (3) [a] private company (which are often subcontractors to a specific court)[.]
>
> There are no specific provisions of UAE law which govern foreign proceedings in the UAE. However, the courts in the UAE have applied the provisions of Article 9(7) of the New Code in a reciprocal fashion. In other words, the papers relating to the foreign proceedings would be submitted by the foreign court to the UAE embassy in that country. The UAE embassy, in turn, would forward it to the local

foreign ministry, which would then forward it to the UAE Ministry of Foreign Affairs (MOFA). MOFA would present the papers to the UAE Ministry of Justice, which would then forward the documents to the relevant UAE court for service on the defendant by an officer of the court.

*Id.* at *1 (internal citations omitted).

Plaintiffs also rely upon Judge Rakoff's *CKR Law LLP v. Anderson Investments International, LLC*, 525 F. Supp. 3d 518 (S.D.N.Y. 2021) decision to advance a bright line rule that service in the UAE is *de facto* futile. Mot. at 5–6. But again, that authority does not support that position. Plaintiffs omit to mention that the decision they cite to from the *CKR* case was the ***second*** time Judge Rakoff ruled as to whether to grant Rule 4(f)(3) relief to serve a UAE defendant. The first time Judge Rakoff ruled as to this issue in that case, he ***rejected*** a Rule 4(f)(3) motion on the basis that the plaintiff had "provided the Court with no information about why service of process under the relevant local law . . . would be prohibitively expensive or unduly delay this action . . . [and] it provides no further information regarding the nature or reasonableness of [its prior service] efforts [abroad]." Mem. Order, No. 1:20-cv-07939-JSR (S.D.N.Y. Nov. 10, 2020), ECF No. 31. Months later, plaintiff re-filed its motion, this time with additional evidence from a UAE legal expert and new analysis as to the proposed methods of service and anticipated cost. *CKR*, 525 F. Supp. 3d at 523–24. It was only after the plaintiff undertook those efforts that Judge Rakoff granted the alternate service motion.[4]

Similarly here, this Court should not grant alternate service unless and until the Plaintiffs can demonstrate judicial intervention is needed.

---

[4] In any event, Judge Rakoff's *CKR* decision is neither binding nor dispositive here, because impracticality must be shown on facts and evidence of each case. *See Propetrol Limited v. QMF Energy DMCC,* No. 1:24-cv-330-MKV, 2024 WL 691059, at *3 (S.D.N.Y. Feb. 20, 2024). Moreover, other courts in this Circuit have openly disagreed with Judge Rakoff's decision. *See id.* at *2.

**C.**    **Plaintiffs Fail to Demonstrate that Their Proposed Alternative Mean of Service Minimizes Offense to UAE Law and Comports with Due Process**

Plaintiffs have also not met their burden under Rule 4(f)(3) to demonstrate their proposed alternate mean of service—serving Mr. Zhao through Cahill—is not prohibited by UAE law and comports with constitutional notions of due process. Fed. R. Civ. P. 4(f)(3).

***First***, Plaintiffs have not demonstrated that their proposed alternate means of service will, at the very least, minimize offense to UAE law. This showing is required under Rule 4(f)(3). *See, e.g.*, *id.* cmt. to subsection (f) ("Inasmuch as our Constitution requires that reasonable notice be given, an earnest effort should be made to devise a[n] [alternate] method of communication that is consistent with due process and ***minimizes offense to foreign law***.") (emphasis added); *see also Caracal*, 2021 WL 1341237, at *3 (denying Rule 4(f)(3) motion to serve UAE defendant because the plaintiffs had "not provided any argument or legal authority demonstrating that their proposed methods of alternative service comply with or minimize offense to UAE law."); *Butterfield*, 2005 WL 8176859, at *2 (denying Rule 4(f)(3) motion where "Plaintiff did not provide the Court with any information regarding (1) the manner of service prescribed by the laws of the UAE, (2) direction by the UAE in response to a letter rogatory or letter of request as to how to serve its residents, and (3) whether the manner of proposed service is prohibited by the law of the UAE"); *Orsi*, 2012 WL 4469120, at *3 (denying Rule 4(f)(3) motion where plaintiff "ha[d] not even attempted to effectuate service in ways that would do less violence to UAE law" and further "ha[d] not demonstrated any serious effort to use accepted methods of service in the UAE").

Like the plaintiffs in the above-referenced litigations, Plaintiffs here failed to present a UAE legal expert or do anything other than cite to other cases that permitted alternate service on different facts and circumstances. Mot. at 7. Accordingly, on this record, it is impossible to tell if

serving Mr. Zhao through Cahill is prohibited by UAE law or, at the very least, would minimize offense to UAE law. For this reason alone, the Motion should be denied.

**Second**, Plaintiffs' proposed means of service must also be "reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). In the context of Plaintiffs' proposed service through Cahill, this showing requires showing "adequate communication between the individual and the attorney." *In re GLG Life Tech. Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012). Plaintiffs argue they met their burden because Cahill is acting as U.S. counsel to Mr. Zhao in other cases[5] and, therefore, can be assumed to be in adequate communication with Mr. Zhao. But this assertion is false. Cahill is no longer representing Mr. Zhao in any pending litigation in the United States and, therefore, cannot be assumed to be in communication with him.[6] That fact undermines Plaintiffs' contention that serving Mr. Zhao through Cahill should comport with constitutional notions of due process.

**Third**, Plaintiffs cannot serve a foreign-based defendant through current or former U.S. counsel under Rule 4(f)(3). Indeed, Rule 4(f) requires that a foreign-based defendant can only be served with process "at a place not within any judicial district of the United States." Fed. R. Civ. P. 4(f). For this reason, federal courts have denied Rule 4(f)(3) motions in which plaintiffs seek to serve foreign defendants through U.S. counsel as an alternate mean of service, given that such service would necessarily occur inside a U.S. judicial district. *See, e.g.*, *Convergen Energy LLC v. Brooks*, No. 20-cv-3746 (LJL), 2020 WL 4038353, at *7 (S.D.N.Y. July 17, 2020) ("This Court

---

[5] Plaintiffs suggest in their Motion that Cahill has acted as counsel of record for Mr. Zhao in this action. Mot. at 1. That statement is false. Cahill never entered an appearance for Mr. Zhao in this litigation.

[6] *See, e.g.*, Substitutions of Counsel for Defendant Zhao, in *Gess v. BAM Trading Servs., Inc.*, No. 2:24-CV-00134 (M.D. Ala. Feb. 19, 2025), ECF No. 55; and *Raanan v. Binance Holdings, Ltd.*, No. 1:24-CV-00697-JGK (S.D.N.Y. Feb. 19, 2025), ECF No. 51.

joins those that have held that Rule 4(f) refers to the 'place' of service and not the location of the individual or entity to be served and that, accordingly, the court cannot enter a Rule 4(f)(3) order permitting service on a foreign individual at a place not within a judicial district of the United States when the person to whom the complaint and summons is to be delivered and as to which service is deemed to be effective is at a place within the United States."); *Codigo Music, LLC v. Televisa S.A. de C.V.*, No. 15-CIV-21737-Williams/Simonton, 2017 WL 4346968, at *13 (S.D. Fla. Sept. 29, 2017) ("the plain language of Rule 4(f)(3) requires that the alternative service sought contain, at least, some component of service that will occur outside of the United States"); *see also Freedom Watch, Inc. v. Org. of Petroleum Exporting Countries (OPEC)*, 107 F. Supp. 3d. 134, 137–39 (D.D.C. 2015) ("[B]ased on a textual reading of subsections (h) and (f)(3) of Rule 4 . . . service *cannot* occur in the United States" pursuant to Rule 4(f)(3)); *In re Auto. Parts Antitrust Litig.*, No. 16-cv-04003, 2017 WL 10808851, at *2 (E.D. Mich. Nov. 2, 2017) ("[T]he plain language of Rule 4(f)(3) limits the Rule to service made outside of the United States."); *Drew Techs., Inc. v. Robert Bosch, L.L.C.*, No. 12-15622, 2013 WL 6797175, *1–4 (E.D. Mich. 2013) (vacating prior order and finding that service under Rule 4(f)(3) may be effected only outside of the United States). This Court should join those courts and deny Plaintiffs' effort to skirt the express language of Rule 4(f).

**D.    Rule 4(e) Does Not Apply to a Foreign Defendant**

Finally, Plaintiffs argue that this Court should allow service under Federal Rule of Civil Procedure 4(e), which provides methods in which a plaintiff can serve a defendant "within a judicial district of the United States." Mot. at 10; Fed. R. Civ. P. 4(e). Plaintiffs presumably seek this relief because, at the time they filed their Motion, they could not rule out that Mr. Zhao lived in the United States. *See* Mot. at 10. But Plaintiffs' counsel has now been informed that Mr. Zhao resides in the UAE, not in the United States. *See* Molina Decl., Exhibit 1. Their request under Rule

16

4(e), therefore, is entirely misplaced. *See, e.g.*, *Montano v. Herrera*, No. 22-CV-7272 (VSB), 2023 WL 2644340, at *1 (S.D.N.Y. Mar. 27, 2023) (denying a Rule 4(e) motion "[b]ecause Plaintiff is attempting to serve a defendant outside of the United States").

## III.    CONCLUSION

For all these reasons, Plaintiffs' Motion should be denied.

Dated: February 20, 2025                    Respectfully submitted,

**BAKER & HOSTETLER LLP**

*/s/ Marco Molina*

Marco Molina
Joanna F. Wasick
Teresa Goody Guillén (*pro hac vice*)
45 Rockefeller Plaza, 14th Floor
New York, NY  10111
Tel.: (212) 589-4200
Fax: (212) 589-4201
Email: mmolina@bakerlaw.com
Email: jwasick@bakerlaw.com
Email: tgoodyguillen@bakerlaw.com

*Counsel for Defendant Changpeng Zhao*