UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOCELYN TROELL, et. al., <br><br> Plaintiffs, <br><br> vs. <br><br> BINANCE HOLDINGS LIMITED, et. al., <br><br> Defendants. | Docket No. 24 Civ. 07136 (JAV) |

**BINANCE HOLDINGS LIMITED'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO SERVE DEFENDANT CHANGPENG ZHAO BY <u>ALTERNATIVE MEANS</u>**

                                          **CAHILL GORDON & REINDEL LLP**
                                          Samson A. Enzer
                                          Anirudh Bansal
                                          Sesi Garimella
                                          32 Old Slip
                                          New York, New York 10005
                                          (212) 701-3125

Plaintiffs' motion (ECF No. 45) (the "Service Motion") seeks permission under Federal Rule of Civil Procedure 4(f)(3), to serve process on Defendant Changpeng Zhao through alternative means, including service by email to Binance Holdings Limited's counsel in this action—Cahill Gordon & Reindel LLP ("Cahill").

Mr. Zhao—represented by Baker & Hostetler LLP ("Baker") in this action for the limited purpose of responding to the Service Motion—has filed a comprehensive opposition to the Service Motion (ECF No. 63). That submission demonstrates why Plaintiffs are not entitled to alternative service under Rule 4(f)(3) and why, even if they were, Plaintiffs' proposed methods of service do not comport with due process.

This separate memorandum is limited to responding to Plaintiffs' baseless claim that service via email to Cahill is somehow appropriate because Cahill *formerly* represented Mr. Zhao in two *other cases* alleging violations under the Anti-Terrorism Act.[1] Even if there were some basis for alternative service (and as Mr. Zhao demonstrates, there is not), there would be no basis for service on Mr. Zhao's former counsel in other cases—particularly when counsel for Mr. Zhao has appeared in this case for the limited purpose of contesting service. Plaintiffs do not cite any case granting the extreme relief they seek in an analogous context (*i.e.*, alternative service on former counsel in other cases where Plaintiff has current counsel in the case where service is at issue), and we are aware of none. Under the circumstances, not only would permitting Plaintiffs

---

[1] *See Gess* v. *BAM Trading Services Inc.*, No. 24-cv-00134 (M.D. Ala.); *Raanan* v. *Binance Holdings Ltd.*, No. 24-cv-00697 (S.D.N.Y.); *see also* Service Motion at 1. Plaintiffs fail to mention that they have taken the position that *Ranaan* is not even related to this case. *See, e.g.*, ECF No. 2. They also do not mention (through no fault of their own) that since they filed their Service Motion, Baker filed substitutions of counsel in both *Gess* and *Raanan*—seeking to replace Cahill as counsel of record for Mr. Zhao. Thus, Cahill no longer represents Mr. Zhao in any ATA action.

to serve Mr. Zhao by email on Cahill be unprecedented, the precedent it would create would be dangerous.

## CONCLUSION

For the reasons set forth above and in Mr. Zhao's separate memorandum of law, Plaintiffs' request to serve Mr. Zhao via email to Cahill should be denied.

Date: February 20, 2025

Respectfully submitted,

*/s/ Samson A. Enzer*
**CAHILL GORDON & REINDEL LLP**
Samson A. Enzer
Anirudh Bansal
Sesi Garimella
32 Old Slip
New York, NY 10005
(212) 701-3125

*Attorneys for Binance Holdings Limited*

2