UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOCELYN TROELL, individually, and for the estate of STEPHEN TROELL, et al., <br><br> Plaintiffs, <br><br> -v- <br><br> BINANCE HOLDINGS LIMITED, et. al., <br><br> Defendants. | Case No.: 1:24-cv-07136 (JAV) |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE
TO SERVE DEFENDANT CHANGPENG ZHAO BY ALTERNATE MEANS**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.     THE COURT SHOULD ALLOW SERVICE UNDER RULE 4(e) ................................. 2

II.    ALTERNATIVELY, THE COURT SHOULD ALLOW SERVICE UNDER RULE 4(f) .. 3

    A.    SERVICE ON COUNSEL DOES NOT OFFEND ANY INTERNATIONAL AGREEMENT ........................................................................................................ 4

    B.    SERVICE ON COUNSEL WOULD NOT OFFEND DUE PROCESS ................. 5

    C.    PLAINTIFFS HAVE ALSO MET RULE 4(f)(3)'S PRUDENTIAL REQUIREMENTS ................................................................................................... 6

CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*Arista Recs. LLC v. Media Servs. LLC*,
  2008 WL 563470 (S.D.N.Y. Feb. 25, 2008) .................................................................................. 7

*Atlantica Holdings, Inc. v. BTA Bank JSC,*
  2014 WL 12778844 (S.D.N.Y. Mar. 31, 2014) ..................................................................... 1, 4, 6

*Berdeaux v. OneCoin Ltd.*,
  2019 WL 8685006 (S.D.N.Y. Nov. 1, 2019) ............................................................................ 8, 9

*BioQ Pharma Inc. v. Star Cap. Invs. LLC*,
  2024 WL 116306 (N.D. Cal. Jan. 10, 2024) ............................................................................... 10

*Butterfield v. Abou-Shaaban*,
  2005 WL 8176859 (D. Or. Sept. 8, 2005) .............................................................................. 5, 10

*Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*,
  2019 WL 5550039 (N.D. Cal. Oct. 28, 2019) .............................................................................. 6

*CKR L. LLP v. Anderson Invs. Int'l, LLC*,
  525 F. Supp. 3d 518 (S.D.N.Y. 2021) ........................................................................................ 10

*Ehrenfeld v. Salim a Bin Mahfouz*,
  2005 WL 696769 (S.D.N.Y. Mar. 23, 2005) ................................................................................ 8

*Gang Chen v. China Green Agric., Inc.*,
  2021 WL 103306 (S.D.N.Y. Jan. 6, 2021) ............................................................................... 7, 9

*Gurung v. Malhotra*,
  279 F.R.D. 215 (S.D.N.Y. 2011) .................................................................................................. 6

*Henderson v. United States*,
  517 U.S. 654 (1996) ...................................................................................................................... 1

*In re Grana y Montero S.A.A. Sec. Litig.,*
  2019 WL 259778 (E.D.N.Y. Jan. 9, 2019),
  *report and recommendation adopted*, 2019 WL 1046627 (E.D.N.Y. Mar. 5, 2019) .............. 6, 7

*Karroum v. Special Equip. Supplies, LLC*,
  2022 WL 18278621 (C.D. Cal. Oct. 19, 2022) .......................................................................... 10

*Khan Funds Mgmt. Am., Inc. v. Nations Techs. Inc.*,
  2024 WL 3013759 (S.D.N.Y. June 13, 2024) .............................................................................. 5

*Live Brands Holdings, LLC v. Gastronomico Gracias a Dios, Sociedad Responsabilidad Limitada de Cap. Variable*,
    2020 WL 13855620 (S.D.N.Y. May 13, 2020) .............................................................. 8

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*,
    265 F.R.D. 106 (S.D.N.Y. 2010) ............................................................................. 7

*Meagan R. v. Mansour*,
    179 N.Y.S.3d 512 (4th Dep't 2022) ......................................................................... 2

*Nabulsi v. H.H. Sheikh Issa Bin Zayed Al Nahyan*,
    2007 WL 2964817 (S.D. Tex. Oct. 9, 2007) ............................................................ 10

*Nochimson v. Oasis Luxe Mgmt. & Co. Inc.*,
    2023 WL 1996706 (S.D.N.Y. Jan. 27, 2023) ............................................................ 2

*Oneida Indian Nation of New York v. Madison Cnty.*,
    665 F.3d 408 (2d Cir. 2011) ................................................................................... 5

*Orsi v. Falah*,
    2012 WL 4469120 (D. Mass. Sept. 25, 2012), *aff'd* (Apr. 22, 2013) ..................... 10

*Rampersad v. Deutsche Bank Sec., Inc.*,
    2003 WL 21073951 (S.D.N.Y. May 9, 2003) ........................................................... 3

*Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.*,
    2020 WL 7093592 (S.D.N.Y. Dec. 4, 2020) ............................................................ 4

*RSM Prod. Corp. v. Fridman*,
    2007 WL 2295907 (S.D.N.Y. Aug. 10, 2007) .......................................................... 4

*Silvious v. Pharaon*,
    54 F.3d 697 (11th Cir. 1995) ............................................................................. 1, 3

*Spencer v. Caracal Int'l, LLC*,
    2021 WL 1341237 (M.D. Tenn. Apr. 9, 2021) ................................................ 4, 5, 10

*Spin Master, Ltd. v. Aomore-US*,
    2024 WL 3030405 (S.D.N.Y. June 17, 2024) .......................................................... 3

*Stream SICAV v. Wang*,
    989 F. Supp. 2d 264 (S.D.N.Y. 2013) .................................................................... 5

*United Specialty Ins. Co. v. Table Run Ests. Inc.*,
    2019 WL 2327699 (S.D.N.Y. May 30, 2019) .......................................................... 2

*United States v. Machat*,
    2009 WL 3029303 (S.D.N.Y. Sept. 21, 2009) ......................................................... 6

*United States v. Mrvic*,
  652 F. Supp. 3d 409 (S.D.N.Y. 2023) ................................................................................... 5, 7

*Volkswagen Aktiengesellschaft v. Schlunk*,
  486 U.S. 694 (1988) ................................................................................................................ 1, 5

*W. Supreme Buddha Ass'n, Inc. v. Oasis World Peace & Health Found.*,
  2011 WL 856378 (N.D.N.Y. Mar. 9, 2011) ............................................................................... 3

*W.J. Deutsch & Sons Ltd. v. Zamora*,
  2023 WL 5609205 (S.D.N.Y. Aug. 30, 2023) ....................................................................... 5, 10

*Washington State Inv. Bd. v. Odebrecht S.A.*,
  2018 WL 6253877 (S.D.N.Y. Sept. 21, 2018) ............................................................................ 4

*Zhenglang Tech. Co. v. Mengku Tech. Co.*,
  2020 WL 13280555 (E.D.N.Y. Nov. 18, 2020) .......................................................................... 7

**Rules**

Fed. R. Civ. P. 4(e) ................................................................................................................ 1, 2, 3

Fed. R. Civ. P. 4(f) ................................................................................................................ *passim*

NY CPLR § 308(5) ......................................................................................................................... 2

## INTRODUCTION

"[T]he core function of service is to supply notice of the pendency of a legal action." *Henderson v. United States*, 517 U.S. 654, 671 (1996). Plaintiffs' proposal to serve Defendant Changpeng Zhao through his suite of U.S. based counsel—including the counsel that he retained to represent him in this very suit, counsel that is presently representing him in other cases, and counsel that withdrew from representing him last week—plainly satisfies this function.

The case law instructs that this method of service complies with Rule 4(e), given that Zhao's counsel is located here, and the approach complies with New York law. Zhao does not dispute this, arguing instead that Rule 4(e) is inapt because he is located abroad. That is wrong. Service would be fully effectuated "in a judicial district of the United States" because his counsel is here, so Rule 4(e) plainly applies without regard to Zhao's location. *Silvious v. Pharaon*, 54 F.3d 697, 701 (11th Cir. 1995); *cf. Volkswagen Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) ("Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications.").

Regardless, if Zhao were correct that the Court should turn to Rule 4(f), service upon counsel should be authorized under Rule 4(f)(3). Consider *Atlantica Holdings, Inc. v. BTA Bank JSC,* 2014 WL 12778844, at *2 (S.D.N.Y. Mar. 31, 2014). There, like here, a defendant in a multi-defendant suit retained counsel to oppose service, and counsel noticed an appearance. As Judge Furman explained, defendant plainly had actual notice of the case, meaning due process was satisfied, and it would make no sense to require plaintiff to follow a cumbersome process when permitting alternate service would permit the case to proceed promptly against all defendants. So too here, and Zhao cites no sound principle of law or logic to the contrary.

1

## ARGUMENT

**I.        The Court Should Allow Service Under Rule 4(e)**

The Court should grant permission to serve Zhao through his New York-based counsel under Rule 4(e)(1).  That Rule authorizes serving "an individual … in a judicial district of the United States" under "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  In turn, New York law provides a series of means for serving an individual, and if those prescribed methods are "impracticable," permits courts to authorize service via New York counsel.[1]  NY CPLR 308(5); *Nochimson v. Oasis Luxe Mgmt. & Co. Inc.*, 2023 WL 1996706, at *2 (S.D.N.Y. Jan. 27, 2023) (allowing service through counsel under CPLR 308(5)).  Notably, New York law "does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute."  *Nochimson*, 2023 WL 1996706 at *1.

Invoking this provision, New York courts permit alternate service under CPLR 308(5) when the defendant is located in a country not a party to the Hague Service Convention.  *Meagan R. v. Mansour*, 179 N.Y.S.3d 512, 514 (4th Dep't 2022) (service "impracticable" because defendant "left the United States and declared his intention to remain in Saudi Arabia," which "is not a signatory to the Hague Convention").  Courts also approve service through counsel when a defendant has actual notice but refuses to accept service.  *United Specialty Ins. Co. v. Table Run Ests. Inc.*, 2019 WL 2327699, at *4 (S.D.N.Y. May 30, 2019).

Zhao does not dispute that service through his counsel is proper under CPLR 308(5), and indeed could not; he has actual notice of the suit and seeks to evade service while residing in a country not party to the Hague Convention, and his counsel is here.  Instead, Zhao disputes that

---

[1] Joanna Wasick is Zhao's New York-based counsel in this case.  ECF 47.

2

service is proper only because, according to him, "Rule 4(e) Does Not Apply to a Foreign Defendant." ECF 63 ("Opp.") at 16. Not so. "Rule 4(e) makes no reference to where the defendant or individual is 'found.'" *Silvious*, 54 F.3d at 701. It permits service "in any judicial district of the United States," words that "describe the place where the personal or substituted service is 'effected' rather than the location … of the individual being served." *Id.* As a result, "in the case of an individual who is located in a foreign country but whose legal agent is located in a judicial district of the United States, a plaintiff may either personally serve the individual, per Rule 4(f), or effect substituted service through the individual's agent, per Rule 4(e)." *Id.*

Other cases are in accord. *See, e.g.*, *Spin Master, Ltd. v. Aomore-US*, 2024 WL 3030405, at *9 n. 7 (S.D.N.Y. June 17, 2024) (plaintiff "may seek to rely on Rule 4(e)" to serve a foreign defendant through "a U.S.-based agent"); *W. Supreme Buddha Ass'n, Inc. v. Oasis World Peace & Health Found.*, 2011 WL 856378, at *2 (N.D.N.Y. Mar. 9, 2011) (service via U.S. counsel on foreign defendant); *Rampersad v. Deutsche Bank Sec., Inc.*, 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003) (service via U.S. counsel).

Zhao has actual notice of this lawsuit, and he does not dispute that service on his counsel comports with state law. Rule 4(e) thus permits service through his counsel in this District.

## II.    Alternatively, The Court Should Allow Service Under Rule 4(f)

The Court should permit service through his counsel even if it adopts Zhao's reading of Rule 4 and analyzes this motion under Rule 4(f) rather than Rule 4(e). Indeed, if Rule 4(e) is read not to apply, then plainly Rule 4(f) should permit the method of service proposed here.[2]

---

[2] It is unserious to argue, as Zhao does, that Rule 4(e) does not apply because he is abroad, and that Rule 4(f)(3) also does not apply because it covers service "at a place not within any judicial district of the United States." Opp. at 15. Rule 4(e) and (f) should be read, consistent with the text and Advisory Committee notes, to permit service on an agent located in New York, consistent with New York law. *See RSM Prod. Corp. v. Fridman*, 2007 WL 2295907, at *5 (S.D.N.Y. Aug. 10, 2007) (service on domestic counsel is permissible under Rule 4(e) and (f)).

3

And service plainly is proper under Rule 4(f). As Judge Furman has explained, "it is well established that Rule 4(f)(3) 'stands independently, on equal footing' with the other provisions of Rule 4(f) and that a plaintiff may seek leave to effect alternative service even before attempting service of any other kind." *Atlantica Holdings*, 2014 WL 12778844, at *2 (cleaned up). Service under 4(f)(3) is "neither a 'last resort' nor 'extraordinary relief.'" *Id.* (cleaned up). Rule 4(f)(3) has two requirements: (1) the means of service is not prohibited by an international agreement, and (2) it also complies with due process. Fed. R. Civ. P. 4(f)(3); *Washington State Inv. Bd. v. Odebrecht S.A.*, 2018 WL 6253877, at *4 (S.D.N.Y. Sept. 21, 2018). Both are satisfied.

A.   **Service On Counsel Does Not Offend Any International Agreement**

Serving Zhao through U.S-based counsel is not prohibited by international agreement. Indeed, Zhao apparently resides in the UAE, and "the UAE is not a signatory to the Hague Convention or any other international agreement with the United States regarding service of process." *Spencer v. Caracal Int'l, LLC*, 2021 WL 1341237, at *3 (M.D. Tenn. Apr. 9, 2021) (Opp. at 12, 14). No agreement could be violated, and Plaintiffs cited multiple cases so holding. *See* ECF 45 ("Mot.") at 7–8.

Lacking an international agreement, Plaintiffs attempt to graft a requirement onto Rule 4(f)(3) that service should "minimize offense to foreign law." Opp. at 14. That is not what Rule 4(f) states, and courts in this District have endorsed service under Rule 4(f)(3) even if it is "in contravention of the laws of the foreign country." *Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.*, 2020 WL 7093592, at *4 (S.D.N.Y. Dec. 4, 2020) (collecting cases). Courts also authorize service under Rule 4(f)(3) without reference to the laws of the country where defendant resides. *E.g.*, *W.J. Deutsch & Sons Ltd. v. Zamora*, 2023 WL 5609205, at *8–9 (S.D.N.Y. Aug. 30, 2023) (no reference to Spanish law); *Khan Funds Mgmt. Am., Inc. v. Nations*

4

*Techs. Inc.*, 2024 WL 3013759 (S.D.N.Y. June 13, 2024) (Chinese law); *Stream SICAV v. Wang*, 989 F. Supp. 2d 264 (S.D.N.Y. 2013) (same).

Finally, contrary to Zhao's assertions, Plaintiffs *have* made a showing that serving Zhao through U.S. counsel does not violate UAE law. *See* Mot. at 7 (collecting cases). This case is unlike out-of-Circuit cases where plaintiffs had "not provided any argument or legal authority demonstrating that their proposed methods of alternative service comply with or minimize offense to UAE law." *Spencer*, 2021 WL 1341237 at *3 (Opp. at 12, 14); *see also Butterfield v. Abou-Shaaban*, 2005 WL 8176859, at *2 (D. Or. Sept. 8, 2005) (no "sufficient information for the Court to determine" compliance with UAE laws) (Opp. at 14). And again, service would be completed here, so there is no sense in asking whether foreign law imposes requirements for service abroad, *cf. Schlunk*, 486 U.S. at 707, particularly when Rule 4(f) says nothing of the sort.

**B.   Service On Counsel Would Not Offend Due Process**

Next, Zhao does not meaningfully dispute that service on counsel would satisfy due process. Indeed, due process is *already* satisfied, because Zhao, having retained counsel to represent him in this case, clearly has "actual notice" of this case, and "actual notice satisfies due process." *Oneida Indian Nation of New York v. Madison Cnty.*, 665 F.3d 408, 429 (2d Cir. 2011).[3] Zhao's half-hearted argument that Cahill's withdrawal as counsel somehow deprives him of due process is frivolous. Opp. at 15.

---

[3] Permitting a plaintiff to serve a defendant through his counsel also satisfies due process when that defendant has had recent communications with counsel. *See United States v. Mrvic*, 652 F. Supp. 3d 409, 414–415 (S.D.N.Y. 2023). And Zhao has evidently had recent communications with his counsel of record in this case, as the email correspondence from earlier this month attached to Zhao's Opposition make clear. *See* ECF 64-1 ("our client has authorized us to agree to your offer for a 7-day courtesy extension").

5

### C. Plaintiffs Have Also Met Rule 4(f)(3)'s Prudential Requirements

Some district courts have added onto Rule 4(f)(3) the judicial gloss that plaintiffs should exercise diligence, and Zhao cites a litany of decisions to argue that the Court should deny Plaintiffs' motion because they have supposedly not exercised adequate diligence.

This requirement, however, is "not mandated by [Rule 4(f)(3)] itself," *Atlantica Holdings,* 2014 WL 12778844 at *3, nor by the Advisory Committee Notes. So the Court should decline to adopt this extra-statutory requirement.

That is particularly so here, as courts have declined to require such diligence when plaintiff seeks to serve a defendant through "Defendant's counsel of record [in that very case]," where it is clear that counsel (and thus defendant) "has both actual notice of the instant action and actual possession of the Complaint." *Id.* That is doubly so when there are other defendants in the case. *Id.* Indeed, in that situation, it is counterproductive to require "the costly and time-consuming option of service via letters rogatory." *Id.*; *see also United States v. Machat*, 2009 WL 3029303, at *3–4 (S.D.N.Y. Sept. 21, 2009) (approving alternative service when defendant had actual notice); *Gurung v. Malhotra*, 279 F.R.D. 215, 220 (S.D.N.Y. 2011) (same); *In re Grana y Montero S.A.A. Sec. Litig.,* 2019 WL 259778, at *5 (E.D.N.Y. Jan. 9, 2019), *report and recommendation adopted*, 2019 WL 1046627 (E.D.N.Y. Mar. 5, 2019) (same); *Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*, 2019 WL 5550039, at *3 (N.D. Cal. Oct. 28, 2019) (approving service through U.S. counsel when defendant "indisputably already ha[d] actual notice," and granting relief "ensure[s] that this matter will be able to proceed without undue delay" against all defendants).

Zhao has not cited a single case from this Circuit to the contrary, and he ignores the elephant in the room—that his appearance in this lawsuit proves that the "purpose of the service

6

requirement" has been "accomplished." *Arista Recs. LLC v. Media Servs. LLC*, 2008 WL 563470, at *2 (S.D.N.Y. Feb. 25, 2008). Zhao undisputably has actual notice of this lawsuit.

Regardless, Plaintiffs have also satisfied the prudential requirements in Rule 4(f)(3), because they have "reasonably attempted to effectuate service" on Zhao and showed that "the circumstances are such that the court's intervention is necessary." *Mrvic*, 652 F. Supp. 3d at 415.

             1.     *Plaintiffs Reasonably Attempted to Effectuate Service.*

Plaintiffs described their efforts to serve Zhao, while he was in the United States and since he departed. Mot. at 2-3. Zhao raises several arguments in response, all of which fail.

Zhao first argues that a movant's failure to try to serve a foreign-based defendant under Rule 4(f)(1) or (f)(2) is "fatal" to a motion for alternative service. Opp. at 4 (citing *Shanghai Zhenglang Tech. Co. v. Mengku Tech. Co.*, 2020 WL 13280555, *2 (E.D.N.Y. Nov. 18, 2020)). This misstates the law. As Zhao's cases acknowledge, courts in this Circuit "do[] not require a party to exhaust efforts to serve pursuant to Rule 4(f)(1) or 4(f)(2) before see[k]ing an order under Rule 4(f)(3)." *Gang Chen v. China Green Agric., Inc.*, 2021 WL 103306 (S.D.N.Y. Jan. 6, 2021) (Opp. at 3, 4, 8). Zhao cites a litany of cases holding that plaintiffs should attempt service under the Hague Convention. These are inapplicable as the UAE is not a signatory to the treaty.[4]

Zhao's second argument—that "this Court's rule" is that Rule 4(f)(3) requires a plaintiff to show that he or she undertook reasonable efforts to serve the defendant in the foreign country where the defendant lives, rather than in his prior residence—is just as weak. *See* Opp. at 5. Beyond the fact that Plaintiffs exercised reasonable efforts to find and serve Zhao in both the

---

[4] All but two of the fifteen cases that Zhao cites here involved service under the Hague Convention. *See* Opp. at 4–5. In the two cases not relating to the Hague Convention, plaintiffs made zero effort to serve the defendants before seeking relief. *See Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 116 (S.D.N.Y. 2010) (plaintiffs did not discuss "what methods they used to attempt service"); *In re Grana*, 2019 WL 259778 at *5 ("Plaintiffs acknowledge that no attempt at service has been made.").

United States *and* the UAE, Zhao appears to have invented this so-called "rule" himself. The only case Zhao cites simply held that "the Hague Convention's procedures are mandatory when serving a foreign party in a signatory country." *Live Brands Holdings, LLC v. Gastronomico Gracias a Dios, Sociedad Responsabilidad Limitada de Cap. Variable*, 2020 WL 13855620, at *2 (S.D.N.Y. May 13, 2020). Again, the UAE is not a signatory to the Hague Convention, and Zhao never articulates why a holding specific to the Hague Convention's procedures would support a general "rule" about Rule 4(f)(3), or how it could possibly apply here. *See* Opp. at 5.

Zhao's final argument—that Plaintiffs' efforts to locate Zhao's address in the UAE were not "reasonable"—likewise fails. As Plaintiffs detailed in the declaration accompanying their motion, they retained an investigator to locate Zhao in the UAE, and this investigator found that because the UAE does not have a centralized database of home addresses, locating Zhao would require time-consuming, costly, and potentially fruitless on-the-ground interviews. ECF 45-1. This is sufficient to substantiate reasonable efforts to serve a defendant, as Zhao's cases show.[5]

### 2.  The Court's Intervention is Necessary.

The Court's intervention is necessary here, and courts have permitted service under Rule 4(f)(3) in analogous circumstances. *See, e.g.*, *Ehrenfeld v. Salim a Bin Mahfouz*, 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005) (authorizing alternative service when (i) the defendant resided in a country that was not a party to the Hague Convention, (ii) plaintiff provided evidence that service in the defendant's country of residence would be difficult, and (iii) plaintiff's counsel stated that he had been unable to locate the defendant's residence address).

---

[5] While in *Berdeaux v. OneCoin Ltd.*, 2019 WL 8685006, at *1 (S.D.N.Y. Nov. 1, 2019) (Opp. at 6), plaintiffs had not established a factual basis to show they took "reasonable efforts" to serve defendants, because "[p]laintiffs' counsel had not submitted any declaration or other factual support describing their due diligence," here, Plaintiffs' counsel did submit a declaration.

8

Zhao does not offer any contrary authority. Instead, he constructs a series of "straw man" arguments, first mischaracterizing Plaintiffs as advocating for a "bright line rule that UAE service would be futile," then stating Plaintiffs merely argued that serving Zhao in the UAE "may" be burdensome. Opp. at 10. But Plaintiffs made neither argument. Plaintiffs argued that the particularities of service in the UAE *and* the fact that Plaintiffs could not locate Zhao's exact address made the burden of serving Zhao in the UAE "particularly high." Mot. at 6. Plaintiffs also argued that serving Zhao in the UAE *would* be burdensome, because it would require "letters of rogatory, thousands of dollars, and months of waiting." Mot. at 5-6. Zhao has no response to these points. That certain other plaintiffs have served UAE defendants in manners that courts have deemed proper under Rule 4(f)(2) is beside the point because, as already established, courts "do[] not require a party to exhaust efforts to serve pursuant to Rule 4(f)(1) or 4(f)(2) before see[k]ing an order under Rule 4(f)(3)." *Gang Chen*, 2021 WL 103306 at *2.

Finally, the only cases that Zhao has identified in which courts denied motions to serve defendants under Rule 4(f)(3) are inapposite. The only case Zhao cites from within the Second Circuit does not even appear to involve a defendant who was based in the UAE; the court's sole reference to the UAE is an off-hand comment that "plaintiffs assert that the United Arab Emirates address is [defendant's] registered office, but do not say as of when or offer any sort of proof to support that assertion." *Berdeaux*, 2019 WL 8685006 at *1 (Opp. at 12).

Zhao's out-of-circuit cases are similarly inapt. In each, plaintiffs either failed to substantiate their assertion that their proposed alternate means of service satisfied UAE law, or had provided next to no information about service in the UAE generally.[6] Here, by contrast,

---

[6] *See Nabulsi v. H.H. Sheikh Issa Bin Zayed Al Nahyan*, 2007 WL 2964817, at *7 (S.D. Tex. Oct. 9, 2007) (plaintiffs "neither argued nor made any showing" that circumstances justified judicial intervention); *Orsi v. Falah*, 2012 WL 4469120, at *4 (D. Mass. Sept. 25, 2012), *aff'd* (Apr. 22,

9

Plaintiffs provided the court with information about service in the UAE.  *See* Mot. at 5-6 (citing *Karroum v. Special Equip. Supplies, LLC*, 2022 WL 18278621, at *2 (C.D. Cal. Oct. 19, 2022)); Opp. at 12–13 (same).  And Plaintiffs articulated why service in the UAE would be burdensome, including by referencing analogous in-circuit cases.  Mot. at 5-6 (citing *CKR L. LLP v. Anderson Invs. Int'l, LLC*, 525 F. Supp. 3d 518, 524 (S.D.N.Y. 2021)).

Zhao's suggestion that the Court should reject Plaintiffs' motion, only so that Plaintiffs can hire an expert who will provide substantially the same information about UAE law that was provided to Judge Rakoff in *CKR*, turns Rule 4(f) on its head.  *See* Opp. at 13.  Such a holding would *itself* serve to "increase[e] the workload of the courts"—not only by requiring another round of briefing, but also by delaying proceedings.  *W.J. Deutsch*, 2023 WL 5609205 at *6.  That is particularly so given Zhao's decision to retain counsel to represent him in this case.

## CONCLUSION

Zhao has actual notice of this lawsuit, and the purposes of Rule 4's service requirements have already been met.  In that circumstance—and given that state law authorizes service on his counsel—it makes no sense to read Rule 4 as imposing any additional obstacle.  The Court should authorize service on any or all of Zhao's counsel, and the case should proceed expeditiously without unnecessary and manufactured delay.

---

2013) (plaintiffs' motion was based on "conjecture"); *Spencer*, 2021 WL 1341237 at *3-4 (plaintiffs had not "provided any argument or legal authority demonstrating that their proposed methods of alternative service comply with or minimize offense to UAE law"); *Butterfield*, 2005 WL 8176859 at *2-3 (plaintiff had not provided the court "any information" about UAE service): *BioQ Pharma Inc. v. Star Cap. Invs. LLC*, 2024 WL 116306, at *4-5 (N.D. Cal. Jan. 10, 2024) (plaintiff did "not explain why it cannot comply with service obligations").

Dated: February 27, 2025　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*s/ Adam J. Goldstein*
　　　　　　　　　　　　　　　　　　Adam J. Goldstein
　　　　　　　　　　　　　　　　　　Ryan R. Sparacino
　　　　　　　　　　　　　　　　　　Geoffrey P. Eaton
　　　　　　　　　　　　　　　　　　Tejinder Singh
　　　       　　　　　　　　　　　　Matthew J. Fisher
　　　　　　　　　　　　　　　　　　SPARACINO PLLC
　　　　　　　　　　　　　　　　　　1920 L Street, NW, Suite 835
　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　Tel: (202) 629-3530
　　　　　　　　　　　　　　　　　　adam.goldstein@sparacinopllc.com
　　　　　　　　　　　　　　　　　　ryan.sparacino@sparacinopllc.com
　　　　　　　　　　　　　　　　　　geoff.eaton@sparacinopllc.com
　　　　　　　　　　　　　　　　　　tejinder.singh@sparacinopllc.com
　　　　　　　　　　　　　　　　　　matt.fisher@sparacinopllc.com

　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*