

1920 L Street, NW, Suite 835, Washington, DC 20036
(202) 629-3530 | sparacinopllc.com

**VIA ECF**

April 8, 2025

Honorable Jeannette A. Vargas
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 703
New York, NY, 10007-1312

> **RE:** Letter-Motion to Amend the Civil Case Management Plan Pursuant to Individual Rule 3.E, *Troell et al. v. Binance Holdings Ltd. et al.*, No. 1:24-cv-07136 (JAV)

Dear Judge Vargas,

      We and Holwell Shuster and Goldberg LLP represent Plaintiffs in the above-referenced action that was commenced on September 20, 2024.  Plaintiffs write on their own behalf, and on behalf of Defendants Binance Holdings Ltd. d/b/a Binance ("BHL") and BAM Trading Services Inc d/b/a Binance.US ("BAM") (collectively, "Subject Parties"), to request respectfully that this Court order: (i) a partial stay of discovery during the Court's consideration of the motions to dismiss submitted by BHL and BAM according to the terms negotiated and agreed by the Subject Parties detailed in Exhibit 1, and (ii) with the exception of dates governing the pending motions to dismiss, a tolling of all dates in the October 16, 2024 Civil Case Management Plan ("CCMP") [ECF 17]  pending the Court's decision on the pending motions to dismiss.  This is the Subject Parties' first request to partially stay discovery or toll scheduling deadlines, other than requests pertaining to the amendment of pleadings and dates relating to the motion to dismiss briefing schedule.

      **I.**      **Relevant Procedural History.**

      On September 20, 2024, Plaintiffs filed their Original Complaint against defendants BHL and Mr. Changpeng Zhao, alleging three claims under the Anti-Terrorism Act, 18 U.S.C. § 2333 ("ATA").  Dkt. 01 (Compl.).  On October 16, 2024, the Court issued the CCMP requiring, *inter alia*, that discovery close by May 9, 2025. On November 1, 2024, defendant BHL moved to dismiss the complaint.  Dkt. 20-22 (Motion, Decl., Memo of Law).  In response, Plaintiffs amended their complaint on November 22, 2024, in accord with Federal Rule 15(a)(1).  The Amended Complaint, *inter alia*, added BAM as a third defendant and pled three new causes of action under the ATA.  Dkt. 24 (Am. Compl.).



BHL moved to dismiss the Amended Complaint on December 20, 2024. Dkt. 34-36 (Motion, Decl., Memo of Law). BAM filed its motion to dismiss the Amended Complaint on February 18, 2025. *See* Dkts. 20, 60. The Court granted the Subject Parties' joint motion to adjust then-current motion to dismiss briefing schedules, so that BHL's and BAM's motions could "be briefed on the same schedule and the Court can hear argument on and consider both dispositive motions simultaneously." Dkt. 42-43 (Letter-Motion, Order). Plaintiffs' filed their opposition on March 11, 2025, and BHL and BAM's reply briefs are due March 25, 2025.

Defendant Zhao has not yet been served in this case. Plaintiffs moved the Court for an order permitting alternative service of Mr. Zhao on January 30, 2025, *see* Dkt. 45 (Motion for Leave), his counsel noticed appearances five calendar days later, Mr. Zhao filed his opposition to the alternative service motion on February 20, 2025, *see* Dkt. 63 (Opp.), and Plaintiffs' reply was filed on February 27, 2025, *see* Dkt. 66.

All parties have been granted extensions in this case, including by this Court and Judge Rakoff or pursuant to the applicable rules in civil cases. These include: BHL's extension on the motion to dismiss the original Complaint, *see* Nov. 27, 2024, Minute Entry; two extensions on BAM's response to the Amended Complaint, *see* Dkt. 40 (Jan. 5 Order), Dkt. 57 (Feb. 11 Order); BHL's extension on the Motion for Leave, *see* Dkt. 56 (Feb. 11 Order); and the Subject Parties' joint request to harmonize the briefing schedules on both BHL's and BAM's motions to dismiss. *See* Dkt. 43 (Jan. 15 Order).

## II.    Good Cause for a Stay and Exceptions to the Stay of Discovery.

There is good cause for this motion. Judge Rakoff stated at Plaintiffs' and BHL's initial conference, held on the same date he entered the CCMP (October 17, 2024), that he was contemplating ruling on BHL's motion to dismiss the original Complaint shortly following oral argument on the motion (originally scheduled for November 27, 2024), and well before 30 days after December 2, 2024, the deadline for initial requests for production, stating: "both sides must file their first request for documents on December 2nd. *And since you won't have to respond for 30 days*, *you will have for sure my ruling on the motion to dismiss well before your time to respond*." Oct. 16 Tr. at 8-9. However, that motion to dismiss briefing schedule was subsequently extended, both by Judge Rakoff and by Your Honor. The Subject Parties anticipate that they will be in a far *better* position to meet their future deadlines because the partial stay outlined in Exhibit 1 will allow them to use this tolling period to make progress on various preliminary discovery tasks that could consume months at what would have been the very beginning of discovery.

The requested partial stay would not apply to the subjects identified as outside a stay's scope, as detailed in Exhibit 1. These parties will cooperate and work in good faith to use the time during the partial stay productively and be in a position to hit the ground running as soon as the Court decides the motions to dismiss.



### III. The Court Should Hold a Conference Following Decision on the Pending Motions to Dismiss.

In addition, the Subject Parties respectfully request that the Court hold a case conference following its decision on BHL's and BAM's motions to dismiss to discuss the progress of the litigation, unless those motions result in the dismissal of the entire litigation.

                                        Respectfully submitted,

| | |
|---|---|
| *s/ Anirudh Bansal* | *s/ Adam J. Goldstein* |
| Anirudh Bansal | Adam J. Goldstein |
| *Counsel for Binance Holdings Ltd.* | |
| | *s/ Vincent Levy* |
| *s/ Daniel T. Stabile* | Vincent Levy |
| Daniel T. Stabile | |
| *Counsel for BAM Trading Services Inc.* | *Counsel for Plaintiffs* |

cc:  All counsel of record (by ECF)



**Exhibit 1**

In addition to granting their motion for a partial stay of discovery, the Subject Parties respectfully request that the Court order that the partial stay shall not apply to the following subjects:

1. The Subject Parties agree to meet and confer to negotiate and file a protective order and ESI protocol, and agree to work in good faith to file those materials no later than April 18, 2025.

2. The Subject Parties agree to meet and confer regarding responses and objections to document requests, search terms, and custodians within a reasonable time following a request for a call by any Party.

3. Without waiving any objection to proceeding via a Bellwether process, the Subject Parties agree to meet and confer regarding a Bellwether proposal, pursuant to which discovery and trial would proceed just as to the Bellwether Plaintiffs.

4. The Subject Parties will serve Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1), thirty (30) days following their agreement as to the selection of Bellwether Plaintiffs. Plaintiffs' Initial Disclosures shall be limited only to the Bellwether Plaintiffs. Notwithstanding the foregoing, the Subject Parties shall promptly provide sufficient disclosures so that they have the necessary information to negotiate custodians, search terms, responses and objections to document requests and interrogatories, and Bellwether Plaintiffs.

5. The Subject Parties may serve and will respond to (i) written interrogatories consistent with the Federal Rules of Civil Procedure and with the Local Rules, including L.R. 33.3(a), and/or (ii) requests for the production of documents consistent with the Federal Rules of Civil Procedure. However, none of the Subject Parties shall be obligated to produce any documents in response to requests for production until the stay is lifted or the Court so orders. Because there is a large number of individual Plaintiffs, Plaintiffs generally shall not be required to verify the individual Plaintiffs' responses to interrogatories at the time those responses are served, with one exception: Plaintiffs shall timely verify any interrogatory responses for individual Bellwether Plaintiffs.

6. The Subject Parties will continue to take reasonable steps to preserve documents and information in anticipation of discovery, in accord with their obligations under the Federal Rules of Civil Procedure.

7. Third-party discovery, including subpoenas on persons and entities, *Touhy* requests on governmental departments and agencies, and letters rogatory or requests for judicial assistance with respect to foreign persons and entities, will not be stayed in any respect.

8. The Subject Parties agree to hold any discovery dispute against another party in abeyance during the partial stay. For the avoidance of doubt, the Subject Parties shall make



themselves reasonably available to meet and confer regarding all issues not stayed, moving to dissolve the partial stay shall not be deemed a discovery dispute, and the Subject Parties shall endeavor to identify any areas of disagreement so that such disputes can be promptly put before the Court for resolution following a motion to dismiss decision.