

1920 L Street, NW, Suite 835, Washington, DC 20036
(202) 629-3530 | sparacinopllc.com

April 25, 2025

**BY CM/ECF**

Honorable Jeannette A. Vargas
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 703
New York, NY, 10007-1312

RE:   *Troell, et al. v. Binance Holdings Ltd., et al.*, No. 1:24-cv-7136 (JAV)

Dear Judge Vargas:

      We and Holwell Shuster & Goldberg LLP represent Plaintiffs in the above-referenced action. Plaintiffs write to apprise the Court of a recent development in *Raanan, et al. v. Binance Holdings Limited, et al.*, No. 24-cv-697 (JGK) (S.D.N.Y.)—a pending Anti-Terrorism Act ("ATA") lawsuit involving claims that Binance culpably aided-and-abetted terrorist attacks—where Binance and Changpeng Zhao's joint motion to dismiss was denied in a detailed written opinion by Judge Koeltl. *See* 2025 WL 605594 (S.D.N.Y. Feb. 25, 2025).

      Here, all parties discussed the *Raanan* opinion extensively in their briefing on the pending motions to dismiss. *See, e.g.*, Dkt. 69 at 3, 20, 31, 33, 36-38, 42, 53-54; Dkt. 76 at 4-6; Dkt. 79 at 2, 10-11. Plaintiffs argued, for instance, that "[t]he allegations here are stronger than those sustained in *Raanan*; Plaintiffs allege, in even greater detail than the complaint in *Raanan*, how Binance's willful unlawful acts enabled horrific terrorist violence." Dkt. 69 at 3. In response, Binance downplayed the importance of *Raanan*, asserting in its reply brief that Judge Koeltl's decision was "wrongly decided" and intimating that Judge Koeltl might reconsider his decision or permit Binance to seek interlocutory appeal. Dkt. 76 at 5 n.5; *see also* Dkts. 77-78.

      On April 22, 2025, Judge Koeltl heard argument from both Zhao's counsel and Binance's counsel on their joint motion for reconsideration and motion to certify interlocutory appeal—and he denied both motions. *See* Tr. (attached as Exhibit A). Judge Koeltl explained that there was "no basis for reconsideration," as Binance "simply disagree[d] with the Court's conclusions." Tr. 41:3-10. Nor was interlocutory appeal appropriate, as Binance merely "disagree[d] with the Court's conclusion that the amended complaint contained sufficient allegations to plead aiding and abetting liability under [the Justice Against Sponsors of Terrorism Act] and the Supreme Court's decision in *Twitter Inc. v. Taamneh*, 598 U.S. 471 (2023)." Tr. 42:16-22. Moreover, Judge Koeltl explained that because "[w]hether the defendants are ultimately liable for aiding and abetting under JASTA will depend on the facts of this case as developed through discovery," Binance and Zhao's proposals would only "hinder" the "ultimate termination of this litigation" by "simply delay[ing] discovery, dispositive motions, and perhaps trial." Tr. 43:6-13.

Here, Binance and Binance.US's motions to dismiss should be denied for the reasons explained in Judge Koeltl's decision and in Plaintiffs' opposition brief. *See* Dkt. 69.

Thank you for your time and attention to this matter.

Sincerely,

Matthew J. Fisher
Sparacino PLLC

*Counsel for Plaintiffs*