# SPARACINO
#### PLLC

1920 L Street, NW, Suite 835, Washington, DC 20036
(202) 629-3530 | sparacinopllc.com

**VIA ECF**

May 7, 2025

Honorable Jeannette A. Vargas
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 703
New York, NY, 10007-1312

      RE:    Motion to Compel, *Troell et al. v. Binance Holdings Ltd. et al.*, No. 1:24-cv-07136 (JAV)

Dear Judge Vargas,

      On behalf of Plaintiffs, we write to respectfully request that the Court compel Defendant Binance Holdings Ltd. ("Binance") to produce documents that Binance already produced to the government entities that investigated and prosecuted Binance for conduct at the heart of Plaintiffs' claims.

      Compelling production is appropriate. Plaintiffs have diligently sought these documents from Binance for over five months. Despite their relevance, Binance has refused to produce them and has now waived any objections it might have had by failing for months to substantiate its vague, boilerplate objections or to identify in even the most general terms (much less in the specific terms required) which responsive documents it is supposedly entitled to withhold based on those objections. Any burden on Binance to re-produce those documents is minimal; they have already been reviewed by attorneys, Bates-stamped, and produced to the government. Moreover, ordering production now would break the discovery logjam that Binance has created, allowing Plaintiffs to finally identify custodians and deponents and determine search terms for other document requests.

      By way of background, Plaintiffs served Binance with document requests on November 24, 2024. Plaintiffs' first request seeks documents "provided to the Department of Justice, U.S. Attorneys' Office for the Western District of Washington, the Department of the Treasury, and/or any other government agency" related to five enumerated enforcement actions that government entities have brought against Binance or its former CEO, Changpeng Zhao.[1]

---

[1] Binance's Responses And Objections To Plaintiffs' First Set of Requests for Production are attached as Exhibit 1. These enforcement actions are: (i) the Financial Crimes Enforcement Network's enforcement investigation and action against Binance; (ii) the investigation and resulting settlement brought by the Office of Foreign Assets Control; (iii) the investigation into and resulting settlement with the Commodities Futures Trading Commission; (iv) *United States of America v. Binance Holdings Limited*, No. 23-CR-178 (W.D. Wash.); and (v) *United States of America v. Changpeng Zhao*, No. 23-CR-179 (W.D. Wash.).

Plaintiffs' request seeks documents that are critically and centrally relevant to Plaintiffs' claims. The enforcement actions resulted in guilty pleas by both Binance and Zhao. Binance paid over $4 billion dollars to law enforcement and regulators, and Zhao served four months in prison. The enforcement actions revealed, among other findings, that Binance willfully failed to fulfill its legal obligations to monitor and report suspicious activity on its cryptocurrency exchange. *See* ECF 24 ¶ 5. That is the same conduct that lies at the heart of Plaintiffs' allegations against Binance; indeed, Plaintiffs' Amended Complaint extensively cites the consent orders, complaints, and plea agreements describing Binance's conduct from these enforcement actions. *See, e.g.*, *id.* ¶¶ 502–504, 531–534, 641, 653, 679, 699–703; *see also* ECF 35 at 5 (Binance observing that "[t]he Amended Complaint relies heavily on U.S. government agency filings," including from the specified enforcement actions). Moreover, Binance's repeated and willful disregard for U.S. laws and regulations—designed, in large part, to prevent terrorists from receiving and moving funds used to bankroll violent attacks—strongly supports Plaintiffs' claims, as it speaks to Binance's "conscious, voluntary, and culpable" misconduct. *Raanan v. Binance Holdings Ltd.*, 2025 WL 605594, at *18 (S.D.N.Y. Feb. 25, 2025) (quoting *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 493 (2023)).

In response to Plaintiffs' request, Binance baldly asserted that the request was "overly broad and unduly burdensome," without explaining why or identifying which documents it was entitled to withhold on those grounds. Ex. 1 at 6–7; *see Cranmore v. Parts Auth., LLC*, 2025 WL 622607, at *1 (S.D.N.Y. Feb. 26, 2025) ("'overly broad and unduly burdensome' is meaningless boilerplate") (citation omitted). Since then, despite Plaintiffs' persistent requests and several meet-and-confers, Binance has refused to provide Plaintiffs *any* information about why their request is "overly broad" or "unduly burdensome." The timeline below recounts Binance's pattern of evading Plaintiffs' requests for information about the documents it seeks:

- Meet-and-Confer,[2] January 24, 11:30am-12:00pm: Binance represented that it would provide information to Plaintiffs about its government productions.
- February 6 to 21: Plaintiffs followed up by email four times to request the promised information about the government productions. *See* Ex. 2 at 3–8.
- Meet-and-Confer, February 21, 2:00-3:00pm: Binance represented it would not agree to a joint proposed stay in any form if the stay was contingent on producing the government productions to Plaintiffs, but agreed to provide information to substantiate its objections.
- Meet-and-Confer, March 3, 2025, 4:00-4:30pm: Binance represented it would provide Plaintiffs with the Bates range of government productions to detail the volume.
- March 11 to 25: Plaintiffs requested information over email about Binance's productions to the government six times, with no substantive response from Binance. *See* Ex. 3 at 3–11.

---

[2] The listed meet-and-confers were attended by Vincent Levy, Ian Miller, Adam Goldstein, and/or Matt Fisher for Plaintiffs; and Anirudh Bansal, Sesi Garimella, and/or Ivan Torres for Binance. All meet-and-confers were held in 2025.

- Meet-and-Confer, April 3, 5:15-5:45pm: Binance newly represented that it would not provide Plaintiffs with *any* specific information about the government productions or about the burden of producing them to Plaintiffs.
- Meet-and-Confer, April 24, 4:30-5:00pm: Despite further inquiries, Binance did not provide any specific information about why the government productions are burdensome to produce to Plaintiffs during this meet-and-confer.
- Meet-and-Confer, May 5, 3:00-4:00pm: Binance continued to refuse to provide information about the scope of the government productions or about what specific portions of the government productions it thought were irrelevant.[3] Plaintiffs informed Binance that they would seek relief from the Court because the parties were at an impasse.

To get discovery on track, this Court should order Binance to produce the documents that it already produced in connection with the enforcement actions. Relevance is construed broadly under the Federal Rules "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Lindsey v. Butler*, 2017 WL 4157362, at *3 (S.D.N.Y. Sept. 18, 2017) (internal citation omitted). Because Plaintiffs seek relevant documents, as explained above, it is Binance's burden to show why discovery should be denied. *See id.* "[G]eneral and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 102 (S.D.N.Y. 2013). Rather, under Rule 34(b)(2)(B), objections must be stated "with specificity" and "clearly indicate whether responsive material is being withheld on the basis of that objection." *Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017). And to substantiate a burden objection, a party must "quantif[y] [the] burden in terms of the number of documents subject to collection and review or the amount of time and manpower that would be reasonably required to comply with the requests." *Oakley v. MSG Networks, Inc.*, 2024 WL 4134903, at *4 (S.D.N.Y. Sept. 10, 2024), *reconsideration denied*, 2024 WL 4859024 (S.D.N.Y. Nov. 21, 2024) (citation omitted).

Binance's tactic of offering general and conclusory objections is not enough to carry its burden to avoid discovery. Indeed, Binance's repeated failure to substantiate its objections by neither describing purportedly irrelevant categories of documents nor quantifying its purported burdens constitutes a waiver of its objections. *See Fischer*, 2017 WL 773694 at *3 (discovery objections that "do[] not comply with Rule 34's requirement to state objections with specificity … will be deemed a waiver of all objections (except as to privilege)"); *Michael Kors, L.L.C. v. Su Yan Ye*, 2019 WL 1517552, at *3 (S.D.N.Y. Apr. 8, 2019) ("A number of courts have held that

---

[3] Binance asked Plaintiffs why it thought the government productions were relevant. After Plaintiffs (again) explained why all the government productions are relevant, Binance maintained that they could not and would not detail any specific categories of documents that were irrelevant, but that instead Plaintiffs would have to provide limited search terms and Binance would have to undertake a document-by-document review. Such an approach would create substantial delay and would not address Plaintiffs' argument that the entire productions to the government are relevant. Therefore, Binance's approach would arbitrarily exclude relevant documents.

an objection that does not appropriately explain its grounds is forfeited"); *Great Am. Ins. Co. v. Gemstone Prop. Mgmt., LLC*, 2025 WL 1166993, at *2 (S.D.N.Y. Mar. 17, 2025) (finding objections waived); *see also Oakley*, 2024 WL 4134903 at *2 (compelling production when defendants "ha[d] not even provided a hit report identifying the number of responsive records … to help illustrate the potential burden imposed by [the] request"); *Thomas v. City of New York*, 336 F.R.D. 1, at *3 (E.D.N.Y. 2020) (same when defendants offered no "specific analysis of the burden of the ESI production being sought"); *Zhulinska v. Niyazov L. Grp., P.C.*, 2021 WL 5281115, at *3 (E.D.N.Y. Nov. 12, 2021) (same).

Even if Binance had not waived its objections, Binance's objections fall flat. First, Binance's relevance objection is a non-starter. Every document produced to the government sheds light on why Binance agreed to a record-breaking fine and guilty plea. While Binance has theorized that the government's investigations related in part to conduct not at issue here, it has never substantiated that theory despite repeated inquiries, including at the latest meet-and-confer. Even assuming *arguendo* that Plaintiffs' claims are not the core for why Binance pleaded guilty and settled with regulatory authorities, Binance cannot credibly assert that any of its deliberate violations of U.S. anti-money laundering laws somehow fall outside the liberal standard for relevance under the Federal Rules.

Second, Binance's burden objection is unpersuasive. The documents were already reviewed for privilege and produced, and, as courts recognize, the "re-production of documents produced in related litigations" "mitigate[s] any burden of discovery." *See Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.,* 2021 WL 4173929, at *6 (S.D.N.Y. Sept. 14, 2021); *see also Athene Holding Ltd. v. Dang*, 2023 WL 5348950, at *4 (S.D.N.Y. Aug. 21, 2023) (re-production would not "impose an undue burden"). Moreover, Binance is a large corporation with counsel well-equipped to re-produce the subject documents in this important case where any burden is more than proportional to the stakes.

In sum, the documents requested are precisely those that are most relevant and least burdensome to produce. And Binance has waived its opportunity to substantiate any objections. Moreover, an order requiring Binance to promptly produce the documents in question is necessary to resolve a host of discovery issues currently in limbo due to Binance's stonewalling, conserving party and judicial resources and avoiding delay.

Respectfully submitted,

*s/ Matthew J. Fisher*  
Matthew J. Fisher  
Sparacino PLLC

*s/ Vincent Levy*  
Vincent Levy  
Holwell Shuster & Goldberg LLP

*Counsel for Plaintiffs*

cc: All counsel of record (by ECF)