UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOCELYN TROELL, individually, and for the
estate of STEPHEN TROELL, et al.,

                                24-CV-07136 (JAV)

           Plaintiffs,

                              OPINION AND ORDER

      -v-

BINANCE HOLDINGS LIMITED, et al.,

           Defendants.
------------------------------------------------------------------X
JEANNETTE A. VARGAS, United States District Judge:

       Plaintiffs initiated this action against Defendants Changpeng Zhao ("Zhao"), BAM Trading Services Inc. ("Binance US"), and Binance Holdings Limited ("Binance") pursuant to the Anti-Terrorism Act, 18 U.S.C. § 2333, as amended by the Justice Against Sponsors of Terrorism Act, Pub. L. No. 114-222, 130 Stat. 851 (2016) (the "ATA"). ECF No. 1. The Complaint alleges that Defendants actively assisted entities designated as foreign terrorist organizations by the United States, including Hezbollah, Palestinian Islamic Jihad, Hamas, al-Qaeda, and the Islamic State in Iraq and Syria, by knowingly facilitating the transfer of millions of dollars of cryptocurrency to and from terrorist groups. *Id.* Plaintiffs have now brought a motion to serve Defendant Zhao by alternate means pursuant to Rules 4(e) and 4(f) of the Federal Rules of Civil Procedure. ECF No. 45. The motion for alternative service pursuant to Rule 4(f)(3) is GRANTED.

## BACKGROUND

As alleged in the Complaint, Binance is a global cryptocurrency exchange founded in 2017. Compl., ¶ 3. Zhao, a dual citizen of Canada and the United Arab Emirates, is the founder of Binance and the majority owner; prior to a criminal conviction, he also served as Binance's Chief Executive Officer. *Id.* ¶ 13. In November 2023, Zhao plead guilty to a charge of failure to maintain an effective anti-money laundering program. ECF No. 36-8.

On September 20, 2024, Plaintiffs, victims of terrorist attacks that took place between 2017 and 2023, initiated this action. ECF No. 1. On the same day Plaintiffs filed their Complaint, they requested that the Clerk issue summonses for Defendants Zhao and Binance, which were issued three days later. ECF Nos. 3-6. Defendant Binance was served on October 15, 2024, via a process server. ECF No. 45 at 2.

Plaintiffs have made multiple, unsuccessful attempts to serve Defendant Zhao. On September 27, 2024, Plaintiffs filed an Emergency Application for Service by the U.S. Marshals Service. ECF No. 8. Plaintiffs understood at that time that Zhao was in federal custody in San Pedro, California, and that he was scheduled to be released on September 29, 2024. *Id.* But when a process server arrived at the correctional facility, the process server was informed that Zhao was no longer at the facility. ECF No. 8. Press reports indicated that Zhao would be released from federal custody that same day and would be immediately leaving the country, so Plaintiffs sought the assistance of the U.S. Marshals Service pursuant to Rule

4(c)(3) in effectuating service. ECF No. 8. The emergency application was granted, ECF No. 9, but the U.S. Marshals Service was unable to effectuate service as Zhao had already left the country. ECF No. 19.

Plaintiffs retained investigators to locate Zhao, but they were unsuccessful in confirming his country of residence. Declaration of Matthew Fisher, ECF No. 45-1 ("Fisher Decl."), ¶ 5. Although some reports indicated Zhao was in the United Arab Emirates ("UAE"), Plaintiffs were not successful in obtaining an address for him in that country. *Id.*

On October 2, 2024, Plaintiffs were contacted by email by an attorney from Cahill Gordon & Reindel LLP ("Cahill Gordon"). *Id.* ¶ 3. Counsel stated that Cahill Gordon had been retained to represented Binance and Zhao in this matter. *Id.* Cahill Gordon, in future conversations, stated that they were not authorized to accept service for Zhao, and then later indicated that they did not represent Zhao in this lawsuit. *Id.* ¶ 4.

Plaintiffs filed the instant motion on January 30, 2025, for leave to serve Zhao by alternative means pursuant to Rule 4(f), or in the alternative, 4(e). ECF No. 45. Plaintiffs originally requested that this Court allow them to serve Zhao via email to Cahill Gordon. *Id.* at 1. Plaintiffs reasoned that this was proper because attempting service in the UAE would be futile. *Id.* at 3, 5-7. Plaintiffs argued that service on Cahill Gordon comports with due process because Zhao was represented by Cahill Gordon in other cases in this District, and Cahill Gordon is currently representing Binance in the instant action. *Id.* at 3, 7-10.

3

At the time Plaintiffs filed their motion, Zhao was unrepresented in this matter. Fisher Decl., ¶ 5. Zhao subsequently retained BakerHostetler LLP ("BakerHostetler") to represent him. ECF Nos. 46, 47, and 60. BakerHostetler has also filed substitutions of counsel for Cahill Gordon in other pending civil actions brought against Zhao pursuant to the ATA. ECF No. 65 at 1 n.1. BakerHostetler has confirmed that Zhao is currently residing in the UAE. ECF No. 64-1.

Although Plaintiffs' motion initially and primarily focused on Cahill Gordon, Plaintiffs contend that their motion is not moot. ECF No. 49. Instead, Plaintiffs request that this Court allow Plaintiffs to serve Zhao through one of the law firms currently representing him pursuant to Rule 4(f) and 4(e). ECF No. 66.

## LEGAL STANDARDS

Under Rule 4(f), an individual in a foreign country can be served through (1) "any internationally agreed means of service" (*i.e.*, the Hague Convention on the Service Abroad of Extrajudicial Documents (the "Hague Convention")), (2) any "method that is reasonably calculated to give notice" that is either permitted or, at a minimum, not forbidden under foreign law, or (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f). Rule 4(f) permits service under any subpart of the rule, meaning Rule 4(f) "does not require a party to exhaust efforts to serve pursuant to Rules 4(f)(1) or 4(f)(2) before see[k]ing an order under Rule 4(f)(3)." *Gang Chen v. China Green Agric., Inc.*, No. 1:20-CV-09232 (MKV), 2021 WL 103306, at *2 (S.D.N.Y. Jan. 6, 2021); *see also Atlantica Holdings, Inc. v. BTA Bank JSC*, No. 13 Civ. 5790(JMF), 2014 WL 12778844, at *2 (S.D.N.Y.

4

Mar. 31, 2014) (noting that Rule 4(f)(3) "'stands independently, on equal footing' with the other provisions of Rule 4(f) and that a plaintiff may seek leave to effect alternative service even before attempting service of any other kind" ).

Rule 4(f)(3) allows a court to "fashion [a] means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *Front Row Fund I, L.P. ex rel. ChoiceWORX, Inc. v. Gross*, No. 23-cv-02255 (JHR) (JLC), 2023 WL 4441976, at *1 (S.D.N.Y. July 11, 2023) (citation omitted). In evaluating whether service comports with due process, "[a] court must . . . determine that the proposed method of service is reasonably calculated, under all the circumstances, to give actual notice to the party whose interests are to be affected by the suit or proceeding, and to afford him an adequate opportunity to be heard." *United States v. Mrvic*, 652 F. Supp. 3d 409, 412 (S.D.N.Y. 2023) (citation omitted).

## DISCUSSION

Rule 4(f)(3) requires a two-part analysis, first addressing whether the ordered means of service is not prohibited by international agreement, and secondly, analyzing whether service comports with constitutional due process. Addressing the first prong of the analysis, the UAE is not a signatory to the Hague Convention, nor any other international treaty on service. *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Status Table, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17

5

(last visited May 15, 2025); *CKR Law LLP v. Anderson Investments Int'l, LLC*, 525 F. Supp. 3d 518, 524 (S.D.N.Y. 2021). As such, there is no international agreement that governs service of persons located within the UAE. Courts in this District have therefore authorized service via alternate means under Rule 4(f)(3) for defendants located in the UAE. *CKR Law LLP v. Anderson Investments Int'l, LLC*, 525 F. Supp. 3d at 524; *see Berdeaux v. OneCoin Ltd.*, No. 19-CV-4074 (VEC), 2020 WL 409633, at *1 (S.D.N.Y. Jan. 24, 2020).

Under the second prong of the Rule 4(f)(3) analysis, the alternative method of service, here, serving Zhao's domestic counsel, must comport with constitutional notions of due process. *Gross*, 2023 WL 4441976, at *1. As the court concluded in *Jian Zhang*, "service on [defendant's] counsel would satisfy the requirements of due process" because defendant was found to have "actual notice of this lawsuit and there is evidence of 'adequate communication' between [defendant] and counsel in any event." *Jian Zhang v. Baidu.Com Inc.*, 293 F.R.D. 508, 515 (S.D.N.Y. 2013); *see also Atlantica Holdings, Inc.*, 2014 WL 12778844 at *3 ("service on Defendant's domestic counsel . . . plainly satisfies both [Rule 4(f)(3)] requirements [that alternate service is acceptable if it is not prohibited by international agreement and comports with constitutional notions of due process]"); *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 116-117 (S.D.N.Y. 2010).

In the Declaration of Marco Molina in support of Zhao's Opposition to Plaintiffs' Motion for Leave to Serve by Alternative Means, ECF No. 64, defense counsel attaches an email chain between the parties, ECF No. 64-1. The email

6

exchange clearly shows that Zhao and his attorneys have communicated regarding Plaintiffs' motion for alternative service. In fact, the email reflects that Zhao authorized his counsel to accept the Plaintiffs' offer of a 7-day courtesy extension to respond to the motion, in exchange for confirming that Zhao resides in the UAE. ECF No. 64-1 at 1. This exchange exemplifies that service upon his counsel will provide Zhao—who is apparently already aware of this instant action—with notice that comports with constitutional due process.

In opposing the motion for alternate service, Zhao principally contends that Plaintiffs are precluded from seeking relief under Rule 4(f)(3) because they have not demonstrated that they have reasonably and unsuccessfully attempted to effectuate service through either Rule 4(f)(1) or 4(f)(2). ECF No. 63 at 4-8. Zhao overstates the burden that Plaintiffs must meet. While it is true that some courts in this Circuit consider whether plaintiffs have shown that they have "reasonably attempted to effectuate service" and that "the circumstances are such that the court's intervention is necessary," exhaustion of efforts under Rule 4(f)(1) or 4(f)(2) is not a prerequisite to obtaining relief under Rule 4(f)(3). *Peifa Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655 (ER), 2020 WL 1508748, at *14 (S.D.N.Y. Mar. 30, 2020) ("There is no strict requirement that a plaintiff pursue service through an international agreement before asking a court's assistance in ordering alternative service, and the decision of whether to allow that service is committed to the sound discretion of the district court."); *see also Bunce v. Glock, Inc.*, No. 2:23-cv-00133, 2024 WL 3306172, at *2 n.3. (D. Vt. June 18, 2024) (Rule 4(f)(3) "does not require

7

exhaustion of all possible methods of service before a court may authorize service by 'other means,' such as service through counsel."); *Gang Chen*, 2021 WL 103306, at *2 ("The rule treats each of the three alternatives equally and 'does not require a party to exhaust efforts to serve pursuant to Rules 4(f)(1) or 4(f)(2) before seeing an order under Rule 4(f)(3).'" (cleaned up)); *Convergen Energy LLC v. Brooks*, No. 20-CV-3746 (LJL), 2020 WL 4038353, at *4 (S.D.N.Y. July 17, 2020) ("The Rule does not impose any order of priority among the three subsections."); *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) ("[U]nder Rule 4(f)(3), a plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3).").

Courts engage in this inquiry in "order to prevent parties from whimsically seeking an alternate means of service." *Peifa Xu*, 2020 WL 1508748, at *14. But the determination whether to permit alternate service under this rule lies within the sound discretion of the district court. *Id.*; *see also Pinkfong Co., Inc. v. Avensy Store*, No. 23-cv-09238 (JLR), 2023 WL 8531602, at *1 (S.D.N.Y. Nov. 30, 2023). Indeed, courts not infrequently allow alternative service to prevent the delay of litigation. *See In re GLG Life Tech Corp. Securities Litigation*, 287 F.R.D. 262, 266-267 (S.D.N.Y. 2012) (collecting cases).

The Court finds that Plaintiffs have made a sufficient showing that judicial intervention is appropriate in this case. The record shows that Plaintiffs urgently attempted to serve Zhao, on multiple occasions, while he was in the United States. ECF No. 45 at 1-2. Plaintiffs have also taken efforts to locate Zhao's address in the

UAE so they could effectuate service. ECF No. 66 at 7-8. For example, Plaintiffs outlined how they worked with investigators who determined that the UAE "does not have a centralized database of home addresses, and that property records are not publicly available across the country." Fisher Decl., ¶ 5. The investigators also "spoke with contacts in the UAE" who were unable to determine Zhao's address. *Id*. Attempting to locate Zhao in the UAE "would thus require on-the-ground interviews, which are time-consuming, costly, and by no means even guaranteed to reveal Mr. Zhao's location." *Id*. Moreover, Plaintiffs requested that Zhao's counsel accept service on his behalf. ECF No. 45 at 3; *see also* ECF No. 64-1. These efforts are akin to the plaintiff's efforts in *Mrvic*, where the Court highlighted the various unsuccessful efforts that the plaintiff went through to uncover defendant's address, "including internet searches for current contact information, and asking counsel to accept service on Defendant's behalf." 652 F. Supp. 3d at 415.

The facts presented in the instant motion are therefore distinguishable from the cases relied upon by Zhao, where plaintiffs made little to no effort to effectuate service. *See, e.g.*, *Shanghai Zhenglang Tech. Co. v. Mengku Tech. Co.*, No. 20-CV-5209(JS)(ARL), 2020 WL 13280555, at *2 (E.D.N.Y. Nov. 18, 2020) (holding that failure to attempt service under the Hague Convention was "fatal" to a plaintiff's motion where plaintiff knew the defendant's address but did not take any steps to effectuate service); *Freeplay Music, LLC, v. Rigol Techs. USA, Inc.*, No. 18 Civ. 10980 (ER), 2020 WL 564232, at *4 (S.D.N.Y. Feb. 4, 2020) (distinguishing cases in which defendant's address was not known).

Zhao further objects to the method of service proposed by Plaintiffs. ECF No. 63 at 14-16. Yet service on defendant's domestic counsel is commonly authorized under Rule 4(f)(3). *Mrvic*, 652 F. Supp. 3d at 412 (collecting cases); *see also Jian Zhang.*, 293 F.R.D. at 515 (permitting service on foreign defendant's New York counsel pursuant to Rule 4(f)(3)).

Zhao contends that Plaintiffs cannot serve a foreign resident through a current or former United States-based counsel under Rule 4(f)(3), as the Rule addresses the methodology for service "at a place not within any judicial district of the United States." ECF No. 63 at 15-16. While "courts are split on the issue of whether domestic service on a foreign defendant's U.S. counsel can constitute service 'at a place not within' the U.S. under Rule 4(f)(3), . . . the majority view service on U.S.-based counsel a permissible method under Rule 4(f)(3)." *In re Fairfield Sentry Ltd.*, No. 10-13164 (SMB), 2020 WL 7345988, at *12 (Bankr. S.D.N.Y. Dec. 14, 2020) (collecting cases) (cleaned up). In line with the majority of courts in this District, the Court agrees that "service to a foreign defendant via a domestic conduit is permissible under Rule 4(f)(3)." *Id*. The "relevant circumstance is where the defendant is, and not the location of the intermediary." *Washington State Inv. Bd. v. Odebrecht S.A.,* No. 17 CV. 8118 (PGG), 2018 WL 6253877, at *4 (S.D.N.Y. Sept. 21, 2018).

The Court, therefore, finds it appropriate in this instance to authorize alternate service on Zhao's domestic counsel, BakerHostetler, pursuant to Rule

4(f)(3). As such, the Court need not address the merits of Plaintiffs' motion for alternative service pursuant to Rule 4(e).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for alternate service on Zhao is GRANTED pursuant to Rule 4(f)(3). Plaintiffs are ORDERED to serve Zhao's domestic counsel at BakerHostetler with the Summons and Complaint within thirty days of this order. The Clerk of Court is directed to terminate ECF No. 45.

SO ORDERED.

Dated: May 16, 2025  
      New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge