June 25, 2025

**VIA ECF**

Hon. Jeannette A. Vargas
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 703
New York, NY 10007

          RE:    <u>*Troell et al.* v. *Binance Holdings Ltd., et al.*, No. 1:24-cv-07136 (S.D.N.Y.)</u>

Dear Judge Vargas,

     Defendants Binance Holdings Limited, BAM Trading Services Inc., and Changpeng Zhao respectfully submit this letter in response to Plaintiffs' June 23, 2025 "Notice" (ECF No. 110) of their purported concern about Defendants' supposed noncompliance with the Court's May 21, 2025 Order (ECF No. 100, the "May Order"). Plaintiffs' Notice misstates the facts, is premature, and serves no purpose other than to burden this Court with pointless filings. As detailed below, Defendants are complying with the May Order, and any outstanding issues can be addressed at the scheduled **July 14** status conference.

     The May Order requires **(1)** the Defendants to provide Plaintiffs with certain information regarding the contents of the Government Productions[1] and to discuss their potential relevance; **(2)** the Parties to meet and confer on how this case should proceed, including whether the selection of bellwether plaintiffs would be appropriate and, if so, how they should be selected and how that would affect discovery deadlines; and **(3)** the Parties to submit a joint letter on July 7 regarding the outcome of their meet and confers.

     Regarding the Government Productions, as we have repeatedly told Plaintiffs, Defendants have been working diligently to collect the required information (notably, none of Defendants' present counsel were involved in the Government investigations).[2] Defendants expect to provide Plaintiffs with responsive information by **Friday, June 27**, which will allow over a week to meet and confer before submitting the July 7 letter—and over two weeks before the July 14 status conference.

     As to a bellwether process, on June 11, 2025, Defendants sent Plaintiffs a proposed questionnaire seeking information sufficient to identify relevant factors for bellwether selection. Plaintiffs responded that such a questionnaire was unprecedented in ATA cases, and that they would only provide some "demographic information" so that Defendants could do their own diligence on key information on the 550 named Plaintiffs. In response, Defendants pointed out that in one of the very few ATA cases that has actually proceeded to trial—*Linde et al.* v. *Arab*

---

[1] As defined in the May Order.
[2] Plaintiffs' Notice misstates the record of the June 20 meet and confer—Defendants' counsel never stated that the May Order did not require providing the additional information prior to July 7.

*Bank, PLC*, No. 04 Civ. 2799 (E.D.N.Y)—Magistrate Judge Pohorelsky and Judge Gershon ordered the use of a similar questionnaire. We also suggested that Plaintiffs provide a redline of the questionnaire so that we could discuss what information they thought was irrelevant.

The Parties met and conferred on June 20 and discussed in detail a bellwether process and our respective views on the same. Defendants again asked Plaintiffs to identify in a redline of the questionnaire the questions they found objectionable (they have not yet done so). Plaintiffs stated they would provide Defendants with a spreadsheet listing information about the named Plaintiffs. They have not done this either. Instead, on June 23 (shortly after filing their Notice), Plaintiffs sent an email proposing that instead of focusing on a representative sample of the Plaintiffs, the parties select a list of representative *attacks*. Despite the lack of consistency in the Plaintiffs' position on the bellwether issue, and their failure to meaningfully engage on the issue thus far, Defendants remain committed to working and meeting with Plaintiffs to determine whether a bellwether proceeding is appropriate and acceptable to the Parties.

We will update the Court on the outcome of our continued discussions on July 7, as ordered.

Respectfully submitted,

| /s/ *Anirudh Bansal* | /s/ *Thania Charmani* | /s/ *Katherine L. McKnight* |
|---|---|---|
| Anirudh Bansal | Thania (Athanasia) Charmani | Katherine L. McKnight |
| Cahill Gordon & Reindel LLP | Winston & Strawn LLP | BakerHostetler LLP |
| | | |
| *Counsel to Defendant Binance Holdings Limited* | *Counsel to Defendant BAM Trading Services Inc.* | *Counsel to Defendant Changpeng Zhao* |

cc: All attorneys via ECF