# EXHIBIT 2

SPARACINO
PLLC

July 18, 2025

Counsel,

I write to continue the parties' discussions about determining an appropriate bellwether process for discovery and trial. As Judge Vargas confirmed during the recent conference, she wants the parties to come up with a reasonable, efficient approach to bellwether discovery. *See, e.g.*, Tr. 41-42. She suggested that the parties select a "representative" set of bellwether plaintiffs who would "allow the parties to have some indication as to the strength and weaknesses of various types of claims." *Id.* As she detailed, "the idea would be to have a victim of an attack versus a family member of an attack versus a couple of different types of attacks, and perhaps different terrorist groups so that we have some sampling representative of the wide claims that we don't have to bog down in discovery on 500-plus plaintiffs." Tr. 42:6-11. At bottom, though, the "point of this process is to streamline, to make this efficient, and make this something workable." Tr. 43:21-22.

Plaintiffs recognize that Judge Vargas expressed concerns that our original proposal—which involved focusing on 12 attacks (and 24 plaintiffs)—was "excessive," Tr. 43:20. And we understand that Judge Vargas believes that focusing on "four, five, maybe six" attacks would be more efficient. Tr. 41:23.

**Picking Bellwether Attacks**

To actualize these goals and to promote efficient discovery (and later trial), Plaintiffs offer the following bellwether proposal for your consideration.

Due to the significant number of attacks in the Amended Complaint, we are inclined to target the high end of the range Judge Vargas suggested. We thus propose that the parties should agree upon **six attacks** from which bellwether plaintiffs could be selected. The bellwether attacks should involve a cross-section of **Foreign Terrorist Organizations (FTOs)** and **attack modalities** that are most prominently featured in the Amended Complaint. There should also be **temporal diversity**; that is, attacks from different years for which the relevant bellwether plaintiffs' claims would cover all three defendants.

To that end, Plaintiffs propose the following be used as bellwether attacks, from which bellwether plaintiffs could be selected:

| Attack Date | Attack Geography | Primary Terrorist Groups Involved | Number of Victims | Attack Modality | Amended Complaint Citation |
|---|---|---|---|---|---|
| 2018-2020 | Yemen | Houthis, Hezbollah | 6 | Kidnapping | XIV(C)(1) |
| 1/14/2019 | Afghanistan | al-Qaeda | 5 | Suicide Bombing | XIV(E)(2) |

1

| | | | | | |
|---|---|---|---|---|---|
| 1/8/2020 | Iraq | IRGC, Hezbollah, Kataib Hezbollah | 197 | Missiles, Rockets | XIV(A)(9) |
| 9/28/2022 | Iraq | Hezbollah, Kataib Hezbollah | 3 | Rockets, UAVs | XIV(A)(24) |
| 10/7/2023 | Israel | Hamas, PIJ | 45 | Complex Attack | XIV(D)(3) |

In addition to these five attacks, we think it makes sense to include one of the following two attacks committed by ISIS. We leave it to Defendants to choose, as we feel they are sufficiently comparable for bellwether representativeness purposes.

| Attack Date | Attack Geography | Primary Terrorist Groups Involved | Number of Victims | Attack Modality | Amended Complaint Citation |
|---|---|---|---|---|---|
| 1/16/2019 | Syria | ISIS | 12 | Suicide Bombing | XIV(F)(3) |
| 8/26/2021 | Afghanistan | ISIS | 10 | Suicide Bombing | XIV(F)(4) |

Focusing on these six attacks would adequately allow the parties to have some indication as to the strength and weaknesses of various types of claims, and would help to narrow discovery.

We believe that these proposed bellwether attacks comprise a representative cross-section of the 64 attacks in the Amended Complaint, and we have selected them without regard to the particular plaintiffs associated with them. Each of the FTOs featured most prominently in the Amended Complaint are represented. There are various attack modalities. We have also selected a variety of geographies from within the Greater Middle East, which we view as the most representative attack locations. Moreover, the timing for the attacks is weighted in favor of those years when Binance.US was operating. These attacks would allow the parties to select bellwether plaintiffs of various victim types: direct victims who were killed in the attack; direct victims who were wounded in the attack and are still living; and indirect victims who have various familial relationships to the direct victims.

Please let us know your position on this approach. If you disagree with this approach, please offer a counter-proposal for us to consider.

**Picking Bellwether Plaintiffs**

Once the bellwether attacks are selected, we would compile and provide to Defendants additional information about *all* of the individual plaintiffs whose claims arise from those attacks. After Defendants have the opportunity to review that information (and conduct whatever supplemental investigation they deem reasonable), the parties would **each pick one plaintiff from each attack, for twelve total trial bellwether plaintiffs, and one plaintiff from each attack would**

2

**randomly be selected as an alternate**, so that discovery is completed as to those alternates. Selecting two plaintiffs per attack would give better insight into damages and ensure that each side has its own opportunity to select a plaintiff for each attack. One alternate for each attack would hedge against the risk of a plaintiff dying or choosing to voluntarily dismiss their claims at a later stage.

Plaintiffs are working to, and prepared to, provide additional information about the victims who were involved in the bellwether attacks, mindful of Judge Vargas's comment that the "most relevant information would pertain to the damages that each of these individuals suffered." Tr. 45:25-46:1.

Accordingly, we are working to provide the following:
- The victim's date of birth;
- The victim's address;
- The victim's employer at the time of the attack (for direct victims);
- The victim's Veterans Affairs (VA) disability rating;
- Whether the victim has had a claim approved by the U.S. Victims of State Sponsored Terrorism (USVSST) Fund.

We anticipate sharing this information on a rolling basis. If there is additional information you deem necessary, please let us know and we will consider that request. For the avoidance of doubt, the sharing of information does not constitute an admission that the information necessarily bears on the amount of damages that should be awarded; plaintiffs reserve all rights to challenge defendants' attempts to mitigate liability or damages based on information we provide.

If you request additional information, we ask you to follow Judge Vargas's admonition that the purpose of disclosing additional information "at the outset of a bellwether" is to "choose the appropriate scope of discovery"—and not "to replace discovery." Tr. 46:8-16. In particular, "choos[ing] appropriate plaintiffs" does not require "document requests seeking all of these people's medical information at the outset," Tr. 46:9-12, and the previously shared Plaintiff Fact Sheet was "wholly excessive for simply getting a representative sample," Tr. 44:19-20.

**Request To Meet and Confer**

Please let us know when you are available to meet and confer **next week** to discuss our bellwether proposal. We propose meeting for one hour during any of the following timeslots (all times ET):
- July 22 – 10:30am-2:00pm; 3:00-5:00pm
- July 23 – 12:00-2:00pm; 3:00-5:00pm
- July 24 – 10:00-11:45am; 2:00-5:00pm

This discussion is separate from, and in addition to, our request to meet and confer regarding the government productions.

3

We hope to efficiently and promptly resolve this issue, so we can move the case forward as the Court directed.

All the best,

Matthew J. Fisher
Sparacino PLLC

*Counsel for Plaintiffs*