# EXHIBIT 3

Emails dating earlier than August 8, 2025 have been omitted for clarity.

| | |
|---|---|
| **From:** | Wiley, Miles C. |
| **To:** | Garimella, Sesi V.; Ian Miller; "Charmani, Thania"; Torres, Ivan; Bansal, Anirudh; Stabile, Daniel Tramel; Matt Fisher; Tejinder Singh; Raj Parekh; Tony Asuncion; Stacey Wilson; Geoff Eaton; Ryan Sparacino; Vincent Levy; Enzer, Samson; Mortenson, Gregory; Adam Goldstein; McKnight, Katherine L.; Wasick, Joanna F.; Molina, Marco; Goody Guillén, Teresa; Christopher M. Kim |
| **Subject:** | RE: Troell v. Binance ESI Protocol |
| **Date:** | Saturday, August 9, 2025 2:58:46 PM |
| **Attachments:** | Troell - Bellwether Document Requests (8-9).docx |

Ian,

Before Monday's meet and confer—which you have insisted on accelerating even though we had a lengthy meeting on Tuesday—we request that you provide immediately the following information, in part because it is necessary to advance the bellwether discussions. In this regard we would note that while you made a proposal on July 18, you have not provided sufficient information for the defendants to properly evaluate it. Accordingly, we ask that you provide the following information before our meet and confer Monday:

First, you have stated that you will begin to produce the information outlined in your July 18 letter (*i.e.* the victim's date of birth, address, employer at the time of the attack (for direct victims), and Veterans Affairs (VA) disability rating; and whether the victim has had a claim approved by the U.S. Victims of State Sponsored Terrorism (USVSST) Fund) on a rolling basis. You have provided none of these materials. Please provide them before Monday.

Second, we ask that each Plaintiff now provide a basic fact sheet containing the following information:

A. For each victim or represented person, the biographical details you have already agreed to provide for victims plus: legal name and any prior legal names; citizenship/ U.S. National status at the time of the incident and today (if different); and date of death (if deceased).
B. Categorization of claimed injuries such as: physical injury; wrongful death; loss of consortium; emotional distress; economic dependency; solatium (emotional harm from the death of a family member); and/or any other injuries (to be explained).
C. A list of any other actions related to the attack in which the Plaintiff or represented person is, or was, a party.
D. Estimated monetary value of the injuries.
E. Whether an application has been filed with the U.S. Victims of State Sponsored Terrorism Fund, and, if not approved, what the current status is, including the reason for denial, if denied.
F. Whether the victim has applied for reimbursement or compensation from any other source in relation to their injuries, and the status of any such application.

Third, please provide the information and materials set forth in the attached document, which will help the parties assess certain bellwether issues ahead of our meeting and next court conference.

Finally, Plaintiffs' complaint relies heavily on analysis that purports to identify "Binance transactions" with wallets associated with certain FTOs and other potentially relevant actors. We understand from recent discussions that you will contend the purported connections drawn by this analysis are central to the proof of any set of bellwether attacks. Naturally this undisclosed analysis is readily available to you since you cited it at length in your complaint. We asked for this analysis in our requests for production of December 2, 2024, and you have not provided it. Accordingly, we request that Plaintiffs produce this analysis to us immediately.

These requests are without prejudice to any further requests for relevant and reliable documents, and other discovery, in this matter, and Defendants reserve their rights to supplement these requests as the parties' bellwether discussions continue.

Best,
Miles

**Miles C. Wiley, IV** (he/him/his) | Partner
**Cahill Gordon & Reindel LLP**
32 Old Slip, New York, NY 10005
**t:** +1.212.701.3395 | **m:** +1.703.203.8361 | MWiley@cahill.com
www.cahill.com

**From:** Garimella, Sesi V. <SGarimella@cahill.com>
**Sent:** Friday, August 8, 2025 8:23 PM
**To:** 'Ian Miller' <IMiller@hsgllp.com>; 'Charmani, Thania' <ACharmani@winston.com>; Torres, Ivan <ITorres@cahill.com>; Bansal, Anirudh <ABansal@cahill.com>; Stabile, Daniel Tramel <DStabile@winston.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; Tejinder Singh <tejinder.singh@sparacinopllc.com>; Raj Parekh <raj.parekh@sparacinopllc.com>; Tony Asuncion <anthony.asuncion@sparacinopllc.com>; Stacey Wilson <stacey.wilson@sparacinopllc.com>; Geoff Eaton <geoff.eaton@sparacinopllc.com>; Ryan Sparacino <ryan.sparacino@sparacinopllc.com>; Vincent Levy <vlevy@hsgllp.com>; Enzer, Samson <SEnzer@cahill.com>; Mortenson, Gregory <GMortenson@cahill.com>; Adam Goldstein <adam.goldstein@sparacinopllc.com>; McKnight, Katherine L. <kmcknight@bakerlaw.com>; Wasick, Joanna F. <jwasick@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Goody Guillén, Teresa <tgoodyguillen@bakerlaw.com>; Christopher M. Kim <CKim@hsgllp.com>; Wiley, Miles C. <MWiley@cahill.com>
**Subject:** RE: Troell v. Binance ESI Protocol

Ian, we continue to believe that proceeding with a meet and confer on Monday, when you have only just shared your search term proposal with us, is premature and inefficient. Nevertheless, we will accommodate your request. We are available on Monday between 10:30 am and 1 pm ET. In the interest of moving things forward as expeditiously as possible, we will also share with you shortly, a list of open questions/requests that are necessary to advance the bellwether discussions.

**Sesi V. Garimella** | Partner
**Cahill Gordon & Reindel LLP**
32 Old Slip, New York, NY 10005
**t:** +1.212.701.3073 | SGarimella@cahill.com
www.cahill.com

**From:** Ian Miller <IMiller@hsgllp.com>
**Sent:** Friday, August 8, 2025 4:33 PM
**To:** Garimella, Sesi V. <SGarimella@cahill.com>; 'Charmani, Thania' <ACharmani@winston.com>; Torres, Ivan <ITorres@cahill.com>; Bansal, Anirudh <ABansal@cahill.com>; Stabile, Daniel Tramel

<DStabile@winston.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; Tejinder Singh <tejinder.singh@sparacinopllc.com>; Raj Parekh <raj.parekh@sparacinopllc.com>; Tony Asuncion <anthony.asuncion@sparacinopllc.com>; Stacey Wilson <stacey.wilson@sparacinopllc.com>; Geoff Eaton <geoff.eaton@sparacinopllc.com>; Ryan Sparacino <ryan.sparacino@sparacinopllc.com>; Vincent Levy <vlevy@hsgllp.com>; Enzer, Samson <SEnzer@cahill.com>; Mortenson, Gregory <GMortenson@cahill.com>; Adam Goldstein <adam.goldstein@sparacinopllc.com>; McKnight, Katherine L. <kmcknight@bakerlaw.com>; Wasick, Joanna F. <jwasick@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Goody Guillén, Teresa <tgoodyguillen@bakerlaw.com>; Christopher M. Kim <CKim@hsgllp.com>; Wiley, Miles C. <MWiley@cahill.com>
**Subject:** RE: Troell v. Binance ESI Protocol

Sesi,

Plaintiffs have requested for three weeks that all Defendants provide the government's requests (in both initial and narrowed form), that all Defendants provide the production cover letters, and that Binance.US provide the SEC search terms used to create the production that was provided wholesale to the DOJ. To date, Defendants have provided none of that information. Defendants have instead demanded that Plaintiffs proceed without the context for the government's requests, in a blatant failure to comply with the Court's order to provide the information necessary—including at the very minimum the narrowed government requests—to understand the context of the government productions. That is plainly improper.

Nonetheless, because time continued to pass and Plaintiffs were (and remain) deeply concerned that no progress will (again) be made before the conference, Plaintiffs spent time closely reviewing the list of search terms to provide a compromise position in order to make every effort to comply with the Court's very clear direction that the parties work hard to reach a practical compromise—and even though Plaintiffs lacked the government requests or any other relevant information such as the production cover letters. To be clear, despite your prior representations, it is now abundantly clear that nearly all the search terms are centrally relevant to Plaintiffs' allegations; our compromise proposal is simply intended to accelerate what has thus far been a glacial pace of discovery. We will send an invite for Wednesday afternoon to meet and confer regarding Plaintiffs' proposal. Plaintiffs will also be ready to discuss the bellwether.

However, there are numerous ripe discovery disputes. Not only are Plaintiffs' continued requests that Defendants comply with the Court's order to provide the government requests in some form and that Defendants provide the production cover letters ripe, but there are also a host of other ripe issues, all of which have been outstanding since Friday, July 18. These include Plaintiffs' interrogatory request, detailed below, Plaintiffs' requests for other documents that should be provided on a parallel track to the government production, also detailed below, as well as Plaintiffs' continued request that Defendants provide Defendants' jointly-proposed ESI protocol, which Defendants have repeatedly promised. On Wednesday, Plaintiffs requested a meet and confer within three business days on ripe discovery disputes pursuant to Rule 6(B)(i) of Judge Vargas's Individual Rules and Practices, on either Friday or

Monday at Defendants' convenience. Plaintiffs continue to seek a meet and confer on the ripe discovery issues on Monday. Failure to meet and confer will prevent Plaintiffs from timely seeking relief from the Court in advance of the conference. <u>Therefore, Plaintiffs intend to seek relief from the Court if Defendants refuse to meet and confer on Monday</u> in violation of Rule 6(B)(i) of Judge Vargas's Individual Rules and Practices. Please let us know what times Defendants are available on Monday.

Finally, Defendants have not provided a counterproposal to Plaintiffs' detailed bellwether proposal. Defendants instead put the cart before the horse by arguing that Defendants must have all the information necessary to *select* the bellwether Plaintiffs before engaging on the *structure*. Nonetheless, for the avoidance of doubt, Plaintiffs are working on additional information to provide to Defendants (as my co-counsel explained in his email from earlier today). Notably, this effort is ongoing despite Defendants' failure to produce a single document in this case for over nine months since the issuance of RFPs.

Best,
Ian

Ian Miller
**HOLWELL SHUSTER & GOLDBERG LLP**
Office: (646) 837-5122 | Mobile: (336) 816-8349 | Bio
425 Lexington Ave | New York, New York 10017 | hsgllp.com

---

**From:** Garimella, Sesi V. <SGarimella@cahill.com>
**Sent:** Friday, August 8, 2025 10:58 AM
**To:** Ian Miller <IMiller@hsgllp.com>; 'Charmani, Thania' <ACharmani@winston.com>; Torres, Ivan <ITorres@cahill.com>; Bansal, Anirudh <ABansal@cahill.com>; Stabile, Daniel Tramel <DStabile@winston.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; Tejinder Singh <tejinder.singh@sparacinopllc.com>; Raj Parekh <raj.parekh@sparacinopllc.com>; Tony Asuncion <anthony.asuncion@sparacinopllc.com>; Stacey Wilson <stacey.wilson@sparacinopllc.com>; Geoff Eaton <geoff.eaton@sparacinopllc.com>; Ryan Sparacino <ryan.sparacino@sparacinopllc.com>; Vincent Levy <vlevy@hsgllp.com>; Enzer, Samson <SEnzer@cahill.com>; Mortenson, Gregory <GMortenson@cahill.com>; Adam Goldstein <adam.goldstein@sparacinopllc.com>; McKnight, Katherine L. <kmcknight@bakerlaw.com>; Wasick, Joanna F. <jwasick@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Goody Guillén, Teresa <tgoodyguillen@bakerlaw.com>; Christopher M. Kim <CKim@hsgllp.com>; Wiley, Miles C. <MWiley@cahill.com>
**Subject:** RE: Troell v. Binance ESI Protocol

Ian,
We appreciate you sending along the search term proposal. That said, we produced the full set of government search terms to you on July 24 and have repeatedly asked for your position on which terms you believe are relevant to your claims. It is not reasonable for Plaintiffs to have sat on these terms for weeks, and then send us a 39-page document and insist on a response from us within three days. Regardless, we will endeavor to give you our reactions next week, and propose that the parties meet and confer **on Wednesday afternoon** to discuss the search terms.
One initial reaction to your lengthy document is that many of the terms you have selected are not

directed at information relevant to this action, including those that would capture documents relevant only to the CFTC investigation. As discussed, that investigation is too far afield from the issues in your complaint to be relevant in this case. We do not agree with your position that every alleged effort to avoid U.S. regulation is somehow relevant to your claims. We would appreciate that you come prepared to justify your insistence on making the CFTC investigation a part of discovery here. Also at our meeting, we will expect you to be prepared to address the bellwether discovery the Court said Plaintiffs should provide. In this regard, we note that you have still not provided even the wholly-insufficient information you committed to providing us in your July 18 email, three weeks ago; and that we have been asking for basic, necessary discovery on the bellwether issue for over 8 weeks.

Please let us know if there is a time on Wednesday afternoon that works for your team.

**Sesi V. Garimella | Partner**
**Cahill Gordon & Reindel LLP**
32 Old Slip, New York, NY 10005
**t:** +1.212.701.3073 | SGarimella@cahill.com
www.cahill.com

## **Documents from Plaintiffs to Support Bellwether Selection**

I. **Documents Relating to Plaintiff's Ability to Bring Action (Whether Direct or Representative)**

    A. Documents showing U.S. citizenship (passport, birth certificate, certificate of naturalization, etc.)

    B. Documents showing requisite familial relationships, including marriage, adoption, or authority to represent the estate where applicable

II. **Documents Relating to Death and Injuries (whether physical or emotional)**

    A. Documents sufficient to show injury or death during particular attack

    B. Documentation provided by the U.S. government (including the U.S. military) in relation to the passing of the principal victim, including, but not limited to, Consular Reports of Death of an American Citizen Abroad

    C. Proof of residency in country where attack occurred, if principal victim was residing there

    D. Any materials produced in other cases

    E. Packets of any information submitted in connection with applications for claims to USVSST fund, or other sources