# EXHIBIT 4

Emails dating earlier than August 10, 2025 have been omitted for clarity.

| | |
|---|---|
| **From:** | Wasick, Joanna F. |
| **To:** | Adam Goldstein; Wiley, Miles C.; Garimella, Sesi V.; Ian Miller; "Charmani, Thania"; Torres, Ivan; Bansal, Anirudh; Stabile, Daniel Tramel; Matt Fisher; Tejinder Singh; Raj Parekh; Tony Asuncion; Stacey Wilson; Geoff Eaton; Ryan Sparacino; Vincent Levy; Enzer, Samson; Mortenson, Gregory; McKnight, Katherine L.; Molina, Marco; Goody Guillén, Teresa; Christopher M. Kim |
| **Subject:** | RE: Troell v. Binance ESI Protocol |
| **Date:** | Sunday, August 10, 2025 2:01:19 PM |
| **Attachments:** | image001.jpg<br>image002.png<br>image003.png<br>image004.png<br>Preliminary Documents from Plaintiffs.docx |

Adam,

Following Anirudh's email and yours below, we want to make clear that, while the information requested thus far may (we hope) further bellwether discussions leading up to our court conference, we do not think it is sufficient for any final determination on what a proper bellwether attack, trial, or plaintiff could be in this case. *Adams v. Deva Concepts, LLC*, 2023 WL 6518771, at *6 (S.D.N.Y. Oct. 4, 2023) (deferring decision on whether to conduct a bellwether process where the information collected was "unverified or dubiously verified"). And we strongly disagree that basic, verifiable information on Plaintiffs is unnecessary "to decide on the structure of a bellwether proceeding or to select bellwether attacks." Quite the opposite – the Parties and the Court need this information to understand and identify common issues and applicable variables for bellwether consideration as a whole.

Relatedly, and as I tried to emphasize on our last call, we do not see how Defendants can agree to any streamlined procedure that limits our right to proof of Plaintiffs' standing. *Carney v. Adams*, 592 U.S. 53, 60 (2020) ("plaintiff bears the burden of establishing standing"). I am attaching a list of examples of documents that builds off the one sent yesterday. We do not expect Plaintiffs to have these documents prior to the Aug. 20 conference; I am providing this as an example of what Defendants would expect following.

Best,
Joanna

**Joanna F. Wasick**
She | Her | Hers
Partner

_____

45 Rockefeller Plaza
New York, NY 10111-0100
T +1.212.589.4635
M +1.917.494.5239

jwasick@bakerlaw.com
bakerlaw.com



**From:** Adam Goldstein <adam.goldstein@sparacinopllc.com>
**Sent:** Sunday, August 10, 2025 1:48 PM
**To:** Wiley, Miles C. <MWiley@cahill.com>; Garimella, Sesi V. <SGarimella@cahill.com>; 'Ian Miller' <IMiller@hsgllp.com>; 'Charmani, Thania' <ACharmani@winston.com>; Torres, Ivan <ITorres@cahill.com>; Bansal, Anirudh <ABansal@cahill.com>; Stabile, Daniel Tramel <DStabile@winston.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; Tejinder Singh <tejinder.singh@sparacinopllc.com>; Raj Parekh <raj.parekh@sparacinopllc.com>; Tony Asuncion <anthony.asuncion@sparacinopllc.com>; Stacey Wilson <stacey.wilson@sparacinopllc.com>; Geoff Eaton <geoff.eaton@sparacinopllc.com>; Ryan Sparacino <ryan.sparacino@sparacinopllc.com>; Vincent Levy <vlevy@hsgllp.com>; Enzer, Samson <SEnzer@cahill.com>; Mortenson, Gregory <GMortenson@cahill.com>; McKnight, Katherine L. <kmcknight@bakerlaw.com>; Wasick, Joanna F. <jwasick@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Goody Guillén, Teresa <tgoodyguillen@bakerlaw.com>; Christopher M. Kim <CKim@hsgllp.com>
**Subject:** RE: Troell v. Binance ESI Protocol

[External Email: Use caution when clicking on links or opening attachments.]

Miles,

Delighted to make your acquaintance. This is the first meaningful response we've received to our July 18 proposal, so we will endeavor to get you most of your requested information as to plaintiffs whose claims arise from proposed bellwether attacks in short order. However, we are unable to provide you with the information and documents you requested for the first time yesterday—a Saturday—by tomorrow at 10:30 am. Importantly, none of the materials and additional information you have requested—which appear designed to aid defendants in selecting bellwether plaintiffs for each bellwether attack—are necessary to decide on the structure of a bellwether proceeding or to select bellwether attacks. On tomorrow's call, we are hoping to make progress in ironing out the details concerning the latter items rather than proposing/selecting the bellwether plaintiffs as to whom discovery would proceed. Consequently, we believe that the parties' bellwether-related discussions will not be impaired even if you do not have the materials and information you have requested by that manifestly unreasonable deadline (which you appear to have manufactured solely to excuse Defendants' continued delays in providing required information and producing documents).

As to your request for our analysis of certain transactions referenced in the Amended Complaint, our initial responses to your December 2, 2024 discovery requests made clear that we objected to this request on multiple grounds, including that this was protected attorney work product and that this type of analysis would be more appropriately produced/disclosed in the context of expert discovery. That this undisclosed analysis is (like all attorney work product) "readily available" to the attorneys litigating this case does not speak to our specific objections, much less support your demand that we produce it "immediately."

Best,

**Adam J. Goldstein**
Sparacino PLLC
1920 L Street, NW
Washington, DC 20036
O: 202.629.3530
M: 847.530.7753
www.sparacinopllc.com



This email, and any attachment to it, is intended solely for use by the addressee and may contain legally privileged or confidential information. If you are not the recipient of this email, any dissemination, distribution, or copying of this email, and any attachments, is strictly prohibited. If you have received this email in error, please notify Sparacino PLLC by email or phone at (202) 629-3530, and please delete the email in question.

## Preliminary Discovery from Plaintiffs

I. **Documents Relating to Plaintiff's Ability to Bring Action (Whether Direct or Representative)**

    A. Documents sufficient to show proof of U.S. citizenship (passport, birth certificate, certificate of naturalization, etc.)

        1. Certified via seal and signature (FRE 902(1)) or via signature and certification (FRE 902(2))

    B. Documents showing requisite familial relationship, including marriage, adoption, or authority to represent the estate where applicable

        1. Birth certificate(s) demonstrating alleged familial relationships

            a) If U.S.: certified via seal and signature (FRE 902(1)) or via signature and certification (FRE 902(2))
            b) If foreign: certified via Hague Apostille or consular legalization, depending on country of origin (FRE 902(3))

        2. Marriage certificate(s) demonstrating alleged familial relationships

            a) If U.S.: certified via seal and signature (FRE 902(1)) or via signature and certification (FRE 902(2))
            b) If foreign: certified via Hague Apostille or consular legalization, depending on country of origin (FRE 902(3))

        3. Adoption papers / certificates demonstrating alleged familial relationships, if relevant

            a) If U.S.: certified via seal and signature (FRE 902(1)) or via signature and certification (FRE 902(2))
            b) If foreign: certified via Hague Apostille or consular legalization, depending on country of origin (FRE 902(3))

        4. Letters of Testamentary, Letters of Administration, or other legal documentation demonstrating authorization to represent the estate of the decedent

            a) If U.S.: certified via seal and signature (FRE 902(1)) or via signature and certification (FRE 902(2))
            b) If foreign: certified via Hague Apostille or consular legalization, depending on country of origin (FRE 902(3))

II. **Documents Relating to Death and Injuries (whether physical or emotional)**

    A. Medical records evidencing injury during attack

*Attorney Work Product*
*Privileged and Confidential*

    B.    Death certificates of principal victim, if deceased

        1.    If U.S.: certified via seal and signature (FRE 902(1)) or via signature and certification (FRE 902(2))

        2.    If foreign: certified via Hague Apostille or consular legalization, depending on country of origin (FRE 902(3))

    C.    Documentation provided by the U.S. government (including the U.S. military) in relation to the passing of the principal victim, including, but not limited to, Consular Reports of Death of an American Citizen Abroad

        1.    Certified via seal and signature (FRE 902(1)) or via signature and certification (FRE 902(2))

    D.    Travel records (flights, hotels, etc.) sufficient to show that principal victim was in the location where the attack occurred, when it occurred

        1.    Certified via declaration / affidavit under FRE 902(11) or FRE 902(12), or through testimony of the custodian

    E.    Proof of residency in country where attack occurred, if principal victim was residing there

        1.    This could take many forms, but would likely either be a business record or a public record / document.

            c)    If a business record: certified via declaration / affidavit under FRE 902(11) or FRE 902(12), or through testimony of the custodian

            d)    If a U.S. public record / document: certified via seal and signature (FRE 902(1)) or via signature and certification (FRE 902(2))

            e)    If a foreign public record / document: certified via Hague Apostille or consular legalization, depending on country of origin (FRE 902(3))

    F.    Any materials produced in other cases

    G.    Packets of any information submitted in connection with applications for claims to USVSST fund, or other sources.