

430 Park Avenue, 10th Floor, New York, New York 10022-3505
t: +1 212 848 9800
f: +1 212 848 9888
www.withersworldwide.com

September 15, 2025

<u>VIA ECF</u>

Hon. Jeannette A. Vargas, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 703
New York, NY  10007

   RE: *Troell et al. v. Binance Holdings Ltd. et al.*, No. 1:24-cv-07136 (S.D.N.Y.)

Dear Judge Vargas:

This action was brought pursuant to the Anti-Terrorism Act, 18 U.S.C. § 2333, as amended by the Justice Against Sponsors of Terrorism Act, Pub. L. No. 114-222, 130 Stat. 851 (2016) (the "ATA").  On August 26, 2025, the Court ordered BHL "to produce the agreed-upon set of communications and attachments produced to OFAC (as described in the Status Letter at 5) before September 16, 2025" (ECF No. 137).  Per the parties' joint status letter (ECF No. 134), "BHL anticipate[d] producing a substantial portion of the approximately 9,000 OFAC communications and attachments (approximately 32,500 pages) produced to OFAC" by that date.  BHL and counsel have worked diligently to meet that deadline, but as described below, it is only during the review of those OFAC documents that BHL came to understand the magnitude of the data privacy issues present in these documents, including issues related to disclosing customer and employee personal identifying information, which implicate the laws of the many countries in which BHL customers and employees are located.

We have conducted our own preliminary research into jurisdictions at issue, but we are not qualified in those jurisdictions, nor is the retained data privacy expert qualified in every relevant jurisdiction.  We apologize for filing this letter within 48 hours of the deadline.  Though we worked diligently to attempt to obtain the foreign advice needed to review and produce a significant number of documents by tomorrow's deadline, it has become clear that BHL will need additional foreign legal advice and will continue to diligently obtain that advice.

The OFAC communications at issue include personal data of customers and employees in numerous countries.  As the Court is aware, certain foreign legal regimes impose civil and/or criminal penalties in connection with the disclosure of personal data, including identity and financial information.  In order to minimize the production of personal information of non-parties and limit the risk of civil or criminal penalties, while still complying with the discovery requirements in this case, we are making this request for additional time beyond September 16, 2025, to receive foreign legal advice regarding these documents in

direct: +1 212 848 9882
fax: +1 212 824 4282
e-mail: christopher.lavigne@withersworldwide.com
admitted in New York

Withersworldwide
London  Cambridge  Geneva  Milan  Padua  Sydney
Hong Kong  Singapore  Tokyo  British Virgin Islands
New York  Greenwich  New Haven  San Francisco
Los Angeles  Rancho Santa Fe  San Diego

connection with their production. Accordingly, we hereby respectfully seek modification of BHL's deadline to produce the OFAC communications as set forth herein.

Given the immediacy of the deadline, we did not have the opportunity to seek Plaintiffs' consent regarding this requested extension. Nonetheless, we alerted Plaintiffs' counsel of this request shortly before filing. This request is BHL's first request to extend the deadline for production of these documents. Our next Court conference is scheduled for October 22, 2025, at 2:30 PM.

**OFAC Communications and Attachments: Data Privacy and Privilege Issues**

Per the Court's August 26 order, we have reviewed approximately 9,000 electronic communications and attachments thereto for data privacy and privilege issues. During our review, we identified a significant number of documents which implicate data privacy and/or privilege issues that may require special designation, redaction, withholding with slipsheets, and/or logging. The privilege issues, which touch on only a small number of these documents, appear to contain privileged information involving multiple jurisdictions. Given the importance of the attorney-client privilege, we are in the process of investigating with prior counsel. Additionally, many of these documents contain foreign language text in numerous languages, which complicates and lengthens the review process.

Further, as noted above, a substantial number of documents implicate data privacy-related issues, particularly because of the multiple countries where Binance employees or customers were located. A larger number of documents than expected would disclose customer-identifying information, such as email addresses, IP addresses, physical addresses, and passport photographs. Additionally, many of the documents in the OFAC communications contain significant Binance employee personal identifying information, including names, physical locations and telephone numbers. Many of the documents are internal BHL chats, many of which contain hundreds or thousands of messages, constituting dozens of pages per chat. Through its data privacy review so far, BHL has discovered that in these chats, many of the messages display an employee's name and telephone number next to every message. Because many BHL employees worked remotely during the relevant time period, most, if not all, of these numbers are personal cell phone numbers. As a result, the internal BHL chats alone within the OFAC communications generally contain hundreds of BHL employees' names and personal cell phone numbers. Again, disclosure of these kinds of personal and privacy data may subject the disclosing party to civil or criminal liabilities.

Before producing documents that were previously produced to OFAC to private plaintiffs in this case, which would reveal personal identifying information and other sensitive data concerning BHL, its customers and its employees, BHL should be permitted to seek data privacy advice for all of the applicable jurisdictions where relevant customers and employees were located. BHL has been and is consulting foreign data privacy and security experts in these various jurisdictions.

The potential risks of disclosing this information go beyond compliance with, or liabilities arising from the breach of, foreign data privacy laws. Security is of primary concern to digital asset exchanges. In the first six months of 2025 alone, nearly $2 billion has been stolen in crypto-related crimes—more than the total for 2024—due in part to direct thefts and hacks.[1] A primary means of facilitating these hacks is through social engineering targeted at exchanges' employees.[2] Disclosure of identifying information about cryptocurrency customers and employees increases the chances that these non-party individuals are targeted.

---

[1] Kroll.com, *2025 Cyber Threat Landscape Report: Cybercrime in the Crypto Era*, August 22, 2025, available at:
https://www.kroll.com/en/reports/cyber/threat-intelligence-reports/threat-landscape-report-lens-on-crypto

[2] *Id.* ("[P]hishing continued to take the lead in initial access methods.").

Hon. Jeannette A. Vargas, U.S.D.J.
September 15, 2025

And the risks extend beyond digital intrusion. If hackers are able to identify Binance personnel, whether through public records, surveillance, or other means, they may attempt to exploit them through coercion or violence. The risks are magnified in countries where justice systems and privacy protections are weaker. In those environments, disclosure of personal identifying information can make individuals easy targets for harassment, financial fraud, or physical harm, with little meaningful recourse. Thus, exposing that information is a completely unnecessary security risk and a breach of their privacy.

Although BHL is working diligently to complete this multi-jurisdictional data privacy review, because of the scope of these consultations and the voluminous nature of the documents at issue, BHL is unable to propose a date certain at this time for completion of its data privacy review process. However, the data privacy issues present in these OFAC communications will undoubtedly overlap with the data privacy issues present in the non-communication documents previously produced to OFAC. Per the Court's Order, "[t]he parties shall jointly submit a proposed protocol and schedule for the production of the remaining [non-communication] OFAC documents by September 25, 2025" (ECF No. 137). We intend to meet and confer with Plaintiffs ahead of September 25 regarding those non-communication documents. BHL will attempt to identify any additional unanticipated challenges and the extent of foreign language documents prior to this meet-and-confer so that the protocol and schedule address these additional potential issues. Accordingly, to ensure that the treatment of data privacy issues is consistent across BHL's productions of OFAC documents, we hereby request that the Court permit BHL to also meet and confer with Plaintiffs regarding the OFAC communications, and include in the September 25 letter a proposed schedule for the production of those documents as well. Consolidation of production of both the OFAC communications and non-communications documents will permit BHL to fully consult with applicable experts for resolution of the privilege and data privacy concerns present in those documents.

**Summary of Proposed Extension Request**

Consistent with and for the reasons set forth above, BHL hereby respectfully requests that its deadlines to produce OFAC communications and attachments be modified to allow BHL to meet and confer with Plaintiffs regarding the identified foreign data privacy and/or privilege issues, as set forth above, and thereafter, the parties shall propose a protocol and schedule for their production, along with the previously ordered protocol and schedule for non-communication OFAC documents, in their September 25, 2025 letter.

We thank the Court for its attention and its consideration of this request. If the Court has any questions regarding this request, we stand ready to answer them.

Respectfully submitted,

/s/ Christopher N. LaVigne
Christopher N. LaVigne
Joseph Gallo

Withers Bergman LLP
*Counsel for Defendant Binance Holdings Limited*

cc: All attorneys via ECF