# EXHIBIT A

DRAFT

## PROTECTIVE ORDER ADDENDUM

### 1. Highly Confidential – Attorneys' Eyes Only Designation

Parties may designate as "Highly Confidential – Attorneys' Eyes Only" any Discovery Material bearing nonpublic information that any Party believes in good faith it is obligated to keep confidential pursuant to any country's laws or regulations. For avoidance of doubt, any Party that designates any Discovery Material in this manner need not follow the procedure set forth in paragraph 10 of the Protective Order. Also for avoidance of doubt, the Parties agree that the circumstances presented in this Addendum constitute the type of extraordinary circumstances contemplated in Paragraph 10 of the Protective Order.

### 2. Protections Are in Addition to Existing Protections

Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" shall receive all protections provided to material designated "Confidential" in addition to the further protections provided for in this addendum. For avoidance of doubt, Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" or "Confidential" shall not be used in any other litigation, investigation, regulatory inquiry, or proceeding, regardless of jurisdiction, in accordance with Paragraph 12 of the Protective Order.

Notwithstanding Paragraph 24 of the Protective Order, Discovery material designated "Highly Confidential – Attorneys' Eyes Only" shall be destroyed (and <u>not</u> archived) within thirty (30) days of the final disposition of this case, absent a Court order otherwise.

### 3. Limitations on Disclosure

Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" (or the information contained therein) may <u>only</u> be disclosed to: counsel retained specifically for this action and their agents (i.e., paralegals, e-discovery consultants and vendors) whose work requires access to or review of that Discovery Material; in-house legal counsel for any Party whose work requires access to or review of that Discovery Material; any Producing Party witness (including fact witnesses who are current or former employees of that Producing Party) who has been subpoenaed or otherwise called to testify at trial or deposition, but only where the Producing Party (or such Party's co-defendants, if a defendant; or co-plaintiffs, if a plaintiff, in this action) disclosed such Discovery Material and counsel reasonably determines in good faith that the witness's testimony requires access to or review of that Discovery Material; any person retained to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this addendum; stenographers and videographers engaged to transcribe or record depositions in this action; and this Court, including any appellate court.

DRAFT

4. **Information Security**

A Receiving Party shall maintain any Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" using sufficient and appropriate information security, cybersecurity and privacy controls, policies and procedures, including, at a minimum, ISO 27001 or equivalent standards, and measures to ensure that only the categories of persons entitled to see "Highly Confidential – Attorneys' Eyes Only" material have access to that material.

5. **Indemnification**

Each Receiving Party and its counsel of record in this action (collectively, the "Indemnifying Parties") that obtain access to Discovery Material designated as "Highly Confidential – Attorneys' Eyes Only" under this Addendum agree to indemnify, defend, and hold harmless—with joint and several liability—the Producing Party, its affiliates, officers, directors, employees, and agents (including any individual whose information is contained within the Discovery Material) from and against any and all losses, damages, liabilities, penalties, claims, costs, and expenses (including reasonable attorneys' fees) arising out of or relating to (i) any legal proceedings to which the Producing Party is subject based on the disclosure demanded by any Requesting Party, or (ii) any unauthorized disclosure, dissemination, or other misuse of such Discovery Material by the Indemnifying Parties, their experts, consultants, vendors, or any other person to whom they provide access in accordance with this Addendum.

6. **Filing**

When filing publicly any document with Discovery Material designated "Highly Confidential – Attorneys' Eyes Only," the filing party <u>must</u> initially file it under seal, along with a letter motion to seal as required by Rule 10 of the Court's Individual Rules and Practices in Civil Cases.  The Producing Party shall propose redactions to the other Parties within three (3) business days consistent with this Addendum.  If the Parties agree on the proposed redactions, the redacted version of the document(s) shall be filed publicly.  If the Parties do not agree on the proposed redactions, they shall meet and confer pursuant to Rule 6.B.i of the Court's Individual Rules and Practices in Civil Cases.  Nothing herein alters the applicable standards for the Court's review and adjudication of motions to seal.

7. **Redactions**

*Sensitive or Personal Information.*  To the extent that a Producing Party believes in good faith redactions are necessary pursuant to obligations arising under any country's laws or regulations regarding sensitive or personal information of customers, employees and third parties, including, *e.g.*, phone numbers, physical locations, written signatures, likenesses and photographs, customer names and identification documents (such as passports, IDs), financial account information, family information, political opinions and affiliations, religious and philosophical beliefs, sexual habits or orientation, genetic data, health information or records, or trade union membership, the Producing Party may redact such information from Discovery Material before it is produced.

DRAFT

*Phone Numbers.*  Without limiting the foregoing, a Producing Party may redact from Discovery Material before it is produced the digits of phone numbers.

8. **Objections and Requests for Information Regarding "Highly Confidential – Attorneys' Eyes Only" Documents**

Any Party who objects to any "Highly Confidential – Attorneys' Eyes Only" designation or redaction, or seeks further information concerning redactions in the documents, at any time prior to the trial of this action shall serve upon counsel for the Producing Party a written notice seeking the removal of the designation or requesting further information concerning redactions.

The Producing Party or its counsel shall thereafter, within seven (7) business days, respond to such challenge in writing by either: (i) agreeing to remove the designation or redaction; or (ii) stating the reasons for such designation or redaction and providing their availability to meet and confer within seven (7) business days.  The Parties shall attempt to resolve each challenge in good faith by conferring directly and promptly.  Notwithstanding this presumptive seven (7) business day deadline, should the challenging Party raise objections or seek information concerning a voluminous number of documents such that a response within seven days is not practicable, the Parties shall promptly meet and confer regarding an appropriate timeline for responses.

If the Parties cannot resolve a challenge without court intervention, counsel for all Parties shall address their dispute to the Court in accordance with Rule 6 of this Court's Individual Rules and Practices in Civil Cases.  The Court retains the authority and discretion to determine whether to afford "Highly Confidential – Attorneys' Eyes Only" treatment to any Discovery Material so designated and whether to remove redactions.

The burden of production and persuasion in any such challenge proceeding shall be and remain on the Producing Party.  While a challenge is pending, all Parties shall continue to afford the Discovery Material in question the level of protection to which it is entitled under the Producing Party's designation until the Court orders otherwise.

DRAFT

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOCELYN TROELL, et al.,<br><br>                                                Plaintiffs,<br><br>         vs.<br><br>BINANCE HOLDINGS LIMITED, et al.,<br>                                                Defendants. | Civil Action Case No.<br>24 Civ. 07136 (JAV)<br><br>**NON-DISCLOSURE**<br>**AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order and the Addendum in the above-captioned action governing the non-disclosure of Discovery Material that has been designated as Confidential or Highly Confidential – Attorneys' Eyes Only.  I agree that I will not disclose such Confidential Discovery Material or Highly Confidential Discovery Material to anyone other than for purposes of this litigation in accordance with the provisions under the Protective Order and Addendum, and that at the conclusion of the litigation I will return any such Discovery Material to the Party or attorney from whom I received it or confirm to that Party or attorney that such information has been destroyed in accordance with the Protective Order and Addendum.

I further agree not to disclose any "Highly Confidential – Attorneys' Eyes Only" information except to the persons identified in the Limitations on Disclosure section in the Addendum.

By acknowledging these obligations under the Protective Order and Addendum, I understand that I am submitting myself to the jurisdiction of this Court for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order or Addendum could subject me to punishment for contempt of Court, monetary sanctions, evidentiary sanctions, or other relief deemed appropriate by the Court.

Dated: _____                              _____