# EXHIBIT C

DRAFT

## PROTECTIVE ORDER ADDENDUM

1. **Highly Confidential – Attorneys' Eyes Only Designation**

Parties may designate as "Highly Confidential – Attorneys' Eyes Only" any Discovery Material bearing nonpublic information that any Party believes in good faith it is obligated to keep confidential pursuant to any country's laws or regulations. For avoidance of doubt, any Party that designates any Discovery Material in this manner need not follow the procedure set forth in paragraph 10 of the Protective Order.

2. **Protections Are in Addition to Existing Protections**

Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" shall receive all protections provided to material designated "Confidential" in addition to the further protections provided for in this addendum, including, but not limited to, the protections in Paragraph 12 of the Protective Order limiting use in other matters or other uses, and the process for destruction provided for in Paragraph 24 of the Protective Order.

3. **Limitations on Disclosure**

Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" (or the information contained therein) may only be disclosed to: counsel retained specifically for this action and their agents (i.e., paralegals, e-discovery consultants and vendors) whose work requires access to or review of that Discovery Material; in-house legal counsel for any Party whose work requires access to or review of that Discovery Material; any Producing Party witness (including fact witnesses who are current or former employees of that Producing Party) who has been subpoenaed or otherwise called to testify at trial or deposition, but only where the Producing Party (or such Party's co-defendants, if a defendant; or co-plaintiffs, if a plaintiff, in this action) disclosed such Discovery Material and counsel reasonably determines in good faith that the witness's testimony requires access to or review of that Discovery Material; any person retained to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this addendum; stenographers and videographers engaged to transcribe or record depositions in this action; and this Court, including any appellate court.

4. **Information Security**

A Receiving Party shall maintain any Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" using sufficient, appropriate, and commercially reasonable information security, cybersecurity and privacy controls, policies and procedures to ensure that only the categories of persons entitled to see "Highly Confidential – Attorneys' Eyes Only" material have access to that material.

DRAFT

### 5. Filing

A Party filing any Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" with the Court (the "Filing Party") shall do so <u>under seal in full</u> in the first instance, and shall simultaneously file a letter-motion with the Court requesting that such material remain under seal pending a filing within three (3) business days by the Producing Party.

Within three (3) business days of such filing, the Producing Party shall file a letter-motion with the Court justifying the continued sealing and/or proposing redactions of any designated "Highly Confidential – Attorneys' Eyes Only" Discovery Material, or withdrawing the designation. Upon a ruling from the Court ordering public filing in part or in full, the Filing Party shall re-file its initial filing pursuant to the Court's order. If the Producing Party withdraws the designation, the Filing Party shall re-file its initial filing publicly.

### 6. Redactions

*Sensitive Information.* To the extent that a Producing Party believes in good faith redactions are necessary pursuant to confidentiality obligations arising under any country's laws or regulations regarding information concerning political opinions and affiliations, religious and philosophical beliefs, sexual habits or orientation, genetic data, health information or records, or trade union membership, the Producing Party may redact such information from Discovery Material before it is produced.

Other employee, customer, or third-party identification information (such as names, email addresses, physical locations, account information, or other customer identification information relevant to Know Your Customer rules) may be designated "Highly Confidential – Attorneys' Eyes Only," but shall not be redacted.

*Phone Numbers.* To aid speed of production, a Producing Party may redact from Discovery Material before it is produced employee phone numbers <u>in full</u>.

Upon request for only partial redaction of employee phone numbers for any document, the Producing Party shall provide another version redacting only the middle digits of employee phone numbers where that party believes in good faith it is required to keep phone numbers confidential pursuant to any country's laws or regulations. The partially redacted version must show, at minimum, the country code (if visible), area code, and the final four digits of the phone number. For example, the phone number +1-555-555-5555 may permissibly be redacted to read +1-555-[REDACTION]-5555.

*Redaction Log.* Within seven calendar days of a production containing Discovery Material that contains redactions pursuant to the terms of this Addendum, the Producing Party shall submit a detailed log containing the following information on a document-by-document basis: (i) a description of each redaction in each document containing redactions; (ii) an explanation of the grounds for that redaction, including substantiating the subject-matter category of the redacted material; (iii) the specific provision of the foreign law or regulation

DRAFT

necessitating the redaction; and (iv) the Producing Party's basis for applying that foreign law or regulation to redact information.

If an employee's phone number is redacted and the chat name is not that employee's full name (for example, a nickname or only a first name), in addition to logging the information noted in the preceding paragraph, the Producing Party shall include in the log for that document the employee's first and last name along with their chat name.

7. **Objections and Requests for Information Regarding "Highly Confidential – Attorneys' Eyes Only" Documents**

Any Party who objects to any "Highly Confidential – Attorneys' Eyes Only" designation or redaction, or seeks further information concerning redactions in the documents, at any time prior to the trial of this action shall serve upon counsel for the Producing Party a written notice seeking the removal of the designation or requesting further information concerning redactions.

The Producing Party or its counsel shall thereafter, within seven (7) business days, respond to such challenge in writing by either: (i) agreeing to remove the designation or redaction; or (ii) stating the reasons for such designation or redaction and providing their availability to meet and confer within seven (7) business days. The Parties shall attempt to resolve each challenge in good faith by conferring directly and promptly. Notwithstanding this presumptive seven (7) business day deadline, should the challenging Party raise objections or seek information concerning a voluminous number of documents such that a response within seven days is not practicable, the Parties shall promptly meet and confer regarding an appropriate timeline for responses.

If the Parties cannot resolve a challenge without court intervention, counsel for all Parties shall address their dispute to the Court in accordance with Rule 6 of this Court's Individual Rules and Practices in Civil Cases. The Court retains the authority and discretion to determine whether to afford "Highly Confidential – Attorneys' Eyes Only" treatment to any Discovery Material so designated and whether to remove redactions.

The burden of production and persuasion in any such challenge proceeding shall be and remain on the Producing Party. While a challenge is pending, all Parties shall continue to afford the Discovery Material in question the level of protection to which it is entitled under the Producing Party's designation until the Court orders otherwise.

DRAFT

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOCELYN TROELL, et al.,<br><br>                                    Plaintiffs,<br><br>         vs.<br><br>BINANCE HOLDINGS LIMITED, et al.,<br><br>                                    Defendants. | Civil Action Case No.<br>24 Civ. 07136 (JAV)<br><br>**NON-DISCLOSURE**<br>**AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order and the Addendum in the above-captioned action governing the non-disclosure of Discovery Material that has been designated as Confidential or Highly Confidential – Attorneys' Eyes Only.  I agree that I will not disclose such Confidential Discovery Material or Highly Confidential Discovery Material to anyone other than for purposes of this litigation in accordance with the provisions under the Protective Order and Addendum, and that at the conclusion of the litigation I will return any such Discovery Material to the Party or attorney from whom I received it or confirm to that Party or attorney that such information has been destroyed in accordance with the Protective Order and Addendum.

I further agree not to disclose any "Highly Confidential – Attorneys' Eyes Only" information except to the persons identified in the Limitations on Disclosure section in the Addendum.

By acknowledging these obligations under the Protective Order and Addendum, I understand that I am submitting myself to the jurisdiction of this Court for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order or Addendum could subject me to punishment for contempt of Court, or other relief deemed appropriate by the Court.

Dated: _____          _____