**Withers Bergman** LLP

430 Park Avenue, 10th Floor, New York, New York 10022-3505
t: +1 212 848 9800
f: +1 212 848 9888
www.withersworldwide.com

January 21, 2026

**VIA ECF**

Hon. Jeannette A. Vargas, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 703
New York, NY 10007

      RE:    *Troell et al. v. Binance Holdings Ltd. et al.*, No. 1:24-cv-07136 (S.D.N.Y.)

Dear Judge Vargas:

Plaintiffs' January 20, 2026 Letter to the Court (the "Letter") is an improper attempt to deprive Binance Holdings Limited ("BHL"), Changpeng Zhao, and BAM Trading Services Inc. (collectively, "Defendants") of their right to fully brief their motions, and to distract the Court from these motions with a baseless demand that the Court amend its standing order regarding Defendants' unrelated document production. The Court should reject Plaintiffs' gamesmanship, deny Plaintiffs' request to amend the document production order, and order the parties to brief BHL's motion to compel (the "Motion to Compel") and Defendants' motion to stay the Court's selection of bellwether attacks (the "Motion to Stay") pursuant to Defendants' proposed schedule.

**The Motion to Compel Requires Complete Briefing**

During the December 15, 2025 hearing, the Court told BHL it could move to compel Plaintiffs' blockchain analysis, and BHL has done so. Plaintiffs do not argue that the Motion to Compel is procedurally barred but instead argue that the motion should be limited to eight single-spaced pages with no opportunity for reply, under Rule 6 of the Court's Individual Rules ("Rule 6"). (Letter at 3-4.) Plaintiffs are wrong for the reasons set forth in Defendants' January 16, 2026, letter to the Court, (Dkt. 172 ("January 16 Letter") at 1-2), including that Rule 6 modifies Local Rule 37.2, which governs requests for informal conferences with the Court prior to filing a more complete motion. Here, the parties have already had several discovery conferences with the Court regarding this issue. The Court agreed that the issue was "informally teed up" (Dec. Tr. 27:7), and ordered briefing on this Motion to Compel. (*Id.* at 26:12-14; 26:25-27:1.) Moreover, as this Court recognized, the Motion to Compel must cover a number of issues and defenses that require full briefing consistent with Rule 7.1 of the Local Rules of United States District Courts for the Southern and Eastern Districts of New York and Rule 5 of the Court's Individual Rules. Indeed, Plaintiffs have acknowledged the numerous issues and "host of objections" and "briefing about work product" that this motion must cover. (Aug. Tr. 66:7-8.)

Plaintiffs' argument that Rule 6 applies is also belied by their own assertion that they should have more pages and a higher word count than those permitted in Rule 6. Given the importance of the Motion to

direct: +1 212 848 9882
fax: +1 212 824 4282
e-mail: christopher.lavigne@withersworldwide.com
admitted in New York

Withersworldwide
London  Cambridge  Geneva  Milan  Padua  Sydney
Hong Kong  Singapore  Tokyo  British Virgin Islands
New York  Greenwich  New Haven  San Francisco
Los Angeles  Rancho Santa Fe  San Diego

Compel—including whether Plaintiffs have misled the Court in relying on and describing their analysis—full briefing (including, importantly, a reply) is warranted here. (*See* January 16 Letter at 2.) Defendants' proposed briefing is reasonable—it gives Plaintiffs two more days for their opposition than they would have under the default schedule for motions under the Local Rules and ensures that the Motion to Compel is fully briefed before the next scheduled Court conference on February 18.

### The Motion to Stay Is Proper

Defendants' Motion to Stay formally requests the Court to stay a process with which Defendants have complied. Contrary to Plaintiffs' Letter, the motion does not seek reconsideration of any prior Court order. Rather, it sets forth why the Court's selection of bellwether attacks will be more efficient and timely after decisions are rendered on Defendants' Motions to Dismiss and BHL's Motion to Compel. Tellingly, Plaintiffs do not identify what Court order Defendants are supposedly seeking reconsideration of. The only order with respect to that process was the Court's December 15, 2026 Order (Dkt. 168 (the "Order")) requiring the parties to submit six proposed bellwether attacks for the Court's consideration; Defendants fully complied with that Order. Like the Motion to Compel, while the parties have "informally" raised various issues with the bellwether selection process and timing, Defendants have not formally moved to the stay the bellwether selection process and the Court has not issued a formal order regarding the arguments raised in the Motion to Stay.

Defendants, as a courtesy, met and conferred with Plaintiffs over a briefing schedule for the Motion to Stay, which Plaintiffs acknowledged is not a discovery motion and would be subject to the default briefing schedule under the Local Rules. Plaintiffs also engaged with Defendants on the substance of the Motion to Stay, agreeing that if the Court grants the pending Motions to Dismiss in whole or in part, some or all of the bellwether selection process will be mooted. Yet, instead of either agreeing to stay the bellwether process or agreeing to a briefing schedule, Plaintiffs now seek to prevent Defendants from making the Motion to Stay at all. (Letter at 3.) Plaintiffs' position again highlights their gamesmanship. The Court should require Plaintiffs to respond to the Motion to Stay under Defendants' proposed schedule, which is based on the timing and form and length requirements of Local Rule 7.1 and Rule 5.[1]

### Plaintiffs' Request to Amend the December 15 Order Is Improper

Plaintiffs' Letter also demands that BHL make rolling productions and immediately advise Plaintiffs when those productions will begin. The December 15 Order does not require this, and instead orders Defendants "to produce the OFAC, DOJ, and FinCEN productions (as described in the parties' joint status letter, ECF No. 136 at 5), pursuant to the Protective Order Addendum, ECF No. 167, by **March 27, 2026**" and sets two subsequent dates for production of redaction logs. (Dkt. 168 (emphasis in original).)

As BHL informed Plaintiffs, it is reviewing and redacting documents in compliance with the Court's Order. As predicted (*see* Dec. Tr. 8:5-9:10), this is a massive and time-consuming endeavor. There is no merit to Plaintiffs' allegations of "sandbagging"; having sought excessive quantities of documents from BHL, Plaintiffs cannot complain now about the size of production.

---

[1] Plaintiffs use their letter to offer an improper reply on Defendants' bellwether selections. That alone warrants disregarding their argument. In any event, their criticism is unfounded: the issue of primary liability is squarely presented in the case and must be addressed in the bellwether process. Defendants selected representative attacks based on the information available, consistent with the Court's instructions.

Plaintiffs' mischaracterization of the Motion to Stay as a request for reconsideration is made all the more absurd in light of Plaintiffs' blatant request for the Court to rewrite the December 15 Order with respect to the document production.

The Court should reject Plaintiffs requests and order the parties to complete briefing in accordance with Defendants January 16 letter.

Respectfully submitted,

| */s/ Joanna F. Wasick* | */s/ Christopher N. LaVigne* | */s/ Thania Charmani* |
|---|---|---|
| Joanna F. Wasick | Christopher N. LaVigne | Thania Charmani |
| Teresa Goody Guillén | Joseph Gallo | Daniel T. Stabile |
| Marco Molina | Alexander Haden | Winston and Strawn LLP |
| Baker Hostetler LLP | Withers Bergman LLP | *Counsel for Defendant BAM Trading Services Inc.* |
| *Counsel for Defendant Changpeng Zhao* | *Counsel for Defendant Binance Holdings Limited* | |

cc: All attorneys via ECF

3.