UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                   :

JOCELYN TROELL, individually, and for the estate of   :
STEPHEN TROELL, et al.,                    :

                                   :

                 Plaintiffs,         :             24-CV-07136 (JAV)

                                   :

          -v-                      :               ORDER

                                   :

BINANCE HOLDINGS LIMITED d/b/a BINANCE and  :
BINANCE.com, and CHANGPENG ZHAO.       :

                                   :

               Defendants.       :

                                   X

------------------------------------------------------------------------

JEANNETTE A. VARGAS, United States District Judge:

Defendant BAM's request for permission to seal (ECF Nos. 191, 197) certain nonpublic sensitive information referenced in Plaintiffs' Letter Response in Opposition to the Motion to Stay Discovery (ECF No. 192), as well as Exhibit 1 to that letter (ECF No. 192-1) is **GRANTED**.

The presumptive right of the public to access judicial documents is firmly entrenched in both the common law and the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (citations omitted). Under the common law inquiry, courts apply a three-part test to determine if sealing is appropriate. First, courts must determine whether the records at issue are judicial documents, that is, is "the item filed . . . relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (citation omitted). Second, if the records are judicial documents, courts assess the weight to be given to the presumption of judicial access, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (citation omitted). Third, courts balance the presumption of judicial access against "competing considerations against it," such as privacy interests or the confidentiality of business records. *Id.* at 120 (citation omitted).

To determine whether the First Amendment presumption of access applies, the Second Circuit applies an "experience and logic" approach, which "requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'" *Id.* (citation omitted). "The courts that have undertaken this type of inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness." *Id.* (citation omitted). Where the presumptive First Amendment right of access applies, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (cleaned up).

Yet the Second Circuit has held that "the presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (citation omitted). Accordingly, "while a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*

The motion to seal appropriately seeks to protect the substantial personal privacy interests of third parties. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *see Fairstein v. Netflix, Inc.*, No. 20-CV-8042 (PKC), 2023 WL 6164293, at *2 (S.D.N.Y. Sept. 21, 2023) ("The privacy interests of third parties should weigh heavily in a court's balancing equation.") (cleaned up). Additionally, the documents at issue contain confidential business information. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (internal quotation marks omitted). The Court finds that, in this instance, the "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access." *Id.*

The Clerk of Court is directed to terminate ECF No. 191.

SO ORDERED.

Dated: March 6, 2026
      New York, New York
                                      JEANNETTE A. VARGAS
                                      United States District Judge