HOLWELL SHUSTER & GOLDBERG LLP

*425 Lexington Avenue*
*New York, New York 10017*
*Tel:  (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

June 11, 2026

**VIA ECF**

The Honorable Jeannette A. Vargas
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 703
New York, New York 10007-1312

    Re:    Plaintiffs' Letter Motion to Extend Deadline to File Amended Complaint, *Troell et al. v. Binance Holdings Ltd. et al.*, No.1:24-cv-07136 (JAV)

Dear Judge Vargas,

Pursuant to Local Civil Rule 7.1(e) and Your Honor's Individual Rule 3(E), Plaintiffs respectfully request this Court further extend the deadline to file a Second Amended Complaint ("SAC") from July 6, 2026 to after the district court rules on the fully briefed motion to dismiss currently pending in *Raanan v. Binance Holdings Ltd.*, 24-cv-697 (S.D.N.Y.) (JGK), a case involving substantially similar parties and issues as this case.  This is Plaintiffs' second request to extend the time to file the SAC.  Defendants oppose for the reasons set forth below.

The *Raanan* suit was commenced nearly a year before the instant action.  The *Raanan* plaintiffs sued Binance and Changpeng Zhao under the Anti-Terrorism Act for substantially assisting Hamas, PIJ, and other terrorist organizations, including in connection with the October 7 attacks.  *See* Dkt. No. 17.  Due to its more advanced procedural posture, *Raanan* is likely to have a ruling on the application of the Second Circuit's decision in *Ashley* to the pleadings before this Court could issue a decision on whether to dismiss Plaintiffs' forthcoming amended complaint, even under the July 6 deadline.  In *Raanan*, the court denied in part a motion to dismiss in February 2025 and ordered the parties to engage in jurisdictional discovery.  *See* Dkt. No. 53.  In April, as defendants Binance and Changpeng Zhao were facing down a major production deadline, they sought to renew their motions to dismiss in light of *Ashley* and this Court's decision in the instant matter.  On April 28, 2026, Judge Koeltl permitted the defendants to file a renewed motion to dismiss and ordered an expedited briefing schedule, which concluded when defendants filed their reply brief on May 29, 2026.  *See* Dkt. Nos. 109, 114, 128, 130.

Given these circumstances, "[c]onsiderations of judicial economy and efficiency weigh" in favor of deferring proceedings in this case until Judge Koeltl issues his ruling on the renewed motion to dismiss in *Raanan*.  *Finn v. Barney*, 2008 WL 5215699, at *3 (S.D.N.Y. Dec. 8, 2008).

A stay pending resolution of other "proceedings which bear upon the case" will "best serve the interests of the courts by promoting judicial efficiency and minimizing the possibility of conflicts between different courts." *Catskill Mountains Chapter of Trout Unlimited, Inc. v. E.P.A.*, 630 F. Supp. 2d 295, 304–05 (S.D.N.Y. 2009) (citations and alterations omitted) (granting stay). Temporarily pausing this case will allow the parties and the Court to avoid a substantial and unnecessary resource drain.  Absent an extension, a decision in the parallel case would inevitably result in supplemental briefing and motion practice, and possibly even further need to amend.

Moreover, given the overlap in the issues and parties, awaiting "resolution of [the *Raanan* pleading] may guide this Court in ruling on the key issues in this litigation." *Catskill Mountains*, 630 F. Supp. 2d at 304–05 (citation and alterations omitted); *see also In re Literary Works in Elec. Databases Copyright Litig.*, 2001 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2001) ("Where it is efficient for a trial court's docket and the fairest course for the parties, a stay may be proper even when the issues in the independent proceeding are not necessarily controlling of the action before the court.").  Indeed, this Court's prior order recognized the potential relevance of *Raanan*.  *See* Opinion and Order at 53, Dkt. 206.

In contrast to the benefits of a stay, there are no legitimate countervailing concerns of prejudice.  Typically, the prejudice analysis is animated by a "concern for a *plaintiff's* right to proceed with [its] case." *Readick v. Avis Budget Grp., Inc.*, 2014 WL 1683799, at *3 (S.D.N.Y. Apr. 28, 2014) (emphasis added).  No such concerns are present here, as Plaintiffs are seeking the extension.  *See id.*  Nor will Binance be prejudiced by an extension in this case, which is still "in its very early stages of preparation," especially since the "relevant evidence is already being preserved" in the parallel action and there is little to no risk of staleness.  *UnitedHealthcare Ins. Co. v. Regeneron Pharms., Inc.*, 2021 WL 6137097, at *3 (S.D.N.Y. Dec. 29, 2021) (citation omitted).  To the contrary, the requested extension "spare[s]" Binance "the cost of defending duplicative litigation" at the same time.  *Readick*, 2014 WL 1683799, at *2.

Tellingly, in correspondence regarding Plaintiffs' requested relief, Defendants' counsel did not cite prejudice as a reason for opposing the extension.  Defendants' purported bases for their opposition are: "the four-month period that plaintiffs have already obtained in this case to amend their complaint is more than sufficient, the court has already considered the relevant case law, and there is no reason to delay the deadline for a second amended complaint any further." Defendants' objections are misleading and inaccurate.  Plaintiffs obtained an additional 60 days to file the SAC, not four months.  And this Court could not have considered the relevant case law because it is forthcoming—namely, Judge Koeltl's application of *Ashley* to the *Raanan* plaintiffs' claims and ruling on the renewed motion to dismiss.

For the foregoing reasons, Plaintiffs request that the Court extend the deadline to file the SAC to 60 days after issuance of the district court ruling on the motion to dismiss in *Raanan.*

[*Signature Page Follows*]

Respectfully submitted,

**HOLWELL SHUSTER & GOLDBERG LLP**

/s/ *Vincent Levy*
Vincent Levy
Jack L. Millman
Madison Gardiner
425 Lexington Avenue
New York, NY 10017
(646) 837-5151
vlevy@hsgllp.com
jmillman@hsgllp.com
mgardiner@hsgllp.com

**SPARACINO PLLC**

Tejinder Singh
1920 L Street, NW, Suite 835
Washington, DC 20036
(202) 629-3530
 tejinder.singh@sparacinopllc.com

cc: All counsel of record (via ECF)

*Attorneys for Plaintiffs*

3