June 15, 2026

**VIA ECF**

The Honorable Jeannette A. Vargas
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 703
New York, New York 10007-1312

**Re:    Defendants' Response in Opposition to Plaintiffs' Letter Motion to Extend Deadline to File Amended Complaint,** *Troell et al. v. Binance Holdings Ltd. et al.*, **No. 1:24-cv-07136 (JAV)**

Dear Judge Vargas,

Defendants BAM Trading Services Inc. ("BAM"), Binance Holdings Limited ("BHL"), and Changpeng Zhao (collectively, "Defendants") respectfully submit this letter opposing Plaintiffs' Letter Motion to Extend Deadline to File Amended Complaint (ECF No. 227, the "Letter") "to 60 days" after the resolution of a pending motion to dismiss in *Raanan v. Binance Holdings Ltd.*, No. 24-cv-697 (JGK) (S.D.N.Y.). Plaintiffs have not demonstrated good cause to grant their motion, and the open-ended delay they seek would significantly prejudice Defendants.

As a threshold matter, although styled as a request to "extend" the deadline to file a Second Amended Complaint, Plaintiffs in substance seek an open-ended stay of this action pending resolution of the renewed motion to dismiss in *Raanan*. (Letter at 2 (invoking a "stay pending resolution" of the *Raanan* motion).) "Stays of indefinite duration are generally disfavored." *Fleet Connect Solutions LLC v. Forward Thinking Sys. LLC*, 818 F. Supp. 3d 350, 352 (E.D.N.Y. 2026) (cleaned up, citation omitted).

There is particular reason for denying this one. *Raanan* has been pending since before Plaintiffs filed their original complaint, and the Court already fully considered *Raanan* in its detailed Opinion and Order (ECF No. 206, the "Order") dismissing the First Amended Complaint. The Court found that Judge Koeltl's decision not to dismiss the JASTA aiding-and-abetting claims was not persuasive here because it was rendered before the Second Circuit's decision in *Ashley*. And Judge Koeltl has now agreed to reconsider the initial decision in *Raanan* in light of *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280 (2025), *Ashley v. Deutsche Bank Aktiengesellschaft*, 144 F.4th 420 (2d Cir. 2025), and *Troell v. Binance Holdings Ltd.*, 2026 WL 636849 (S.D.N.Y. Mar. 6, 2026). (*See Raanan*, ECF 102, 109.)

The Court set out in detail the insufficiency of Plaintiffs' allegations and why they fail to establish the concrete nexus or culpable conduct required under *Smith & Wesson* and *Ashley*. (Order at 40-54.) Accordingly, Plaintiffs understand what they must attempt to plead to overcome the defects in their First Amended Complaint; their ability to do so has nothing to do with the outcome of the renewed motion to dismiss in *Raanan*.

Plaintiffs offer no other basis to depart from the Court's scheduling order, (ECF No. 216).

*First*, Plaintiffs do not carry their burden of demonstrating good cause for an extension or the need for a stay. *See Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012) ("The burden of demonstrating good cause [for altering a scheduling order] rests with the movant."); *Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 68 (S.D.N.Y. 2023) ("To be sure, the movant bears the burden of establishing its need for such a stay." (internal quotations omitted)). This case has been pending since September 2024 (ECF No. 1), and Plaintiffs have already been afforded a courtesy 60-day extension, beyond the original 60 days the Court gave them, to amend their pleading (ECF Nos. 206, 216). This cumulative 120-day period gives Plaintiffs ample time to amend, and the Court's detailed Order gives them the guidance to do so. The deficiencies identified by the Court are not legal uncertainties awaiting clarification elsewhere. The Court has identified *factual* gaps in the First Amended Complaint, including the absence of allegations establishing a nexus between Defendants' conduct and specific attacks. No ruling in *Raanan* will supply those missing facts. Plaintiffs' request is therefore nothing more than an effort to delay their pleading obligations in the hope that a decision in another case will furnish arguments they presently lack. *Cf. Misas v. N.-Shore Long Island Jewish Health Sys.*, 2016 WL 4082718, at *5 (S.D.N.Y. July 25, 2016) ("'Good cause' means that despite the moving party's diligence the schedule cannot be reasonably met.").

Plaintiffs' reliance on *Raanan* is also irreconcilable with their own prior conduct. Indeed, although *Raanan* has been pending since before this action was filed, Plaintiffs have never previously suggested that *Raanan* warranted delaying this case.[1] Their sudden invocation of *Raanan* now underscores what is apparent from the Letter itself: Plaintiffs seek to pause this case only so they can capitalize on a potentially favorable development elsewhere. That sort of tactical repositioning is not a legitimate basis to disregard the Court's scheduling order premised on an agreed schedule between the parties. After invoking this Court's jurisdiction, Plaintiffs should not be permitted to suspend their filing obligations to await a ruling in another action in hopes of a more favorable application of the law.

Nor is Plaintiffs' premise sound because the outcome of the renewed motion to dismiss in *Raanan* will not affect this case. Plaintiffs assert that this Court has recognized the "potential relevance" of *Raanan* (Letter at 2), but that misstates the record. The Court expressly considered *Raanan* and explained that it predated the Second Circuit's decision in *Ashley v. Deutsche Bank Aktiengesellschaft*, concluding that binding Second Circuit authority—not *Raanan*—governs the

---

[1] The *Raanan* motion to dismiss was pending until February 2025, months after Plaintiffs filed their initial complaint in September 2024 (ECF No. 1), their first amended complaint in December 2024 (ECF No. 27), and when they agreed on briefing in this matter on multiple occasions (ECF Nos. 42, 53, 55, 101). *See Raanan v. Binance Holdings Ltd.*, No. 24-CV-697 (JGK), 2025 WL 605594 (S.D.N.Y. Feb. 25, 2025). Further, a motion for reconsideration in *Raanan* was filed on March 11, 2025, (No. 24-CV-697 (JGK), ECF No. 57), and Defendants sought an interlocutory appeal on March 14, 2025. (*Id.* ECF No. 61.) At no point did Plaintiffs contend that those proceedings warranted a stay here.

analysis. (Order at 53.) That conclusion applies with equal force now. Plaintiffs' suggestion that the Court should await *Raanan*'s application of *Ashley* thus provides no basis for delay.

Plaintiffs are likewise incorrect to suggest that denying their request will lead to inefficiency or duplicative proceedings. (Letter at 2.) Plaintiffs have not demonstrated how or why the possible outcomes of the renewed motion to dismiss in *Raanan* will impact this Court's prior Order or any further motion practice in this case. Any eventual ruling in *Raanan* will not resolve Plaintiffs' claims here. If Judge Koeltl upholds his prior decision, it will not alter the Court's prior consideration of that decision (Order at 53); the same is true if Judge Koeltl dismisses the remaining cause of action in *Raanan* in light of *Ashley* and *Smith & Wesson*. At most, a further decision in *Raanan* could prompt limited supplemental submissions, a circumstance the Court has already handled efficiently in this matter. (*See* ECF Nos. 72, 83, 147, 148.) That possibility does not justify halting the litigation altogether, let alone on an indefinite basis.

*Second*, further delay would prejudice Defendants. *See GlobalRock Networks, Inc. v. MCI Commc'ns Servs., Inc.*, 2012 WL 13028651, at *5 (N.D.N.Y. July 31, 2012) (citing *Schipani v. McLeod*, 541 F.3d 158, 164 (2d Cir. 2008)) ("an amendment of the scheduling order should not be granted if it causes prejudice to the other party"); *Rankine*, 674 F. Supp. 3d at 68 ("To determining whether to issue a stay, . . . the basic goal is to avoid prejudice.").[2] This action has already been pending for nearly two years, and extending it indefinitely would prolong resolution and increase costs. The issues involved in this matter have also caused significant reputational harm, including uncertainty affecting business relationships and planning—even though Plaintiffs have not come close to showing that Defendants intended, coordinated, or knowingly provided any support for terrorist acts. *See, e.g.*, *S.E.C. v. Jones*, 2005 WL 2837462, at *2 (S.D.N.Y. Oct. 28, 2005) (denying stay request where case involved called into question the defendants' reputation and credibility). The prejudice is particularly acute for BAM, which is not even a party to *Raanan* and therefore stands to gain nothing from Plaintiffs' requested delay. Plaintiffs' attempt to invoke purported burdens on BHL is misplaced and cannot justify imposing additional delay on separate defendants. Defendants should not be forced to endure the burdens of an indefinite public lawsuit while Plaintiffs decide whether and how to file another complaint.

For all of these reasons, Plaintiffs have failed to demonstrate good cause, and their request is transparent gamesmanship. Stripped of rhetoric, they seek to wait, observe how another court rules, and then revise their pleading accordingly. That is an attempt to secure a strategic advantage that the Federal Rules do not permit, and the Court should require Plaintiffs to file their Second Amended Complaint in accordance with the existing deadline.

[SIGNATURES ON NEXT PAGE]

---

[2] Even if there was no prejudice to Defendants, as Plaintiffs contend, "[t]he absence of prejudice to the non-movant in and of itself . . . is insufficient to satisfy" the standard for granting an extension. *Ritchie Risk-Linked Strategies (Ir.), Ltd.*, 282 F.R.D. at 79 n.2.

Respectfully submitted,

| | | |
|---|---|---|
| */s/ Thania Charmani* | */s/ Christopher LaVigne* | */s/ Joanna Wasick* |
| Thania Charmani | Christopher LaVigne | Joanna Wasick |
| | | |
| *Counsel for BAM Trading Services, Inc.* | *Counsel for Binance Holdings Limited* | *Counsel for Changpeng Zhao* |

4